JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Glenda Johnson
Steven Lucier

### DEFENDANTS
GlaxoSmithKline LLC

**(b)** County of Residence of First Listed Plaintiff: **out of state**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **out of state**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
The Lanier Law Firm, 126 East 56th Street, 6th Floor
New York, NY 10011; (212) 421-2800

Attorneys (If Known)
Reed Smith LLP, 2500 One Liberty Place, 1650 Market Street, Philadelphia, PA 19103 (215) 851-8100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1332, 1441, and 1446
Brief description of cause:
Product liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 09/14/2011
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

GLENDA JOHNSON and STEVEN LUCIER : CIVIL ACTION
:
v. :
:
GLAXOSMITHKLINE LLC : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)    (x)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| 9/14/11 | Michael T. Scott | GlaxoSmithKline LLC |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| (215) 851-8248 | (215) 851-1420 | mscott@reedsmith.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Glenda Johnson-Louisiana; Steven Lucier-Pennsylvania

Address of Defendant: GlaxoSmithKline Holdings (Americas), Inc., 1105 Market Street, Wilmington, DE 19801

Place of Accident, Incident or Transaction: Alleged injury to Glenda Johnson in Ripley, MS;
*(Use Reverse Side For Additional Space)*
Alleged injury to Steven Lucier in Philadelphia, PA

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Michael T. Scott, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 09/14/2011   _____ Attorney-at-Law   23882 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/14/2011   _____ Attorney-at-Law   23882 Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON and STEVEN LUCIER,<br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE;<br>GLAXOSMITHKLINE, LLC;<br>GLAXOSMITHKLINE HOLDINGS, LLC;<br>SANOFI-AVENTIS, U.S., LLC.;<br>AVANTOR PERFORMANCE MATERIALS;<br>GRÜNENTHAL GMBH ; and GRÜNENTHAL<br>U.S.A.<br>Defendants. | Case No. _____ |

DISCLOSURE STATEMENT FORM

Please check one box:

☐     The nongovernmental corporate party, _____
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☒     The nongovernmental corporate party, __Sanofi-Aventis U.S. LLC[1]__
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

<u>Sanofi, a French corporation that is publicly traded on the New York and Paris exchanges, directly or indirectly owns 100% of any class of the equity interests of Sanofi-Aventis U.S. LLC.</u>

---

[1] Sanofi-Aventis U.S. LLC was incorrectly designated as "Sanofi-Aventis, U.S., LLC" in the complaint.

Date:   September 14, 2011                               /s/ Kenneth A. Murphy

                                                Kenneth A. Murphy
                                                Drinker Biddle & Reath LLP
                                                One Logan Square
                                                Suite 2000
                                                Philadelphia, PA 19103
                                                Telephone:   205-988-2837
                                                Facsimile:    215 988-2757
                                                *Attorney for Sanofi-Aventis U.S. LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON and STEVEN LUCIER,<br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE;<br>GLAXOSMITHKLINE, LLC;<br>GLAXOSMITHKLINE HOLDINGS, LLC;<br>SANOFI-AVENTIS, U.S., L.L.C.;<br>AVANTOR PERFORMANCE MATERIALS;<br>GRÜNENTHAL GMBH ; and GRÜNENTHAL<br>U.S.A.<br>Defendants. | Case No. _____ |

## **CORPORATE DISCLOSURE STATEMENT OF DEFENDANTS GLAXOSMITHKLINE LLC AND GLAXOSMITHKLINE HOLDINGS ( AMERICAS) INC.**

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendants GlaxoSmithKline LLC, formerly known as SmithKline Beecham Corporation, d/b/a GlaxoSmithKline[1], and GlaxoSmithKline Holdings (Americas) Inc. (collectively, "GSK"), make the following disclosures:

> GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc. are each owned, through several layers of wholly-owned subsidiaries, by GlaxoSmithKline plc, a publicly-traded public limited company organized under the laws of England. To the knowledge of GlaxoSmithKline LLC, GlaxoSmithKline Holdings (Americas) Inc., and GlaxoSmithKline plc, none of the shareholders of GlaxoSmithKline plc beneficially owns ten percent or more of its outstanding shares. However, Bank of New York Mellon ("BNYM") acts as Depository in respect to Ordinary Share American Depositary Receipts ("ADRs") representing shares in GlaxoSmithKline plc. In that capacity, BNYM is the holder, but not the beneficial owner, of more than ten percent of the outstanding shares in

