# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENDA JOHNSON, et al.** | : | |
| | : | |
| v. | : | Civ. No. 11-5782 |
| | : | and all related cases |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, et al.** | : | |

## O R D E R

Plaintiffs' Counsel, Hagens Berman Sobol Shapiro LLP, has moved to withdraw as counsel respecting at least six Plaintiffs, including John Marshall, Jose Navamuel, Terrie Bolton, John Skelton, III, Richard Anderson, and Mary Sells. (Doc. Nos. 207, 301, 342, 343, 375, 382.)

In accordance with my previous Orders referring questions of client consent to Special Master William T. Hangley, Esq. for a Report and Recommendation, I proposed amending the Special Master Appointment Order (Doc. No. 256) to allow Mr. Hangley to advise me as to whether to grant Hagens Berman's Motions to Withdraw. (Doc. No. 526.) I gave the Parties an opportunity to object, or offer changes or suggestions to the proposed amendment. (Id.); Fed. R. Civ. P. 53(b)(4). No party objects to the proposed amendment.

Hagens Berman notes, however, that it has not filed its response to the proposed amendment respecting, *inter alia*, Plaintiff John Marshall. (Doc. No. 531.) On May 28, 2014, Hagens Berman moved to withdraw as counsel for Mr.

Marshall. (Doc. No. 207.) On August 4, 2014, I denied the Motion without prejudice. (Doc. No. 304). On August 14, 2014, Hagens Berman moved for reconsideration of the Order denying their Motion. (Doc. 323). On August 18, 2014, I, *inter alia*, stayed Mr. Marshall's case until September 18, 2014 and required him to inform the Court whether he had secured replacement counsel or intended to proceed *pro se*. (Doc. No. 329.) On September 8, 2014, Mr. Marshall informed me that he wished to proceed *pro se*. (Doc. No. 356.) Hagens Berman remains his counsel of record, however. In these circumstances, Mr. Hangley shall also advise the Court as to Mr. Marshall's apparent decision to represent himself and whether I should grant Hagens Berman's Motion to Withdraw from its representation of Mr. Marshall.

**AND NOW**, this 14th day of March, 2016, it is hereby **ORDERED** that my Special Master Appointment Order (Doc. No. 256) is **AMENDED** as follows:

1. Mr. Hangley shall issue a Report and Recommendation as to whether Hagens Berman's Motions to Withdraw should be granted. Mr. Hangley must evaluate, *inter alia*, when Hagens Berman first learned that the firm's continuing prosecution of these cases would purportedly be untenable under Rule 1.16(a)(1) of the Pennsylvania Rules of Professional Conduct. See Chester v. May Dep't Store Co., No. CIV. A. 98-5824, 2000 WL 12896, at *1 (E.D. Pa. Jan. 7, 2000) (significant consideration in deciding withdrawal motion is whether "[t]here [was] no suggestion that counsel was unaware of his client's history and propensities when he accepted the representation and proceeded to litigate this matter.").

2. Any objections to the Report and Recommendation must be filed within 21 days after the Report is served. Any responses shall be filed within 14 days after any objections.

                 **AND IT IS SO ORDERED.**

                 */s/ Paul S. Diamond*
                 _____
                 Paul S. Diamond, J.