IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION, *et al.*, <br><br> Defendants. | Case No. 2:11-cv-05782-PD <br><br> AND ALL RELATED CASES <br><br> **FILED UNDER SEAL** |

**Response of Tyler Weaver to the February 16, 2018, Order and**
**Report and Recommendations of the Special Master**

Tyler Weaver, through his undersigned counsel, hereby responds to the Report and Recommendation of the Special Master dated February 26, 2018.

1.  Mr. Weaver objects to the recommendation at page 2 of the Report and Recommendations (hereafter, "the Report") that the Report itself be unsealed. The Report contains information as to Terrie Bolton that is privileged under the attorneyclient privilege and the work-product privilege, as well as medical information of a deeply personal nature. Because Ms. Bolton objects to disclosure of the Report as expressed in her counsel's letter to the Special Master of this date, the Report should remain under seal.

2.  Moreover, the Report also contains information of a privileged or confidential nature as to Diana Cabcabin. Because Ms. Cabcabin has not be given an opportunity to object to the disclosure of the Report and its attachments, they should remain under seal.

3.  If the Court unseals the Report, the Court should also unseal the Motion to Reopen and Correct the Record with Respect to Hagens Berman's Motion to Withdraw as

Counsel for Plaintiff Terrie Bolton. Otherwise, Mr. Weaver agrees with the Report's recommendation at page 18 that the Motion to Reopen remain under seal.

4. As to Part III of Hagens Berman's response to the Report, Mr. Weaver joins in the position that the reports of Dr. Trent Stephens should be protected as "core work product." *Id.* at page 4. Mr. Weaver additionally notes that while the Report relies in part on his testimony regarding the nature of Dr. Stephens' engagement as an expert, he also testified that Dr. Stephens' report regarding Ms. Bolton was "was not something intended to be submitted to the Court. This was something that was given to us as something that we could discuss with him and clarify the points" (n.t. 9-26-17 at p. 69, ll.19-22)). The same is true of the Cabcabin report.

5. Mr. Weaver does not object to the Report's proposed disposition of motions as to Diana Cabcabin set forth on page 18.

6. The Report includes various characterizations of Mr. Weaver's conduct before completion of the proceedings contemplated by the Hagens Berman motion to reopen and the related production of documents. Mr. Weaver reserves his objections to the characterizations of his conduct and submits that no findings of fact should be made regarding his conduct until those proceedings are completed.

Respectfully Submitted,

By: /s/ Robert E. Welsh, Jr.
Robert E. Welsh, Jr.
I.D. No. 28143
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430
rewelsh@welshrecker.com

*Counsel for Tyler Weaver, Esquire*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document is being served on this date to the following via email:

    William T. Hangley, Special Discovery Master

    Cindy C. Albracht-Crogan, Esquire

    Gaetan J. Alfano, Esquire

    Douglas E. Roberts, Esquire

Date: March 13, 2018

By: _____
Robert E. Welsh, Jr.
I.D. No. 28143
Welsh & Recker, P.C.
2000 Market Street, Suite 2903
Philadelphia, PA 19103
(215) 972-6430
rewelsh@welshrecker.com

*Counsel for Tyler Weaver, Esquire*