IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, *et al.*,<br><br>                              Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES |

**Memorandum in Support of Bifurcation of Issues to be
Adjudicated Before the Special Master**

Hagens Berman Shapiro & Sobol, LLP ("Hagens Berman") and Kay Gunderson Reeves, through undersigned counsel, submit this memorandum in support of bifurcating the upcoming hearing in this matter, scheduled for May 7 through May 13, 2019. Based on the parties' conference call with the Special Master on April 17, 2019, Hagens Berman and Ms. Reeves understand that the hearing will encompass: (1) Hagens Berman's motion to reopen and correct the record with respect to the motion to withdraw as Terrie Bolton's counsel and the firm's discovery of two altered expert reports; and (2) the pre- and post-complaint investigation that counsel undertook into plaintiffs' claims, as framed by the allegations that Carolyn Sampson made in various letters to the Court. For the following three reasons, Hagens Berman and Ms. Reeves believe that due process requires, and the principle of efficiency counsels in favor of, bifurcating the proceeding, such that the first issue would be heard in the May 7-May 13 timeframe, with the second issue to be heard at a later date that suits the schedules of the Court and all participating parties.

***First***, the witnesses who will testify as to the first issue will not inform the Special Master's evaluation of the second issue, and vice versa. Hagens Berman intends to call attorney

1

Nick Styant-Browne and paralegal Nicolle Gruenreich to testify regarding its discovery of the altered reports. In September 2017, Mr. Styant-Browne provided extensive testimony, elicited by the Special Master and two plaintiffs' *pro bono* counsel over the course of five hearings, as to the firm's vetting of potential claims and has exhausted his knowledge on that topic. Ms. Gruenreich was not involved in the investigative process, nor was Tyler Weaver, whose counsel has not yet indicated whether he will testify. Nobody has suggested that Terrie Bolton or Diana Cabcabin – the plaintiffs whose reports were altered – have testimony pertinent to counsel's investigation, at least beyond the details of their own intake process.

The other witnesses whose presence has been required by the Special Master – Steve Berman, Trent Stephens, Barbara Mahoney, Ms. Reeves, and Ms. Sampson – have nothing to do with the first issue. Mr. Berman and Ms. Mahoney were only informed of the altered reports after the firm discovered them in November 2017, and neither was involved in the subsequent forensic review that the firm undertook. The forensic report and documents on the public record already demonstrate that Dr. Stephens was not involved in the alteration of the reports. Moreover, like every professional at Hagens Berman with the exception of Mr. Weaver, Dr. Stephens did not know about the alteration until after the motion-to-withdraw hearings. Ms. Reeves has no testimony pertinent to the altered reports, and Ms. Sampson was not one of the affected plaintiffs.

Because there are separate witnesses as to each issue, there is no efficiency benefit in adjudicating them together in the same proceeding. Indeed, to the extent that witnesses will be required to be in Philadelphia or otherwise available from May 7 through May 13, combining the issues would burden the witnesses unnecessarily.[1]

---

[1] If the Special Master holds one hearing, Hagens Berman respectfully requests that certain days be designated for its witnesses' testimony, particularly that of Steve Berman and Barbara Mahoney, who

*Second*, adjudicating the issues together would unnecessarily complicate the proceedings. The Special Master analogized the forthcoming hearing to a comic opera, with counsel and the parties playing the role of the chorus shuffling in and out of the courtroom depending on the testimony being given. Bifurcation would limit that disruptive effect, in that the individual plaintiffs involved to varying degrees – Ms. Bolton, Ms. Cabcabin, Ms. Sampson, Richard Anderson, John Marshall, Jose Navamuel, and Mary Sells – would know in advance when the issue relevant to them will be adjudicated.  Ms. Sampson, for example, is involved only in with the second issue, while Ms. Bolton and Ms. Cabcabin are involved with the first.  The Special Master has invited the remainder of the plaintiffs to participate in the hearings, but, as there are no allegations of altered reports related to them and they likely have no information regarding the firm's investigation of claims, it is unclear whether they care to participate in either aspect.  If they want to attend the hearing on one issue but not the other, it would be easier for them to do so if the proceedings were clearly bifurcated.

*Third*, and perhaps most critically, Hagens Berman and Ms. Reeves are concerned that the principle parties with respect to the second issue – the firm, Ms. Reeves, and Ms. Sampson – will not have adequate time to review the pertinent documents and prepare for the hearing.  At this point, none of these parties have received the documents that the others have submitted *in camera* to the Special Master.  Hagens Berman understands that Ms. Reeves has produced 42,000 pages, and it does not know the volume that Ms. Sampson has produced. Hagens Berman initially produced more than 6000 pages of documents pertaining to Ms. Sampson and then produced additional documents pursuant to follow-up questions from the Special Master. The

---

have little information that is not already part of the record.  Similarly, Hagens Berman believes that Trent Stephens's testimony would be of limited value, as he knew nothing of the altered reports.  While Hagens Berman does not intend to call Dr. Stephens as a witness, it will attempt to secure his attendance if the Special Master would like to examine him.

parties have requested access to each other's documents, but presumably the Special Master's office will have to review the productions for privilege issues before an exchange takes place. Even if the exchange could take place today, it would be difficult, if not impossible, for the parties to review and digest everything by the commencement of the hearing, 15 days from now. For Hagens Berman at least, the timing issue would be compounded by the preparation that it must do with regard to other aspects of the hearing.  Due process requires that the parties have adequate time to prepare for the hearing. Hagens Berman and Ms. Reeves do not feel that the present schedule affords them that right with respect to Ms. Sampson's allegations.

DATE:  April 22, 2019

Respectfully submitted,

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

By:   /s/ Gaetan J. Alfano
Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com
Douglas E. Roberts
Pennsylvania Bar No. 321950
DER@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro LLP*

ARTHUR T. DONATO, ESQUIRE

By:   /s/ Arthur T. Donato
Arthur T. Donato, Esquire
216 W. Front Street, 2nd Floor
Media, PA 19063
610-565-4747
art@artdonato.com

*Attorney for Kay Gunderson Reeves*

4807610v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 22, 2019, the foregoing reply was filed electronically and served on all counsel of record via the Court's CM/ECF system. It also was served via email on Plaintiffs John Marshall and Jose Navamuel and by first class mail on Plaintiff Richard Anderson.

                                          PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

        By:     /s/ Gaetan J. Alfano
                    Gaetan J. Alfano
                    Pennsylvania Bar No. 32971
                    GJA@pietragallo.com
                    Douglas E. Roberts
                    Pennsylvania Bar No. 321950
                    DER@pietragallo.com
                    1818 Market Street, Suite 3402
                    Philadelphia, PA 19102
                    Telephone: (215) 320-6200
                    Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro LLP*