**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| GLENDA JOHNSON ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SMITHKLINE BEECHAM CORPORATION ) <br> ET AL., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:11-cv-05782-PD <br> and all related cases |

## MEMORANDUM OF THE SPECIAL DISCOVERY MASTER

I have received a letter of November 4, 2019 from counsel for Tyler Weaver, a former attorney for Plaintiffs in these consolidated cases, which I have docketed. Mr. Weaver has now withdrawn from these cases, and is no longer affiliated with Plaintiffs' counsel, Hagens Berman Sobel Shapiro, LLP ("Hagens Berman"). Mr. Weaver has testified before me *in camera* on two occasions, and some of that testimony is discussed and quoted in public documents in these actions.

Mr. Weaver's counsel, Robert Welsh, informs me that Weaver is the subject of a "grievance proceeding" under the aegis of the Washington State Bar Association (the "WSBA").[1] I am told, further, that the WSBA has requested copies of (i) Mr. Weaver's May 8, 2019 testimony in this litigation; (ii) my colloquy with counsel prior to that testimony; and (iii) the related May 8, 2019 testimony of an expert engaged by Hagens Berman, Dr. Trent Stephens. Mr. Welsh asks my permission to comply with the WSBA request. He also asks my permission to share the requested

---

[1] I hasten to note my understanding, fundamental to this discussion, that Mr. Welsh's "WSBA" references are to the WSBA Disciplinary Board, or to a bar-related entity that has – and is here exercising – investigative and attorney disciplinary functions of the sort exercised in Pennsylvania by the Disciplinary Board of the Supreme Court of Pennsylvania.

transcript portions with Plaintiff Terrie Bolton and former Plaintiff Diana Cabcabin, because some elements of Mr. Weaver's and Dr. Stephens' testimony may implicate privileges held by one or the other of them. Ms. Bolton's attorney has written in support of that request.

By way of further background, this litigation is presently a mare's nest of overlapping and tangled privilege issues. Concerns as to whether certain announced Rule 41(a) dismissals were voluntary and informed, as well as client objections to certain proposed Hagens Berman withdrawals, led to *in camera* proceedings at which attorney-client and attorney work-product privileges were painstakingly guarded. But the discovery of attorney misrepresentations – at a hearing before me and earlier in the litigation – triggered the crime-fraud exception to privilege. If that were not complexity enough, intimate personal health and medical information that most people would want to keep private became public by the nature of the claims in the cases, and one former Plaintiff consciously and expressly waived privilege for herself and, to some extent, for other Plaintiffs in the process. Those exceptions and waivers aside, however, attorney-client interactions relevant to other issues in these cases (for example, notice and diligence questions) remained presumptively privileged. At present, we are in a "pickup-sticks" process of sifting through the evidence with the goal of permitting each interested player to access all the testimony and documentary evidence to which she is entitled without impinging the rights and privileges of any of the other players. In that context, Mr. Welsh's caution regarding the disclosure of a transcript is certainly understandable and even commendable.

But I see no problem in Mr. Weaver's providing the May 8, 2019 transcript, without redaction, to the WSBA.[2]  Washington's Rule of Professional Conduct 1.6, *Confidentiality of Information,* provides in part as follows:

> (b) A lawyer to the extent the lawyer reasonably believes necessary:
>
> \* \* \*
>
> (5) may reveal information relating to the representation of a client to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved*, or to respond to allegations in any proceeding concerning the lawyer's representation of the client*; . . . .

Wash. RPC 1.6(b) (emphasis added).  Although Rule 1.6(b) does not so state, I consider it obvious that the attorney's surrender of such privileged information to a disciplinary board does not vitiate the *client's* privilege or the work product protection, just as participation in my *in camera* proceedings did not vitiate them.  Just as one would expect, the WSBA's procedures require the WSBA to maintain the confidentiality of any privileged information absent a client waiver.  Wash. R. Enforcement of Lawyer Conduct 3.2(a), (b).[3]

---

[2] The only components of the May 8, 2019 transcript (Day 2 of the May 2019 hearings) that the WSBA apparently did *not* request are (i) my colloquy with counsel following Mr. Weaver's testimony and preceding Dr. Stephens' testimony (May 8, 2019 Tr. 381:6-385:8); and (ii) Judge Diamond's, colloquy with counsel and me following Dr. Stephens' testimony (*id.* 396:4-417:21).  Neither of these transcript portions implicates any privileged information.

[3] My analysis does not change even if the information disclosed to the WSBA includes reasonably related privileged information about former clients of Mr. Weaver's other than Ms. Bolton and Ms. Cabcabin (the representation of whom may not be expressly at issue in the WSBA disciplinary inquiry).  *See* Comment 10 to Wash. RPC 1.6 (providing that "[w]here a legal claim or disciplinary charge alleges . . . misconduct of the lawyer involving representation of the client, the lawyer may respond *to the extent the lawyer reasonably believes necessary to establish a defense*," and not limiting the lawyer's permitted response to information about the client(s) whose representation is at issue).

On the other hand, I do not consider it appropriate for Mr. Welsh to share the transcript with Ms. Bolton or Ms. Cabcabin. To begin with, client consent is not required for a Rule 1.6(b)(5) disclosure; Mr. Weaver does not *need* his former clients' permission. *See* Wash. RPC 1.6(a) ("A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation *or the disclosure is permitted by paragraph (b) [Rule 1.6(b)].*"). Second, disclosure to Ms. Bolton or Ms. Cabcabin might interfere with an ongoing orderly process. At the May 8 hearing, only certain participants – Hagens Berman and two former Hagens Berman attorneys (Mr. Weaver and Kay Gordon Reeves) – were permitted to hear all the testimony and see all the exhibits. These participants were the source of most exhibits, and it was the rectitude of their conduct that was being called into question. Individual Plaintiffs or former Plaintiffs like Mses. Bolton and Cabcabin were excluded from the hearing if there was any concern that another Plaintiff's still-protected privileged information or Hagens Berman's related work product would be implicated by the evidence. And the Defendants in the cases were permitted to hear and participate in the proceedings only insofar as they involved plainly-public matters, including once-privileged matters that had become public as a result of acknowledged attorney wrongdoing or express waiver. These hearings (which have not yet been completed) were followed by a lengthy period of document production by Hagens Berman and, particularly, Ms. Reeves and, as discussed above, my staff and I are still in the process of determining what evidence may be seen by whom. In due course, Mses. Bolton and Cabcabin will be given access to those parts of the record to which they are entitled, but that time has not yet arrived.

No motion has been filed, and I have not been asked to order (or to recommend that Judge Diamond order) anything. Accordingly, I will limit myself to opining that the May 8, 2019

transcript may be disclosed to the WSBA, and that I do not consider that Ms. Bolton's or Ms. Cabcabin's (or any other Plaintiff's) consent to that disclosure is required.


November 7, 2019                    /s/ William T. Hangley
                                WILLIAM T. HANGLEY
                                SPECIAL DISCOVERY MASTER