IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENDA JOHNSON, *et al.*,

Plaintiffs,

v.

SMITHKLINE BEECHAM
CORPORATION, *et al.*,

Defendants.

Case No. 2:11-cv-05782-PD

AND ALL RELATED CASES

### HAGENS BERMAN'S BRIEF REGARDING
### THE PRIVILEGED AND PROTECTED NATURE OF ITS EXPERT REPORT

Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), through undersigned counsel, respectfully submits this memorandum in response to the Special Master's Order permitting "all participants . . . to submit briefs addressing any issues of privilege or quasi-privilege or the competency or admissibility of evidence with regard to the Expert Report, whether unredacted or redacted." Dkt. No. 713 at 3.

As discussed below, Hagens Berman commissioned an expert report in support of its motions to withdraw as counsel for Plaintiffs Richard Anderson, Terrie Bolton, John Marshall, Jose Navamuel, and Mary Sells pursuant to the Special Master's order requiring it do so. Dkt. No. 707 at 2. That Order further required Hagens Berman to "serve on the participants in these proceedings, as well as the Special Discovery Master, a report in compliance with Rule 26(a)(2)(B)." *Id.* at 3. Hagens Berman distributed its expert report in a manner consistent with the privilege rulings issued by the Special Master:

- Tyler Weaver and Kay Gunderson Reeves, its former co-counsel who had been granted access to all documents and transcripts, including those that were submitted *in camera* or otherwise sealed, received unredacted copies of the report;

- Each Plaintiff who is the subject of a motion to withdraw received a report with information specific to the other Plaintiffs at issue redacted;

- Plaintiffs Diana Cabcabin and Carolyn Sampson, who are not subject to motions to withdraw but nevertheless have become involved in this now-expanded litigation, received reports with all Plaintiff-specific information redacted;

- Defendants, who have been granted the right to participate in this litigation only to the extent that the Special Master has found applicable the crime-fraud exception to attorney-client privilege, received no reports.

Hagens Berman has scrupulously adhered to the Special Master's rulings with respect to attorney-client privilege in distributing its expert report, which it offers in support of its motions to withdraw, and not with respect to the other issues now being adjudicated before the Special Master in these proceedings. Moreover, Hagens Berman offers plaintiff-specific information only with respect to the motion to withdraw concerning that plaintiff. Thus, no further disclosure of the expert report would be appropriate.

## I.   **PROCEDURAL HISTORY**

### A.   **The Special Master Orders Six *In Camera* Motion-to-Withdraw Hearings.**

This inquiry began in 2014 when Hagens Berman moved to withdraw as counsel for six plaintiffs in the above-captioned matter.[1] Dkt. Nos. 207, 301, 342, 343, 375, 382. On March 14,

---

[1] One motion-to-withdraw Plaintiff, John Skelton, passed away while this litigation was pending.

2016, the Court ordered the Special Master to advise it on whether to grant the motions.  Dkt. No. 532.

On November 17, 2016, the Special Master ordered separate hearings to receive testimony on the motions to withdraw.  Dkt. No. 539; *see also* Dkt. No. 562 at 3 ("To be clear: This will not be a single hearing on all five Motions, but five separate hearings, each of which will delve into the facts and professional considerations surrounding a particular Hagens Berman Motion."); Dkt. No. 588 at 6 ("Because there are five different plaintiffs and five separate motions, five separate *in camera* hearings were held.").

He stated that the inquiry would not be limited to "the assertion that 'professional considerations require that Plaintiffs' counsel withdraw as [Plaintiffs Marshall, Navamuel, Bolton, Skelton, Anderson and Sells'] counsel under Rule 1.16(a)(1)'."  Dkt. No. 539 at 2 (citation omitted).  The firm would also need "to establish that the firm was unaware of the problem when it filed its clients' Complaints; to explain how the firm learned of the problem; and to explain the failure to know about it earlier." *Id.*

Because the inquiry would necessarily delve into matters of attorney-client privilege, the Special Master ordered that the hearings would proceed *in camera* to avoid privilege waiver. Although he had "no doubt concerning [his] discretion to proceed" in that manner, he asked Defendants to waive any objections they might have.[2]  *Id.* at 1.  On December 12, 2016, Defendants waived discovery into and participation into the inquiry.  Dkt. No. 546.

---

[2] The Special Master later referred to this as a "belt and suspenders procedure," meant to assure Plaintiffs that their "confidential or privileged information would not somehow fall into defendants' hands."  Dkt. No. 554 n.7.

