# Hagens Berman's Explanation of Redactions in Expert Report

| Portion of Report | Affected Part(ies) | Reasons for Redaction |
|---|---|---|
| The entire report: address; date; salutation; Section I – Introduction; Section II – Qualifications; Section III – Relevant Factual and Procedural Background; Section IV – Hagens Berman's Pre-Complaint Investigation Process; Section V – Relevant Legal Standards and Analysis; Section VI – Conclusion; Exhibit A – Curriculum Vitae | Defendants | Hagens Berman submits its expert report solely in support of its motions to withdraw as counsel for five plaintiffs. Defendants are not parties to Hagens Berman's motions to withdraw as counsel from its clients. They waived participation and discovery into the inquiry concerning the motions, Dkt. No. 546, and even if they had not, the Special Master would have excluded them, Dkt. No. 539 at 1. Defendants were granted limited participation into a second round of hearings, but only into areas that were outside the scope of Hagens Berman's good-faith basis for seeking withdrawal.<br><br>Hagens Berman's disclosure of the report to its former partner, Tyler Weaver, and co-counsel, Kay Reeves does not afford Defendants' access to its contents. Weaver was primary counsel for some of the plaintiffs for whom Hagens Berman sought withdrawal. Reeves' work was part of pre-complaint investigation, a subject that the Special Master identified as part of his inquiry at the outset of these proceedings. Dkt. No. 539 at 2. Both Weaver and Reeves had full access to the hearings, exhibits, and relevant documents. Dkt. No. 661 at 2. No case law suggests that the disclosure of the report to Weaver and Reeves necessitates a broader disclosure to Defendants, who have no standing to participate in the motion-to-withdraw hearings.<br><br>The same is true for Hagens Berman's disclosure of its report to Diana Cabcabin and Carolyn Sampson,[1] plaintiffs for whom the firm |

---

[1] Ms. Sampson, who has since initiated a lawsuit against Hagens Berman in this Court, 2:20-cv-2232-PD, argues that Hagens Berman has effected subject-matter waiver of its work product by retaining an expert, providing him with the materials necessary to draft a report pursuant to

1

| | | |
|---|---|---|
| | | does not seek withdrawal, but who, nevertheless, have become involved in this matter. Pursuant to the "mare's nest" of privilege rulings in this case, Dkt. No. 700 at 2, and the Special Master's requirement that the firm have an expert report prepared and served on "the participants in these proceedings," Dkt. No. 707 at 3, Hagens Berman provided Ms. Cabcabin and Ms. Sampson with copies of the expert report from which all plaintiff-specific information was redacted. |
| Section V – Relevant Legal Standards and Analysis, page 8, third paragraph, and page 10, second paragraph: three references to Plaintiff Mary Sells | Motion-to-Withdraw Plaintiffs Anderson, Bolton, Marshall, and Navamuel<br><br>Plaintiffs Cabcabin and Sampson | Pages 6 through 10 of Section V discuss the governing law, as applied to Plaintiffs' counsel's investigation of thalidomide claims – a subject that the Special Master expressly put at issue in the motion-to-withdraw hearings. These pages contain no plaintiff-specific information, apart from three references to Plaintiff Mary Sells, which were meant to illustrate a general point.<br><br>Those references – "Mary Sells" and "Ms. Sells," on page 8, and "Mary Sells" on page 10 – must be redacted as to all Plaintiffs except for Ms. Sells. The motion-to-withdraw hearing for this Plaintiff, like all such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to information concerning the reasons supporting withdrawal from Ms. Sells's case. |
| Section V – Relevant Legal Standards and Analysis, page 11: first and second paragraphs, which are specific to the grounds for withdrawal in Plaintiff Terrie Bolton's case | Motion-to-Withdraw Plaintiffs Anderson, Marshall, Navamuel, and Sells | Pages 11 and 12 of Section V contain paragraphs discussing the reason withdrawal is sought for each of the five Plaintiffs. The paragraphs specific to Ms. Bolton appear on the top of page 11.<br><br>These paragraphs must be redacted as to all Plaintiffs except for Ms. Bolton. The motion-to-withdraw hearing for this Plaintiff, like all |

---

the Special Master's Order, and disseminating that report pursuant to the same Order and consistent with the various privilege rulings in this case. *See* Dkt. No. 716.  Hagens Berman will address these arguments in a responsive brief per the applicable scheduling orders.

