IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION ET AL., <br><br> Defendants. | Case No. 2:11-cv-05782-PD <br> and all related cases |

### FINDINGS AND ORDER OF THE SPECIAL DISCOVERY MASTER

I am ruling on certain privilege issues in advance of resumption of the hearing scheduled for Monday, May 24, 2021. An Opinion will follow.

1. Hagens Berman Sobel Shapiro LLP ("Hagens Berman") has waived attorney work product protection by giving its proposed testifying expert witness access to facts and data – the transcripts of proceedings and exhibits received partly *in camera* by the Special Discovery Master (the "Hearing Materials") – that might otherwise have remained protected. Fed. R. Civ. P. 26(a)(2)(B).

2. The proposed testifying expert has acknowledged in his report (the "Expert Report") that he considered the Hearing Materials in forming his opinion and preparing the Expert Report.

3. The attorney-client privileges of individual past or present clients of Hagens Berman or the firm's former co-counsel, Kay Gunderson Reeves, were not waived or lost by the attorneys' self-serving disclosure of privileged communications to the proposed testifying expert witness because the disclosures

were not authorized and were not in Hagens Berman's clients' interests.  *See* Restatement (Third) of the Law Governing Lawyers § 79 and Comment c.

    a.    I am filing with the Clerk's office a partially-redacted copy of the Expert Report (the "Redacted Expert Report") for docketing and service.  For the avoidance of any doubt, the Redacted Expert Report shall be delivered to the following making use of the Courts ECF docketing and service system or, if necessary, other means:

        i.    The testifying expert witness;

        ii.    All Defendants;

        iii.    The Plaintiffs and former Plaintiffs participating or entitled to participate in this hearing, *i.e.,* Richard Anderson, Terrie Bolton, Diana Cabcabin, John Marshall, Jose Navamuel, Carolyn Sampson and Mary Sells;

        iv.    Kay Gunderson Reeves;

        v.    Tyler Weaver; and

        vi.    Hon. Paul Diamond, U.S.D.J.

4.    Upon careful review of the Hearing Materials and the Expert Report over a period of several months, the only redactions to be made from the Expert Report presented to the Special Master on April 15, 2020, are:

    a.    *Page 8, last ¶, a sentence beginning "Although some of the plaintiffs."*  That sentence contains an assertion of fact that can only have come from an attorney-client communication uttered in the course of obtaining legal services.

    a.    *Page 9, first full ¶, a sentence beginning "The same."* It presents a close question as to the states of mind of the Plaintiffs with respect to the involvement of Thalidomide in their injuries.

    b.    *Page 9, first full ¶, a sentence beginning "There was no internet."* The sentence contains a phrase beginning "no indication that these . . . ." That phrase, running to the end of the sentence, could rest on either speculation on the expert's part or actual attorney-client communications. I will redact it, at least for the time being, out of an abundance of concern for the attorney-client privilege.

    c.    *Page 10, second full ¶, a sentence beginning "Hagens Attorney."* The sentence contains a nine-word phrase beginning "at least." That sentence may or may not be attorney-client communication-dependent, and I will redact it out of the same abundance of caution.

5.    I will file of record but under seal an unredacted copy of the Expert Report.

In due course, I will review the Hearing Materials (*i.e.* the transcripts of testimony from 2017 and 2019 and the related exhibits) anew in light of Hagens Berman's waiver.

May 18, 2021                                /s/ William T. Hangley
                                                WILLIAM T. HANGLEY
                                                SPECIAL DISCOVERY MASTER