**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION ET AL.,<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br>and all related cases |

**MEMORANDUM AND ORDER**
**OF THE SPECIAL DISCOVERY MASTER**

I write to announce and explain my rulings as Special Discovery Master on certain motions and requests, in advance of a hearing presently scheduled to resume on Monday, May 24, 2021, and also to answer some of the participants' questions about remote access, in-person attendance, and the like.

**First, the logistics:** We have been moved about the Courthouse a bit since this hearing was scheduled. It will now convene in **Courtroom 14A** of the Byrne Courthouse. Because the Courthouse COVID-19 protocols limit occupancy of the room to a maximum of 25 people, we have arranged for a second courtroom as an overflow facility. That facility may be relocated from day to day, and my understanding is that it will be an audio-only listening post. Before Monday, the participants will receive an email with the details on how to participate in the hearings by video or telephonic means. Any participant is welcome to attend the hearing in person, subject to the safety protocol reflected in the Court's COVID-19 Reopening Guidelines (accessible on the Court's website at https://www.paed.uscourts.gov/documents/notices/EDPA_Reopening_Guidelines.pdf).

Judging by your responses to my earlier inquiries, I do not anticipate that the two courtroom facilities will be overtaxed.

As a one-day-only change to the schedule, we will call the hearing to order at **11 a.m. Eastern** on **Monday, May 24.** Thereafter, I intend to keep to the original schedule of a 10 a.m. Eastern start time for the rest of the week. We will plan on adjourning daily not later than 6 p.m. Eastern in deference to the building staff.

**Scheduling testimony.** I am scheduling Abraham Reich and Nicolle Grueneich to testify on Monday, May 24, 2021, and scheduling Stephen Raynes to testify on Tuesday, May 25. Other witnesses will be scheduled as soon as reasonably convenient with as much notice as possible. I will not call Ms. Sampson to testify before Wednesday, May 26. Ms. Sampson has informed us that she can be flexible in the choice of a date, but that flexibility will require early notice from any participant who would rather Ms. Sampson testify on a different date.

We will undoubtedly be calling some available witnesses on short notice as the testimony unfolds, and I will appreciate their cooperation.

Further to the business of scheduling witnesses: Although all past testifying witnesses were excused from attending the coming hearing in person, none of them was excused from an obligation to testify if called to do so. The Special Master has not heard back with respect to the convenience of some of those witnesses (Messrs. Berman and Weaver are two who come readily to mind) and, accordingly, I understand that all such persons are available to testify on short notice at the convenience of the Special Master. That understanding will remain until such time, if any, as I approve a request for a more limited schedule of availability for any witness.

I will now address the several requests, motions, and promised motions the participants have submitted.

1. **Hagens Berman's request for a settlement conference (ECF 740).** Hagens Berman Sobel Shapiro LLP ("Hagens Berman") has requested that I convene a settlement conference. As Special Discovery Master, with advisory responsibilities to the District Court, I do not want to be in the position of soliciting or considering inadmissible partisan evidence or of leaving any participant to wonder whether I have done that, particularly in the nonjury phases of the consolidated litigation in which I am charged with responsibility. The request is **DENIED** accordingly. I encourage counsel to either approach the Court or engage an independent mediator if they wish to pursue settlement, but I remind them that there may be issues that require addressing outside familiar "P. v. D." models – between counsel and present or former clients, or between counsel and present or former counterparties, or simply between counsel – and that will require deft navigation. As we have seen from the experience of the past few years in these consolidated cases, many such issues remain unresolved and dynamic.

2. **Request for an offer of proof (ECF 740).** Hagens Berman has requested that I make an offer of proof regarding the expected testimony of Stephen Raynes. I decline that request. I am serving as a provisional court officer charged with investigating facts and making recommendations to the Court. It is for the adversaries to offer and make the proofs.

3. **Hagens Berman's announced motion to place the Expert Report in evidence.**It is not, of course, common practice to admit an expert's Fed. R. Civ. P. 26(a)(2)(B) report in evidence, because it is not evidence. The function of that

document is to educate the court and the other parties about what the proffered technical and opinion evidence is going to be, to assist the court in its “gatekeeper” function, to facilitate the adverse parties’ discovery and to circumscribe the expected testimony of the expert. The report is not substantive evidence, particularly in that (unlike, say, a report of tests or inspections conducted first-hand by a technical witness) so much of it is hearsay-based. In the matter before me, the Expert Report in redacted form is in the record, and an unredacted iteration has been filed under seal. I will permit the Expert Report to be made an exhibit, and admitted not for its truth but as a recordation of Abraham Reich’s unsworn statement and expected testimony, and to circumscribe his expert testimony, and as a convenient reference tool for examination and cross. It is not going to be evidence of things Mr. Reich read in the Hearing Materials or was told by Hagens Berman or its counsel. I remind all participants that there has thus far been no expert discovery, no *Daubert* hearing, no *voir dire* examination, and no offering of Mr. Reich as an expert witness in this case.

4. **Terrie Bolton’s Motion to Strike (ECF 745).** Ms. Bolton no longer wants to be represented by Hagens Berman, and has withdrawn her fierce opposition to the firm’s withdrawal. She has moved to strike parts of the Expert Report that relate to her on the grounds that Hagens Berman’s motion to withdraw from representing her, ECF 342, is now moot because she has fired the firm. But Ms. Bolton’s decision to uncouple from an attorney-client relationship with Hagens Berman does not mean that I should not consider all facts relevant to three propositions advanced by Hagens Berman and, in the Expert Report, by Mr.

Reich: that "Hagens Berman had a good faith basis to bring lawsuits on behalf of its clients starting in 2011 for injuries allegedly suffered as a result of exposure to Thalidomide, to continue to prosecute them as long as it did and, finally, that it was appropriate for Hagens Berman to seek leave to withdraw from representing these plaintiffs when it did due to information obtained during discovery." My obligation to consider that evidence is particularly clear when – as a result of events and revelations connected to these withdrawal motions – the scope of my inquiries have expanded as they have. I am constrained, as well, to point out to Ms. Bolton that the "the facts or data considered by the witness," that is, the fact-witness testimony that Mr. Reich considered, is part of the record in these proceedings, so that even striking a paragraph or two from the Expert Report – which I will not do – would not remove the "facts or data considered" from being explored in these proceedings.

5. **Agreements with Hagens Berman.** Testimony in past sessions of the hearing, as well as the submissions pertinent to the upcoming session, suggests that Hagens Berman has entered into agreements or financial arrangements, in or after 2017, that may be relevant to these proceedings. Examples include, I believe, agreements to which Hagens Berman and one or more of Terrie Bolton, Diana Cabcabin, Carolyn Sampson, and Tyler Weaver are direct or indirect parties, and pursuant to which Hagens Berman paid, forgave, or committed to pay or forgive monetary consideration. Hagens Berman and every Plaintiff, past Plaintiff or former firm partner or associate who participated in the formation of any such agreement shall produce, on or before Wednesday, May 26, any such agreement.

All such agreements shall be received and held under seal pending and without waiver of any argument regarding their remaining under seal, or regarding my authority to demand or consider them in these proceedings.

6. **Limited oral arguments.** If requested, I will permit brief argument seeking reconsideration of the denial of Hagens Berman's motion to place the Expert Report in evidence, and of Plaintiff Bolton's Motion to Strike, in advance of any testimony by Mr. Reich. Equally brief arguments seeking reconsideration of the remaining rulings contained herein will be held at other times.

May 21, 2021

/s/ William T. Hangley
WILLIAM T. HANGLEY
SPECIAL DISCOVERY MASTER