IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENDA JOHNSON, et al.** | : | |
| | : | |
| v. | : | Civ. No. 11-5782 |
| | : | and all related cases |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, et al.** | : | |

**O R D E R**

Having been the subject of misconduct sanctions (Doc. No. 483), the Firm of Hagens Berman seeks to prevent the imposition of additional sanctions by offering an expert report authored by Abraham Reich. The purpose of the report is to demonstrate, *inter alia*, that the Firm conducted an adequate investigation before initiating various thalidomide cases. Pa. R. of Professional Conduct § 1.16(a)(1). In coming to this conclusion, Mr. Reich explicitly acknowledged reviewing numerous Hagens Berman materials that otherwise would have been subject to the work product privilege, the attorney client privilege, or both.

Having given all concerned ample opportunity to address the issue, Special Master William T. Hangley has determined that once the Firm provided these materials to Mr. Reich, it waived the work product privilege, and that the Hagens Berman materials would thus be provided to Defendants (from whom Mr. Hangley had withheld the materials because they were privileged). Hagens Berman objects, arguing that: (1) distribution of the materials must be limited to the Firm's "adversaries" and to "participants" in the proceedings Mr. Hangley is presently conducting; (2) Defendants are neither the Firm's "adversaries" nor "participants" in the Hangley proceedings (having been excluded when privileged materials were discussed or disclosed); and (3) the privilege was not waived simply because "Mr. Reich was retained as a testifying expert." (Objections at 15.)

Hagens Berman has thus confused the law and the record. The Firm waived the privilege not when it "retained" Mr. Reich, but when it disclosed to him otherwise privileged materials. See Kida v. EcoWater Sys. LLC, 2011 WL 1883194, at *4 (E.D. Pa. May 17, 2011). Whether or not Defendants are "adversaries" or "participants" in the proceedings before Mr. Hangley is thus quite beside the point. Once there was a waiver, the materials were unprotected from public scrutiny. See Westinghouse Elec. Corp. v. Republic of Philippines, 951 F.2d 1414, 1427–30 (3d Cir. 1991); In re Teleglobe Commc'ns Corp., 493 F.3d 345, 361 (3d Cir. 2007).

In any event, it is apparent that Defendants are both the Firm's adversaries and participants in these proceedings. Since I appointed him in 2014, Mr. Hangley has—in accordance with my Order—sought to determine how the 52 Plaintiffs in this consolidated matter could proceed with these product claims that were apparently time-barred. (Doc. No. 316.) Over the ensuing seven years, Hagens Berman has done what it could to frustrate Mr. Hangley, who has nonetheless uncovered extremely disturbing facts. I have thus been compelled to broaden Mr. Hangley's portfolio, keeping in mind his primary focus: whether these suits were permissibly initiated and prosecuted. In accordance with my October 31, 2014 Order, Mr. Hangley sought to determine whether Hagens Berman committed misconduct when it concluded an agreement with GlaxoSmithKline by which the Plaintiffs in several dozen thalidomide cases would withdraw their complaints against GSK in return for the Company not seeking additional sanctions against Hagens Berman. (Doc. No. 396.) This agreement was concluded shortly after I appointed Mr. Hangley, who had ordered Plaintiffs to disclose when they had first learned that they had suffered thalidomide injuries. Mr. Hangley later learned that a Firm partner had altered expert reports to persuade (apparently dishonestly) two Plaintiffs to withdraw their suits against all Defendants. Presumably that is why Mr. Reich has opined, *inter* alia, that the Firm's present

investigation complied with the Code of Professional Conduct. In these circumstances, to argue that all Defendants are not the Firm's "adversaries" or "participants" in the proceedings before Mr. Hangley is simply wrong.

### Conclusion

Hagens Berman plainly wishes to use the work product privilege as a shield—protecting its materials from public disclosure—and a sword—using the materials to show that it did not commit misconduct. This is impermissible. In re Chevron Corp., 650 F.3d 276, 287 (3d Cir. 2011). I will accordingly overrule Hagens Berman's objections.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

May 24, 2021                                                            Paul S. Diamond, J.