---

[1] Subsequent to the combination of Glaxo Wellcome plc and SmithKline Beecham p.l.c. (now known as SmithKline Beecham Limited) on December 27, 2000, SmithKline Beecham Corporation, a Pennsylvania corporation incorporated on June 29, 1929, made a fictitious name filing in the Commonwealth of Pennsylvania on January 16, 2001 to be known as GlaxoSmithKline. SmithKlineBeecham Corporation converted from a Pennsylvania corporation to a Delaware corporation and then subsequently converted to a limited liability company in Delaware changing its name to GlaxoSmithKline LLC with effect from October 27, 2009.

GlaxoSmithKline plc on behalf of the ADR owners who are the beneficial owners of these shares, none of whom to GlaxoSmithKline plc's knowledge own ten percent or more of its outstanding shares.

                                Respectfully submitted,

                                */s/ Michael T. Scott*

                                Michael T. Scott (PA Bar No. 23882)
                                Melissa A. Wojtylak (Pa Bar No. 78354)
                                REED SMITH LLP
                                2500 One Liberty Place
                                1650 Market Street
                                Philadelphia, Pennsylvania 19103
                                (215) 851-8100

                                *Attorneys for Defendants GlaxoSmithKline LLC, formerly known as SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and GlaxoSmithKline Holdings (Americas) Inc.*

Dated: September 14, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Defendants GlaxoSmithKline LLC's and GlaxoSmithKline Holdings (Americas) Inc.'s Corporate Disclosures have been forwarded to the Clerk's Office this 14th day of September, 2011. A copy of the foregoing has also been sent via electronic mail and U.S. Mail on the following:

Richard D. Meadow, Esquire
The Lanier Law Firm
126 East 56th Street, 6th Floor
New York, New York 10011

W. Mark Lanier, Esquire
The Lanier Law Firm
6810 FM 1960 Road W.
Houston, Texas 77069

Kay Gunderson Reeves, Esquire
Gordon & Reeves, LLP
10000 North Central Expressway, Suite 400
Dallas, Texas 75231

*Attorneys for Plaintiff*

Albert G. Bixler, Esquire
Eckert Seamans, Cherin & Mellott, LLC
Two Liberty Place
50 S. 16th St., 22nd Floor
Philadelphia, PA 19102
*Attorney for Defendant Grünenthal USA*

Anand Agneshwar
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022
*Attorney for Defendant Sanofi-Aventis, U.S., LLC*

Sara Gourley
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
*Attorney for Defendant Grünenthal USA*

Adam Tolin
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Attorney for Defendant Avantor Performance Materials*

_____
Michael T. Scott

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENDA JOHNSON and STEVEN LUCIER,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE;<br>GLAXOSMITHKLINE, LLC;<br>GLAXOSMITHKLINE HOLDINGS, LLC;<br>SANOFI-AVENTIS, U.S., L.L.C.;<br>AVANTOR PERFORMANCE MATERIALS;<br>GRÜNENTHAL GMBH ; and GRÜNENTHAL<br>U.S.A.<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants GlaxoSmithKline LLC, formerly known as SmithKline Beecham Corporation, GlaxoSmithKline Holdings (Americas) Inc. (collectively, "the GSK Defendants"), Sanofi-Aventis U.S. LLC, Avantor Performance Materials, Inc., and Grünenthal USA Inc. (collectively, "Defendants")[1] hereby give notice of removal of this action, entitled *Johnson, et al v. SmithKline Beecham Corp., et al.*, Case No. 110803830, from the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County, Civil Trial Division, to the United States District Court for the Eastern District of Pennsylvania.

As grounds for removal, Defendants state as follows:

**I.    REMOVAL TO THIS JUDICIAL DISTRICT IS PROPER AND TIMELY**

　　1.　　Plaintiffs Glenda Johnson and Steven Lucier ("Plaintiffs") commenced this action in the First Judicial District of Pennsylvania, Court of Common Pleas of Philadelphia County,

---

[1]　　The only other Defendant named in the Complaint is Grünenthal GmbH, which has not yet been served.