The hearings on the motions to withdraw proceeded in accordance with the Special Master's procedures from September 26-28, 2017.  In addition to the Plaintiff-specific hearings, there was a hearing at the beginning of the session, which all Plaintiffs were permitted to attend, where Hagens Berman offered evidence concerning its "all clients" work product so it could efficiently address its pre- and post-filing due diligence, which were not related to any particular Plaintiff.  *See* Dkt. No. 644 at 12.  Apart from this all-Plaintiffs session, participation in each hearing was limited to Hagens Berman and the affected Plaintiff.  Consistent with their waiver and the Special Master's ruling, Defendants did not appear, participate in any manner, or have access to transcripts of, or exhibits put into evidence during, the hearings.

**B.**      **The Inquiry Expands to Address Weaver's Document Alteration, and Certain Additional Participants Are Granted Limited Access.**

In November 2017, Hagens Berman discovered that its Partner Tyler Weaver, who had testified on the firm's behalf in three of the September 2017 hearings, had altered two letters submitted by its expert witness, Dr. Trent Stephens.  One of the letters pertained to Terrie Bolton.  The other pertained to Diana Cabcabin, a Plaintiff who had dismissed her claims against all defendants in the underlying Thalidomide litigation (Dkt. No. 328) and was not to subject to a motion to withdraw.  Hagens Berman disclosed the alterations to counsel for Ms. Bolton and the Special Master.  *See* Dkt. No. 588.  The Special Master opined that "Weaver's conduct obliges the Court to examine closely the events that transpired, and to impose sanctions if and as warranted, and that the Court expects me to report and recommend on those subjects as well as on the grant or denial of the Motions to Withdraw."  *Id.* at 13.

On Hagens Berman's motion, Ms. Cabcabin was offered *pro bono* counsel, whom she retained at the firm's expense.  Concerned that Weaver's alterations "may have implications for other Hagens Berman client-plaintiffs who consented to the dismissal of all their claims with

prejudice" and "call into question every plaintiff who was asked to drop her case against all defendants," the Special Master ordered production of certain categories of documents from Hagens Berman "regarding the five plaintiffs and other plaintiffs as to whom voluntary dismissal was sought or obtained." *Id.* at 3, 9, 16.  Hagens Berman fulfilled its production obligations to the Special Master.  It also made substantial document productions to Ms. Bolton and Ms. Cabcabin, as well as to Ms. Sells, even though no expert letter related to her claims had been altered.[3]  On the Special Master's instructions, all documents provided to each Plaintiff were altered so that references to all other plaintiffs were removed.

On April 11, 2018, Defendants, despite their waiver regarding the Motion-to-Withdraw proceedings, moved for leave to participate in any further hearings.  Dkt. No. 602.  Defendants claimed "not [to be] asking for any greater role than the opportunity to observe and, only as necessary to protect their interests, to be heard."  *Id.* at 3.  Specifically, Defendants claimed "not [to be] seek[ing] to intrude on the privilege between Hagens Berman and plaintiffs."  *Id.* at 2.

**C.     The Inquiry Further Expands to Include the Grievances of Unrelated Plaintiff Carolyn Sampson.**

While Hagens Berman, Ms. Bolton, Ms. Cabcabin, and the Court were dealing with the fall-out from Weaver's conduct, Plaintiff Carolyn Sampson, who was subject to neither a motion to withdraw nor of an altered expert report, inserted herself into the inquiry.  She first moved to dismiss all her claims against all Defendants.  Dkt. No. 597.  But then, in May 2018, she requested that her motion be withdrawn, Dkt. No. 635, and the Court granted her request, Dkt. No. 636.

---

[3] Through its counsel, Hagens Berman retained an independent forensic examiner who reviewed all letters provided by Dr. Stephens and all communications concerning those letters.  He determined that Mr. Weaver was the only Hagens Berman employee who had altered any letters, and he only altered the letters concerning Ms. Bolton and Ms. Cabcabin.