2

| | | |
|---|---|---|
| | Plaintiffs Cabcabin and Sampson | such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to information concerning the reasons supporting withdrawal from Ms. Bolton's case. |
| Section V – Relevant Legal Standards and Analysis, page 11: third paragraph, which is specific to the grounds for withdrawal in Plaintiff Mary Sells's case | Motion-to-Withdraw Plaintiffs Anderson, Bolton, Marshall, and Navamuel<br><br>Plaintiffs Cabcabin and Sampson | Pages 11 and 12 of Section V contain paragraphs discussing the reasons the firm is seeking withdrawal as counsel to each of the five Plaintiffs. The paragraph specific to Ms. Sells appears on the bottom of page 11.<br><br>This paragraph must be redacted as to all Plaintiffs except for Ms. Sells. The motion-to-withdraw hearing for this Plaintiff, like all such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to information concerning the reasons supporting withdrawal from Ms. Sells's case. |
| Section V – Relevant Legal Standards and Analysis, page 12: first paragraph, which is specific to the grounds for withdrawal in Plaintiff Richard Anderson's case | Motion-to-Withdraw Plaintiffs Bolton, Marshall, Navamuel, and Sells<br><br>Plaintiffs Cabcabin and Sampson | Pages 11 and 12 of Section V contain paragraphs discussing the reasons the firm is seeking withdrawal as counsel to each of the five Plaintiffs. The paragraph specific to Mr. Anderson appears on the top of page 12.<br><br>This paragraph must be redacted as to all Plaintiffs except for Mr. Anderson. The motion-to-withdraw hearing for this Plaintiff, like all such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to the reasons supporting withdrawal from Mr. Anderson's case. |
| Section V – Relevant Legal Standards and Analysis, page 12: second paragraph, which is specific | Motion-to-Withdraw Plaintiffs Anderson, Bolton, Marshall, and Sells | Pages 11 and 12 of Section V contain paragraphs discussing the reasons the firm is seeking withdrawal as counsel to each of the five Plaintiffs. The paragraph specific to Mr. Navamuel appears on the middle of page 12. |

| | | |
|---|---|---|
| to the grounds for withdrawal in Plaintiff Jose Navamuel's case | Plaintiffs Cabcabin and Sampson | This paragraph must be redacted as to all Plaintiffs except for Mr. Navamuel. The motion-to-withdraw hearing for this Plaintiff, like all such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to information concerning the reasons supporting withdrawal from Mr. Navamuel's case. |
| Section V – Relevant Legal Standards and Analysis, page 12: third paragraph, which is specific to the grounds for withdrawal in Plaintiff John Marshall's case | Motion-to-Withdraw Plaintiffs Anderson, Bolton, Navamuel, and Sells | Pages 11 and 12 of Section V contain paragraphs discussing the reasons the firm is seeking withdrawal as counsel to each of the five Plaintiffs. The paragraph specific to Mr. Marshall appears on the bottom of page 12. |
| | Plaintiffs Cabcabin and Sampson | This paragraph must be redacted as to all Plaintiffs except for Mr. Marshall. The motion-to-withdraw hearing for this Plaintiff, like all such Plaintiffs, was held *in camera*. Neither the remaining motion-to-withdraw Plaintiffs, nor Ms. Cabcabin or Ms. Sampson, have been granted access to information concerning the reasons supporting withdrawal from Mr. Marshall's case. |