Civil Trial Division, by filing a Complaint on August 26, 2011, August Term 2011, Case ID 110803830 (the "Philadelphia County Action"), naming as defendants SmithKline Beecham Corporation d/b/a/ GlaxoSmithKline ("SKB"); GlaxoSmithKline, LLC ("GSK LLC"); GlaxoSmithKline Holdings, LLC ("GSK Holdings"); Sanofi-Aventis, U.S., LLC ("Sanofi"); Avantor Performance Materials, Inc. ("Avantor"); Grünenthal GmbH; and Grünenthal U.S.A. (collectively, "Defendants"). Pursuant to 28 U.S.C. § 1446(a), a true and legible copy of the Complaint is attached as **Exhibit A**.

2. All Defendants who have been served join in this removal.

3. The Complaint was filed on August 26, 2011, less than 30 days prior to the date of this Notice of Removal, so this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. No further pleadings have been filed, and no proceedings have yet occurred in the Philadelphia County Action.

5. Defendants base removal on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II.   STATUTORY BASIS FOR JURISDICTION

6. Removal of this action is proper under 28 U.S.C. § 1441. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

### A.   There is Complete Diversity Between the Parties.

7. Plaintiff Glenda Johnson is citizen of the State of Louisiana. *See* Ex. A ¶ 1.

8. Plaintiff Steven Lucier is a citizen of the Commonwealth of Pennsylvania. *See* Ex. A ¶ 2.

9. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of

business ...." For purposes of diversity jurisdiction, the citizenship of an LLC is that of its members. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418-19 (3d Cir. 2010).

10. Named Defendant SKB was a Pennsylvania corporation that on October 27, 2009 converted into GlaxoSmithKline LLC, a limited liability company organized under Delaware law. *See* Declaration of Julian Heslop, a true and legible copy of which is attached hereto as **Exhibit B**, at ¶¶ 4-11. Accordingly, the citizenship of GlaxoSmithKline LLC is addressed below.

11. Defendant GSK LLC is a limited liability company organized under Delaware law. The sole member of GlaxoSmithKline LLC is GlaxoSmithKline Holdings (Americas) Inc. Heslop Decl., ¶ 11. GlaxoSmithKline Holdings (Americas) Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware. Heslop Decl., ¶ 12; *see also White v. SmithKline Beecham Corp.*, No. 2:10-cv-2241, 2010 U.S. Dist. LEXIS 79520, *8-9 (E.D. Pa. Aug. 6, 2010)(holding that GSK Holdings' principal place of business is in Delaware, and denying Plaintiffs' motion to remand the action to the Philadelphia Court of Common Pleas); *Hoch v. Eli Lilly & Co.*, 736 F. Supp.2d 219, 221 (D. D.C. 2010) (holding that GSK LLC is a citizen of Delaware).[2] Defendant GSK LLC is, therefore, a citizen of the State of Delaware.

12. Defendant GSK Holdings is improperly identified in Plaintiffs' Complaint and is in fact GlaxoSmithKline Holdings (Americas) Inc., a Delaware corporation with its principal

---

[2] The Eastern District of Pennsylvania has reached differing conclusions on the citizenship of GSK LLC. After Judge Mary McLaughlin concluded that GSK LLC was a Delaware citizen in *White*, Judge Timothy Savage allowed the parties to conduct additional jurisdictional discovery and subsequently remanded several consolidated cases in the Paxil® litigation, based on his conclusion that GSK LLC is a citizen of Pennsylvania. *See Brewer v. SmithKline Beecham Corp.*, No. 2:10-cv-04443-GP, 2011 U.S. Dist. LEXIS 31149 (E.D. Pa. Mar. 24, 2011). However, the *Brewer* ruling fashioned a new test for determining the citizenship of limited liability companies, which is inconsistent with controlling Third Circuit and Supreme Court authority. GSK was precluded from seeking review of the *Brewer* decision under 28 U.S.C. § 1447(d), but respectfully submits that *Brewer* was incorrectly decided.

place of business in Wilmington, Delaware. Defendant GSK Holdings is, therefore, a citizen of the State of Delaware.

13. Defendant Sanofi is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey. Defendant Sanofi is, therefore, a citizen of the States of Delaware and of New Jersey.

14. Defendant Avantor is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey. Defendant Avantor is, therefore, a citizen of the State of New Jersey.

15. Defendant Grünenthal GmbH is a German corporation registered in Aachen, Germany. Defendant Grünenthal GmbH is, therefore, a citizen of Germany.