In July 2018, Ms. Sampson sent the Special Master a letter in which she accused Hagens Berman and its former co-counsel, Kay Gunderson Reeves,[4] of various instances of false, misleading, or inadequate communications.  Dkt. No. 640.  On December 21, 2018, the Special Master again expanded the scope of the inquiry to include Ms. Sampson's grievances.  Dkt. No. 644 at 7.  Reeves was ordered to produce *in camera* "all documents in her possession or control relating to her involvement" in the Thalidomide litigation.  *Id.* at 6.  Hagens Berman was ordered to produce *in camera* "all documents in its possession or control dealing with Ms. Sampson or her representation."  *Id.*  Finally, Ms. Sampson was ordered to produce *in camera* "the documents and emails in her possession that relate to her dealings with Hagens Berman and her other past attorneys in this litigation, and her documents and emails with any of her present or past co-Plaintiffs that relate to these actions." *Id.* at 7.

**D.    The Expansion of the Inquiry Leads to Further Proceedings and a "Mare's Nest" of Privilege Issues.[5]**

In defining the scope of hearings to come, the Special Master invoked the crime-fraud exception to vitiate attorney-client privilege as to "evidence tending to show fraudulent behavior on the part of the attorneys – Hagens Berman or Ms. Reeves."  *Id.* at 15.  This ruling encompassed the "Stephens [letters] regarding Misses Cabcabin and Bolton," *id.* n.9, and other testimony and documents to be determined by the Special Master, *id.* at 16.   Under the Special Master's recommendation, at the next hearings, the Defendants would be "permitted to hear and elicit testimony and have access to exhibits only when such testimony or exhibits are pertinent to the crime-fraud exception," and such evidence would be made available to the public. *Id.* at 15-16.  The Court adopted the Special Master's recommendation.  Dkt. No. 662.

---

[4] Reeves withdrew as counsel in the Thalidomide litigation in July 2013. Dkt. No. 78.

[5] Dkt. No. 700 at 2.

The Special Master also recommended, and the Court then ordered, that Ms. Cabcabin be granted access to the transcript and exhibits related to the "all clients" session held at the beginning of the September 2017 hearings.  Dkt. No. 644 at 12; Dkt. No. 662.  But the Court denied – again on the Special Master's recommendation – Ms. Cabcabin's motion for the plaintiff-specific testimony and exhibits. *Id.*

Ms. Reeves, who would be required to testify in future hearings, moved for access to the transcripts and exhibits from the September 2017 hearings.  Dkt. No. 651.  The Court granted the motion, permitting Ms. Reeves to obtain "presently sealed materials and materials received in camera to the same extent such materials are available to Hagens Berman Sobel Shapiro LLP and Tyler Weaver, and subject to identical restrictions and limitations."  Dkt. No. 661 at 2.

The Special Master set further hearings for the week of May 7, 2019.  Dkt. No. 665.  He identified the witnesses required to testify. *Id.*  "Because some if not all of the hearing evidence w[ould] be received in camera," he noted that "some attendees w[ould] be excluded from parts of the proceeding.  Similarly, the transcript of the proceedings will require my pre-distribution review and redaction to assure that the confidentiality of evidence is preserved where that is called for." *Id.* at 2.

On April 25, 2019, the Special Master granted Ms. Bolton and Ms. Cabcabin's requests for access to all documents concerning all Plaintiffs or multiple Plaintiffs, including them.  Dkt. No. 683 at 4-5, 7. The Special Master found that, as Plaintiffs in the Thalidomide litigation, Ms. Bolton and Ms. Cabcabin were entitled to see documents to any pre-suit or post-suit investigation of the claims that Hagens Berman or Ms. Reeves conducted. *Id.*

The hearings proceeded from May 7-10, 2019.  As a general matter, participants were granted access consistent with the Special Master's privilege rulings.[6]  Hagens Berman, Weaver, and Reeves were permitted to attend all testimony and examine all witnesses and were provided with all exhibits. No testimony pertaining to the reasons for Hagens Berman sought to withdraw as counsel for Plaintiffs Anderson, Bolton, Marshall, Navamuel, or Sells was presented at the May 2019 hearings.

### E.      The Special Master Orders Hagens Berman to Serve an Expert Report on All Participants.

On February 6, 2020, the Special Master proposed to set further proceedings between March 16 and April 3.  Dkt. No. 704 at 4.  He hoped the testimony would last only a day or two, and that this would be the last evidentiary hearing in this matter, though he could "not make any promises." *Id.*  The Procedural Memorandum did not specify the witnesses required to attend, nor did future procedural memoranda, issued as the Covid-19 public health crisis caused one delay after another.

In response to one such memorandum, Hagens Berman provided the Special Master with scheduling conflicts for potential witnesses and disclosed that it intended to call Abraham Reich, Esq., as an expert witness on the propriety of its pre- and post-filing due diligence and of moving to withdraw as counsel for the aforementioned Plaintiffs when and for the reasons it did.  Dkt. No. 701 Exh. A.