16. Defendant Grünenthal U.S.A. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New Jersey. Defendant Grünenthal U.S.A. is, therefore, a citizen of the States of Delaware and New Jersey.

17. Because Plaintiffs and Defendants are citizens of different countries and states, there is complete diversity.

B. **The Amount in Controversy Requirement is Met.**

18. Plaintiff Glenda Johnson was born on November 23, 1962, and alleges that she suffers "severe and permanent" injuries and was born with "multiple birth defects" related to her mother's ingestion of thalidomide during pregnancy. *See* Ex. A ¶¶ 1, 245. Plaintiff Steven Lucier was born on August 29, 1961, and also alleges that he suffers from "severe and permanent" injuries and "multiple birth defects" related to his mother's ingestion of thalidomide. *See id.* ¶¶ 2, 245A.

19. Plaintiffs request damages including past, present, and future economic damages; compensatory damages, including damages for physical injuries, pain and suffering, mental anguish, emotional distress, embarrassment, shame, anguish, anxiety, and loss of enjoyment of life; general damages for alleged wrongful conduct; reasonable costs, including attorneys' fees;

prejudgment interest and postjudgment interest; punitive damages; and past, present, and future special damages, including medication, medical expenses, rehabilitation expenses, assisted living, and nursing care. *Id.*, ¶¶ 344-45.

20. Given the nature and extent of Plaintiffs' alleged injuries and damages, Plaintiffs' Complaint places at issue more than $75,000, exclusive of interest and costs. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

21. Plaintiffs' claim for damages therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

### C. Plaintiffs' Allegations of Certain Defendants' Pennsylvania Citizenship Do Not Defeat Removal

22. Plaintiffs allege that SKB is a Pennsylvania corporation with its principal place of business in Pennsylvania; that GSK LLC has its principal place of business in Pennsylvania; that GSK Holdings has its principal place of business in Pennsylvania; and that Avantor has its principal place of business in Pennsylvania. *See* Ex. A ¶¶ 3, 4, 5, 7.

23. As set forth above, SKB converted to GSK LLC on October 27, 2009. *See* ¶ 10 *supra*; *see also* Heslop Decl., ¶ 7-10. The citizenship of GSK LLC is determined by the citizenship of its members, and its sole member is GSK Holdings. *See* ¶ 9 *supra*; *see also Zambelli*, 592 F.3d at 418-19. GSK Holdings is a Delaware corporation with its principal place of business in Wilmington, Delaware. Heslop Decl., ¶ 13. Therefore both GSK LLC and GSK Holdings are citizens of Delaware, not Pennsylvania.

24. Alternatively, the GSK Defendants have been fraudulently joined for the sole purpose of attempting to defeat Defendants' right to have this case removed to, and heard by, a federal court. The Complaint does not allege that either plaintiff was harmed by any drug sold,

distributed, marketed or manufactured by any GSK Defendant, and the Complaint fails to state any conceivably viable claim against the GSK Defendants.

24. Avantor is not a citizen of Pennsylvania because Avantor is incorporated in New Jersey and has its principal place of business in New Jersey. *See* Affidavit of Michael Rettig, a true and legible copy of which is attached hereto as **Exhibit C**. While Avantor is preparing to move its headquarters to Pennsylvania, it has not yet done so as of the filing of the Complaint or this Notice of Removal. Rettig Aff., ¶ 7.

25. Alternatively, Avantor has been fraudulently joined for the sole purpose of attempting to defeat Defendants' right to have this case removed to, and heard by, a federal court. The Complaint does not allege that either plaintiff was harmed by any drug sold, distributed, marketed or manufactured by Avantor, and the Complaint fails to state any conceivably viable claim against Avantor.

26. Because no defendant is a citizen of the Commonwealth of Pennsylvania, removal is proper. *See* 28 U.S.C. § 1441(b) (Any diversity action shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

### III.  NOTICE IS BEING SENT TO PLAINTIFFS AND FILED IN STATE COURT

27. Pursuant to 28 U.S.C. § 1446(d), Defendants shall give Plaintiffs written notice of the filing of this Notice of Removal.

28. Pursuant to 28 U.S.C. § 1446(d), Defendants shall file the written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, attaching as Exhibit A thereto a copy of this Notice of Removal and the documents attached to this Notice of Removal.