The Special Master previously observed that "[i]t is Hagens Berman's and its counsel's prerogative to decide what evidence they will muster in support of their Motions to Withdraw, and

---

[6] The redaction of transcripts and exhibits is subject to a process ordered by the Special Master. *See* Dkt. No. 704. Hagens Berman does not waive its rights to assert attorney-client privilege or work-product protection for any testimony or exhibit.

just how that evidence should be presented." Dkt. No. 569 at 1.  In light of that instruction and the prospect that the next hearing would be the last, Hagens Berman decided to offer testimony from Mr. Reich in support of its Motions to Withdraw and for no other reason.

However, on March 16, 2020, the Special Master ordered Hagens Berman to "serve on the participants in these proceedings, as well as the Special Discovery Master," an expert report that complied with Federal Rule of Civil Procedure 26(a)(2)(B), within 30 days.  Dkt. No. 707 at 3. Hagens Berman served its expert report, in various forms of redaction, on April 15, 2020.

## II.     HAGENS BERMAN SERVED ITS EXPERT REPORT IN A MANNER ENTIRELY CONSISTENT WITH THE PURPOSE FOR WHICH IT'S BEING OFFERED AND THE SPECIAL MASTER'S PRIVILEGE RULINGS.

As the expert report itself makes clear, Hagens Berman is presently offering the report solely in support of its Motions to Withdraw as counsel for five plaintiffs.  The report does not mention the expert letters that Weaver altered. It does not assess the scope or applicability of the crime-fraud exception to attorney-client privilege.  It does not grapple with the allegations raised by Ms. Sampson.  Neither Ms. Cabcabin nor Ms. Sampson appear in the report at all.

Hagens Berman served unredacted copies of the expert report on Weaver and Reeves, "participants" in the hearings that have been granted the same access as Hagens Berman to all testimony, exhibits, and productions of documents.  The firm also served on each of the five Motion-to-Withdraw Plaintiffs a copy of the expert report from which all information specific to other Plaintiffs was redacted.  That is because Hagens Berman offers the plaintiff-specific information only with respect to the Motion to Withdraw that pertains to that Plaintiff.

In an attempt to follow with precision the Special Master's rulings as to privilege and various individuals' access to the proceedings, Hagens Berman provided reports to Ms. Cabcabin and Ms. Sampson that had all Plaintiff-specific information redacted, but included information on

Mr. Reich's qualifications and compensation, as well as his analysis of the firm's pre- and post-filing due diligence, elements that are an explicit part of the Special Master's Motion-to-Withdraw inquiry.

It did not serve the expert report on Defendants, because Defendants are not "participants" in the Motion to Withdraw hearings – indeed, they have agreed to be excluded – and the report concerns only those motions, and not the Special Master's inquiry into the alteration of expert letters or any other issue to which the crime-fraud exception to attorney-client privilege could apply.  Thus, there is no applicable ruling that would permit Defendants to intrude on Hagens Berman's dispute with five individual Plaintiffs and access the expert report pertinent to only that matter.

## III.   <u>CONCLUSION</u>

Hagens Berman has distributed its expert report in a manner that complies with the Special Master's rulings with respect to privilege and access to evidence and his mandate to serve the report on "the participants in these proceedings."  In doing so, it has preserved and has not waived any applicable privilege or protection.  The Court should not order any further disclosure of the report.

Respectfully submitted,


PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI LLP

By:     /s/ Gaetan J. Alfano
        Gaetan J. Alfano
        Pennsylvania Bar No. 32971
        GJA@pietragallo.com
        Douglas E. Roberts
        Pennsylvania Bar No. 321950
        DER@pietragallo.com
        1818 Market Street, Suite 3402
        Philadelphia, PA 19102
        Telephone: (215) 320-6200
        Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro LLP*


DATED:  July 9, 2020


5315200v1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on July 9, 2020, the foregoing brief was served on all counsel of record through the Court's electronic filing system, CM-ECF.

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

By:    */s/ Douglas E. Roberts*
         Douglas E. Roberts
         Pennsylvania Bar No. 321950
         DER@pietragallo.com
         1818 Market Street, Suite 3402
         Philadelphia, PA 19102
         Telephone: (215) 320-6200
         Facsimile: (215) 981-0082

*Attorneys for Hagens Berman Sobol Shapiro LLP*