WHEREFORE, the Defendants hereby give notice that the above-entitled state court action, formerly pending in the First Judicial District of Pennsylvania, Court of Common Pleas

of Philadelphia County, Civil Trial Division, has been removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

| | |
|---|---|
| *signature*<br>Michael T. Scott (PA Bar No. 23882)<br>Melissa A. Wojtylak (PA Bar No. 78354)<br>REED SMITH LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, Pennsylvania 19103<br>(215) 851-8100<br><br>***Attorneys for Defendants GlaxoSmithKline LLC, formerly known as SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, and GlaxoSmithKline Holdings (Americas) Inc.*** | *signature*<br>Kenneth A. Murphy<br>Drinker Biddle & Reath LLP<br>One Logan Square<br>Suite 2000<br>Philadelphia, PA  19103<br>Telephone:  215-988-2837<br>Facsimile:  215-988-2757<br><br>***Attorney for Sanofi-Aventis U.S. LLC***<br><br>Anand Agneshwar<br>Arnold & Porter LLP<br>399 Park Avenue<br>New York, NY  10022<br>Telephone:  212-715-1000<br>Facsimile:  212-715-1399<br><br>Daniel S. Pariser<br>Arnold & Porter LLP<br>555 12th Street NW<br>Washington, DC  20004<br>Telephone:  202-942-5000<br>Facsimile:  202-942-5999<br><br>***Of Counsel*** |
| *signature*<br>Adam S. Tolin<br>Dechert LLP<br>City Centre<br>2929 Arch Street<br>Philadelphia, PA  19104<br>Telephone: 215-994-2958<br>Facsimile: 215-655-2994 | *signature*<br>Albert G. Bixler<br>Email: abixler@eckertseamans.com<br>**ECKERT SEAMANS CHERIN & MELLOTT, LLC**<br>Two Liberty Place<br>50 South 16th Street, 22nd Floor<br>Philadelphia, PA 19102<br>Telephone:  215-851-8400<br>Facsimile:   215-851-8383 |

| | |
|---|---|
| ***Attorney for Avantor Performance Materials, Inc.*** | Of Counsel:<br>Sara J. Gourley<br>Email:  sgourley@sidley.com<br>Eugene A. Schoon<br>Email:  eschoon@sidley.com<br>Craig A. Knot<br>Email:  cknot@sidley.com<br>**SIDLEY AUSTIN LLP**<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone:  312-853-7000<br>Facsimile:  312-853-7036<br><br>Peter C. Pfaffenroth<br>Email:  ppfaffenroth@sidley.com<br>**SIDLEY AUSTIN LLP**<br>1501 K Street, N.W.<br>Washington, DC 20005<br>Telephone:  202-736-8000<br>Facsimile:  202-736-8711<br><br>***Attorneys for Defendant Grünenthal USA Inc.*** |

Dated:  September 14, 2011

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that Defendants GlaxoSmithKline LLC's and GlaxoSmithKline Holdings (Americas) Inc.'s Notice of Removal has been forwarded to the Clerk's Office this 14th day of September, 2011. A copy of the foregoing has also been sent via electronic mail and U.S. Mail on the following:

Richard D. Meadow, Esquire
The Lanier Law Firm
126 East 56th Street, 6th Floor
New York, New York 10011

W. Mark Lanier, Esquire
The Lanier Law Firm
6810 FM 1960 Road W.
Houston, Texas 77069

Kay Gunderson Reeves, Esquire
Gordon & Reeves, LLP
10000 North Central Expressway, Suite 400
Dallas, Texas 75231

*Attorneys for Plaintiff*

Albert G. Bixler, Esquire
Eckert Seamans, Cherin & Mellott, LLC
Two Liberty Place
50 S. 16th St., 22nd Floor
Philadelphia, PA 19102
*Attorney for Defendant Grünenthal USA*

Anand Agneshwar
Arnold & Porter, LLP
399 Park Avenue
New York, NY 10022
*Attorney for Defendant Sanofi-Aventis, U.S., LLC*

Sara Gourley
Sidley Austin, LLP
One South Dearborn
Chicago, Illinois 60603
*Attorney for Defendant Grünenthal USA*

Adam Tolin
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
*Attorney for Defendant Avantor Performance Materials*

_____
Michael T. Scott