IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*,<br><br>                                    Plaintiffs,<br><br>                    v.<br><br>SMITHKLINE BEECHAM<br>CORPORATION, *et al.*,<br><br>                                    Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES |

**NOTICE REGARDING TRANSCRIPTS, AGREEMENTS PRODUCED
AS ORDERED BY SPECIAL MASTER HANGLEY, AND POST-HEARING BRIEFING**

Hagens Berman Sobol Shapiro, LLP ("Hagens Berman"), by and through its undersigned counsel, hereby submits the within Notice Regarding Transcripts, Agreements Produced as Ordered by Special Master Hangley, and Post-Hearing Briefing.

**A.     Hagens Berman respectfully submits that the hearing transcripts from the *in camera* proceedings should remain confidential, under seal, and should only be available to the parties and participants who were present during the proceedings as reflected in those transcripts.**

1.     On May 26, 2021, the Special Master requested that the participants provide "guidance on what you expect to be done with the underlying transcripts from the 2017 and 2019 iterations of this hearing." May 26, 2021 Tr., p. 470:20-23.

2.     Hagens Berman respectfully submits that the hearing transcripts from the *in camera* proceedings conducted before Special Master Hangley in 2017, 2019, and 2021 should remain confidential, under seal, and should only be available to the parties and participants who were present during proceedings as reflected in those transcripts.

3.     This requested treatment is consistent with the manner in which the Special Master has treated the transcripts to date.

1

4.      This inquiry began in 2014 when Hagens Berman moved to withdraw as counsel for six plaintiffs in the above-captioned matter.[1]  Dkt Nos. 207, 301, 342, 343, 375, 382.  On March 14, 2016, the Court ordered the Special Master to advise it on whether to grant the motions.  Dkt No. 532.

5.      On November 17, 2016, the Special Master ordered separate hearings to receive testimony on the motions to withdraw.  Dkt No. 539; *see also* Dkt No. 562 at 3 ("To be clear: This will not be a single hearing on all five Motions, but five separate hearings, each of which will delve into the facts and professional considerations surrounding a particular Hagens Berman Motion."); Dkt No. 588 at 6 ("Because there are five different plaintiffs and five separate motions, five separate *in camera* hearings were held.").

6.      The Special Master stated that the inquiry would not be limited to "the assertion that 'professional considerations require that Plaintiffs' counsel withdraw as [Plaintiffs Marshall, Navamuel, Bolton, Skelton, Anderson and Sells'] counsel under Rule 1.16(a)(1)'."  Dkt No. 539 at 2 (citation omitted).  The firm would also need "to establish that the firm was unaware of the problem when it filed its clients' Complaints; to explain how the firm learned of the problem; and to explain the failure to know about it earlier."  *Id.*

7.      Because the inquiry would necessarily delve into matters of attorney-client privilege, the Special Master ordered that the hearings would proceed *in camera* to avoid privilege

---

[1] One Motion-to-Withdraw Plaintiff, John Skelton, passed away while this litigation was pending. The Special Master "recommend[ed] that the Skelton Motion be dismissed as moot."  Dkt No. 563 at 1.

waiver.  Although he had "no doubt concerning [his] discretion to proceed" in that manner, he asked Defendants to waive any objections they might have.[2]  *Id.*

8.      On December 12, 2016, Defendants waived discovery into and participation into the inquiry. Dkt No. 546.

9.      The hearings on the motions to withdraw proceeded in accordance with the Special Master's procedures from September 26-28, 2017.  In addition to the Plaintiff-specific hearings, there was a hearing at the beginning of the session, which all Plaintiffs were permitted to attend, where Hagens Berman offered evidence concerning its "all clients" work product so it could efficiently address its pre- and post-filing due diligence, which were not related to any particular Plaintiff.  *See* Dkt No. 644 at 12.  Apart from this all-Plaintiffs session, participation in each hearing was limited to Hagens Berman and the affected Plaintiff.  Consistent with their waiver and the Special Master's ruling, Defendants did not appear, participate in any manner, or have access to transcripts of, or exhibits put into evidence during, the hearings.

10.     In November 2017, Hagens Berman discovered that its Partner Tyler Weaver, who had testified on the firm's behalf in three of the September 2017 hearings, had altered two letters submitted by its expert witness, Dr. Trent Stephens.

11.     One of the letters pertained to Terrie Bolton.  The other pertained to Diana Cabcabin, a Plaintiff who had dismissed her claims against all defendants in the underlying Thalidomide litigation (Dkt No. 328) and was not to subject to a motion to withdraw.[3]

---

[2] The Special Master later referred to this as a "belt and suspenders procedure," meant to assure Plaintiffs that their "confidential or privileged information would not somehow fall into defendants' hands."  Dkt No. 554 n.7.

[3] The Special Master has recently acknowledged that Ms. Cabcabin never received the altered report.  Dkt No. 746 at 11 ("Mr. Weaver also changed former Plaintiff Cabcabin's examination report, but she appears to have agreed to drop her case without ever seeing the forged document.")

12.     Hagens Berman disclosed the alterations to counsel for Ms. Bolton and the Special Master. *See* Dkt No. 588 at 1. The Special Master opined that "Weaver's conduct obliges the Court to examine closely the events that transpired, and to impose sanctions if and as warranted, and that the Court expects me to report and recommend on those subjects as well as on the grant or denial of the Motions to Withdraw." *Id.* at 13.

13.     On Hagens Berman's motion, Ms. Cabcabin was offered *pro bono* counsel, whom she retained at the firm's expense. Concerned that Weaver's alterations "may have implications for other Hagens Berman client-plaintiffs who consented to the dismissal of all their claims with prejudice" and "call into question every plaintiff who was asked to drop her case against all defendants," the Special Master ordered production of certain categories of documents from Hagens Berman "regarding the five plaintiffs and other plaintiffs as to whom voluntary dismissal was sought or obtained." *Id.* at 3, 9, 16.

14.     Hagens Berman fulfilled its production obligations to the Special Master. It also made substantial document productions to Ms. Bolton and Ms. Cabcabin, as well as to Ms. Sells, even though no expert letter related to her claims had been altered.[4]

15.     On the Special Master's instructions, all documents provided to each Plaintiff were redacted so that references to all other plaintiffs were removed.

16.     On April 11, 2018, Defendants, despite their waiver regarding the Motion-to-Withdraw proceedings, moved for leave to participate in any further hearings. Dkt No. 602. Defendants claimed "not [to be] asking for any greater role than the opportunity to observe and,

---

[4] Through its counsel, Hagens Berman retained an independent forensic examiner who reviewed all letters provided by Dr. Stephens and all communications concerning those letters. He determined that Mr. Weaver was the only Hagens Berman employee who had altered any letters, and he only altered the letters concerning Ms. Bolton and Ms. Cabcabin.

only as necessary to protect their interests, to be heard." *Id.* at 3.  Specifically, Defendants claimed "not [to be] seek[ing] to intrude on the privilege between Hagens Berman and plaintiffs." *Id.* at 2.

17.     While Hagens Berman, Ms. Bolton, Ms. Cabcabin, and the Court were moving forward in the proceedings following the disclosure of Weaver's conduct, Plaintiff Carolyn Sampson, who was subject to neither a motion to withdraw nor of an altered expert report, inserted herself into the inquiry.  She first moved to dismiss all her claims against all Defendants.  Dkt No. 597.  But then, in May 2018, she requested that her motion be withdrawn, Dkt No. 635, and the Court granted her request, Dkt No. 636.

18.     In July 2018, Ms. Sampson sent the Special Master a letter in which she accused Hagens Berman and its former co-counsel, Kay Gunderson Reeves,[5] of various instances of false, misleading, or inadequate communications.  Dkt No. 640.

19.     On December 21, 2018, the Special Master *sua sponte* expanded the scope of the inquiry to include Ms. Sampson's grievances.  Dkt No. 644 at 7.

20.     Ms. Reeves was ordered to produce *in camera* "all documents in her possession or control relating to her involvement" in the Thalidomide litigation.  *Id.* at 6.  Hagens Berman was ordered to produce *in camera* "all documents in its possession or control dealing with Ms. Sampson or her representation." *Id.*  Finally, Ms. Sampson was ordered to produce *in camera* "the documents and emails in her possession that relate to her dealings with Hagens Berman and her other past attorneys in this litigation, and her documents and emails with any of her present or past co-Plaintiffs that relate to these actions." *Id.* at 7.

21.     In defining the scope of hearings to come, the Special Master invoked the crime-fraud exception to vitiate attorney-client privilege as to "evidence tending to show fraudulent

---

[5] Ms. Reeves withdrew as counsel in the Thalidomide litigation in July 2013.  Dkt No. 78.

behavior on the part of the attorneys – Hagens Berman or Ms. Reeves." *Id.* at 15.[6]  This ruling

encompassed the "Stephens [letters] regarding Misses Cabcabin and Bolton," *id.* n.9, and other

testimony and documents to be determined by the Special Master, *id.* at 16.

22.    Under the Special Master's recommendation, at the next hearings, the Defendants

would be "permitted to hear and elicit testimony and have access to exhibits only when such

testimony or exhibits are pertinent to the crime-fraud exception," and such evidence would be

made available to the public.    *Id.* at 15-16. The Court adopted the Special Master's

recommendation.  Dkt No. 662.

23.    The Special Master also recommended, and the Court then ordered, that Ms.

Cabcabin be granted access to the transcript and exhibits related to the "all clients" session held at

the beginning of the September 2017 hearings.  Dkt No. 644 at 12; Dkt No 662.  But the Court

denied – again on the Special Master's recommendation – Ms. Cabcabin's motion for the plaintiff-

specific testimony and exhibits.  *Id.*

24.    Ms. Reeves, who would be required to testify in future hearings, moved for access

to the transcripts and exhibits from the September 2017 hearings.  Dkt No. 651.  The Court granted

the motion, permitting Ms. Reeves to obtain "presently sealed materials and materials received in

camera to the same extent such materials are available to Hagens Berman Sobel Shapiro LLP and

Tyler Weaver, and subject to identical restrictions and limitations."  Dkt No. 661 at 2.

25.    The Special Master set further hearings for the week of May 7, 2019. Dkt No. 665.

He identified the witnesses required to testify.  *Id.*  "Because some if not all of the hearing evidence

---

[6] The Special Master has since acknowledged that Mr. Weaver acted alone and that nobody at Hagens Berman was aware of his actions. Dkt 746 at 11 n.9 ("Formally, it was Hagens Berman that offered Mr. Weaver, then a member of the firm, as a witness, and put the bogus document into evidence.  But the evidence does not suggest anyone at the firm other than Mr. Weaver was aware of its falsity, or that the firm knew of his conduct.")

w[ould] be received in camera," he noted that "some attendees w[ould] be excluded from parts of the proceeding.  Similarly, the transcript of the proceedings will require my pre-distribution review and redaction to assure that the confidentiality of evidence is preserved where that is called for." *Id.* at 2.

26.    On April 25, 2019, the Special Master granted Ms. Bolton and Ms. Cabcabin's requests for access to all documents concerning all Plaintiffs or multiple Plaintiffs, including them. Dkt No. 683 at 4-5, 7.  The Special Master found that, as Plaintiffs in the Thalidomide litigation, Ms. Bolton and Ms. Cabcabin were entitled to see documents to any pre-suit or post-suit investigation of the claims that Hagens Berman or Ms. Reeves conducted. *Id.*

27.    The hearings proceeded from May 7-10, 2019. As a general matter, participants were granted access consistent with the Special Master's privilege rulings.[7]  Hagens Berman, Weaver, and Reeves were permitted to attend all testimony and examine all witnesses and were provided with all exhibits.  No testimony pertaining to the reasons for Hagens Berman sought to withdraw as counsel for Plaintiffs Anderson, Bolton, Marshall, Navamuel, or Sells was presented at the May 2019 hearings.

28.    On February 6, 2020, the Special Master proposed to set further proceedings between March 16 and April 3.  Dkt No. 704 at 4.  He hoped the testimony would last only a day or two, and that this would be the last evidentiary hearing in this matter, though he could "not make any promises." *Id.*  The Procedural Memorandum did not specify the witnesses required to attend, nor did future procedural memoranda in 2020, issued as the Covid-19 public health crisis caused one delay after another.

---

[7] The redaction of transcripts and exhibits is subject to a process ordered by the Special Master. *See* Dkt No. 704.  Hagens Berman does not waive its rights to assert attorney-client privilege or work-product protection for any testimony or exhibit.

29.     In response to one such memorandum, Hagens Berman provided the Special Master with scheduling conflicts for potential witnesses and disclosed that it intended to call Abraham Reich, Esq., as an expert witness on the propriety of its pre- and post-filing due diligence and of moving to withdraw as counsel for the aforementioned Plaintiffs when and for the reasons it did. Dkt No. 701 Ex. A.

30.     The Special Master previously observed that "[i]t is Hagens Berman's and its counsel's prerogative to decide what evidence they will muster in support of their Motions to Withdraw, and just how that evidence should be presented."  Dkt No. 569 at 1.  In light of that instruction and the prospect that the next hearing would be the last, Hagens Berman decided to offer testimony from Mr. Reich in support of its Motions to Withdraw and for no other reason.

31.     However, on March 16, 2020, the Special Master ordered Hagens Berman to "serve on the participants in these proceedings, as well as the Special Discovery Master," an expert report that complied with Federal Rule of Civil Procedure 26(a)(2)(B), within 30 days. Dkt No. 707 at 3. Hagens Berman served its Expert Report, in various forms of redaction, on April 15, 2020.

32.     On June 11, 2020, the Special Master *sua sponte* issued a Memorandum and Order noting that he has "spent many hours pondering and researching questions implicated by" Hagens Berman's submission of the Expert Report, "including whether Plaintiffs' and former Plaintiffs' attorney-client privileges have been waived or undone; whether Hagens Berman's core work product protection was waived; and how the answers to these questions will affect the ongoing conduct of the hearing over which I am presiding."  Dkt No. 713 at 1.  The Special Master "concluded that the interests of justice may best be served by affording all participants an opportunity to proceed before I proceed further" and "invite[d] all participants to brief these matters simultaneously," while requesting that "Mr. Pulgram consult with, and take the lead in

advancing the positions of, his own client [Ms. Cabcabin] and the Plaintiffs who have testified in the hearing, to the extent that can be done consistent with his obligations to his own client." *Id.* at 2. Following these simultaneous briefs by the participants, the Special Master anticipated "extensive responsive briefings in a second wave." *Id.*

33.    Continuing, the Special Master "order[ed] Hagens Berman to prepare – but serve only on the Special Master for the time being – a redacted copy of the Expert Report" and directed that "Hagens Berman should avail itself of every perceived justification for redaction, *i.e.*, Hagens Berman should not concede that any privilege has been lost by the disclosure of information to or by the expert witness, or by any prior ruling in this litigation…" *Id.*

34.    Hagens Berman argued in its July 9, 2020 Brief that neither the attorney-client privilege nor work product doctrine protections had been waived.  Dkt No. 718.  Through Mr. Pulgram, Ms. Cabcabin and the Motion-to-Withdraw Plaintiffs – Ms. Sells, Mr. Navamuel, Mr. Marshall, and Ms. Bolton[8] - advanced the same position.  Dkt No. 719.  As to the work product protections, Ms. Cabcabin and the Motion-to-Withdraw Plaintiffs argued that they have an interest in any work product that implicates their confidences and that they have not waived any such protection. *Id.* at 5.

35.    The second wave briefing of Hagens Berman and the Motion-to-Withdraw Plaintiffs advanced the same positions (Dkt Nos. 726 and 727), including the arguments that where, as here, "privileged information is offered to an expert with the intent for the expert's report to be used *in camera* only, the *in camera* nature of the proceeding preserves whatever privileges might otherwise be subject to waiver"  and that "[a] contrary rule could effectively prohibit experts

---

[8] As noted above, Judge Diamond granted the Joint Motion to Withdraw and Substitute Counsel as to Plaintiff Terrie Bolton on October 21, 2020.  Dkt No. 731.  Accordingly, the original Motion to Withdraw as counsel for Plaintiff Terrie Bolton (Dkt No. 342) is moot.

from testifying in *in camera* proceedings, which would not serve the interests of justice." Dkt No. 727 at 7 (citing *Mutawakkil v. Gerl*, No. 12-cv-816-bbc, 2014 WL 670853, at *5 (W.D. Wis. Feb. 20, 2014) (ordering submission of expert testimony and opinion regarding defendants' communications in camera))

36.    The briefing on these issues was closed August 23, 2020.

37.    On January 11, 2021, the Special Master ordered that in person hearings would resume on May 24, 2021. Dkt No. 735. As the Covid-19 pandemic persisted, the Special Master amended that Order to allow for remote participation. Dkt No. 736.

38.    On May 18, 2021 – roughly nine (9) months after the briefing on the issue closed and only six (6) days before the hearings were scheduled to resume – the Special Master issued "Findings and Order of the Special Discovery Master" ("Findings and Order"), holding, in pertinent part, that (a) Hagens Berman "has waived attorney work product protection by giving its proposed testifying expert witness access to facts and data – the transcripts of proceedings and exhibits received partly *in camera by the Special Discovery Master* [] – that might otherwise have remained protected" and (b) "[t]he attorney-client privileges of individual past or present clients of Hagens Berman or the firm's former co-counsel, Kay Gunderson Reeves, were not waived or lost by the attorneys' self-serving disclosure of privileged communications to the proposed testifying expert witness…" Dkt No. 742, ¶¶ 1-3.

39.    Additionally, the Special Master "fil[ed] with the Clerk's office a partially-redacted copy of the Expert Report (the "Redacted Expert Report") for docketing and service" and directed that "the Redacted Expert Report shall be delivered to" "(i) The testifying expert witness; (ii) All Defendants; (iii) The Plaintiffs and former Plaintiffs participating or entitled to participate in this hearing, *i.e.* Richard Anderson, Terrie Bolton, Diana Cabcabin, John Marshall, Jose Navamuel,

Carolyn Sampson and Mary Sells; (iv) Kay Gunderson Reeves; (v) Tyler Weaver; and (vi) Hon Paul Diamond, U.S.D.J." *Id.* at ¶ 3.a.  The only items redacted from the Expert Report were those sections the Special Master identified as containing information subject to the attorney-client privilege.  No work product was redacted.

40.    The Special Master did not allow any participant the opportunity object to the Findings and Order before the Redacted Expert Report was docketed.  The Findings and Order were issued less than one day after Hagens Berman requested leave to amend the Expert Report to eliminate any reference to Ms. Bolton given that the Motion to Withdraw for Ms. Bolton was Moot.  Dkt No. 740, ¶ 3.  A Memorandum of the Special Master followed two days later.  Dkt No. 746.

41.    On May 20, 2021, Ms. Bolton filed a Motion to Strike Portions of the Unredacted Expert Opinion of Abraham C. Reich, arguing that Hagens Berman's Motion to Withdraw as to Ms. Bolton is moot and that evidence concerning Hagens Berman's withdrawal as her counsel is irrelevant.  Dkt No. 745 ("there is no motion or dispute involving Ms. Bolton currently pending before the Special Discovery Master and matters involving Ms. Bolton should not be addressed during the hearings that begin on May 24, 2021…any testimony, evidence and opinions regarding Hagens' efforts to withdraw from representing Ms. Bolton are irrelevant [and] unrelated to the issues before the Special Discovery Master…").  The Special Master denied Ms. Bolton's Motion to Strike on May 21, 2021.  Dkt No. 747.

42.    On May 23, 2021, Hagens Berman filed Objections to the May 18, 2021 Findings and Order of the Special Discovery Master.  Dkt No. 748.

43.    On May 24, 2021, Judge Diamond denied those Objections.  Dkt No. 749.

44.     Additional proceedings were held on May 24-26, 2021, during which four (4) witnesses testified.  Certain parties and counsel were present during certain portions of those proceedings and were not present during other portions of those proceedings.

45.     During these 2021 proceedings, Hagens Berman requested that, consistent with the approach ordered and followed by the Special Master in 2017, any testimony that related to a particular Motion-to-Withdraw Plaintiff be held in camera with only the affected Plaintiff in attendance.  May 25, 2021 Tr. P. 20:10-22.  The Special Master denied that request.  *Id.* at 23:3-9.

46.     As noted above, upon the conclusion of the proceedings on May 26, 2021, the Special Master requested that the participants provide "guidance on what you expect to be done with the underlying transcripts from the 2017 and 2019 iterations of this hearing."

47.     Hagens Berman maintains that the attorney-client privilege and work product doctrine have not been waived.

48.     Hagens Berman respectfully submits that the hearing transcripts from the *in camera* proceedings conducted before Special Master Hangley in 2017, 2019, and 2021 should remain confidential, under seal, and should only be available to the parties and participants who were present during proceedings as reflected in those transcripts.

49.     More specifically, the 2017 hearing transcripts should remain *in camera*, should be filed under seal, and should only be available to the parties who have been provided with copies of those transcripts to date, being Hagens Berman, Ms. Reeves, Mr. Weaver, and the specific Motion-to-Withdraw Plaintiffs who have received the transcripts to date.

50.     The September 26, 2017 general transcript, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court,

the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, the specific Motion-to-Withdraw Plaintiffs, and Ms. Cabcabin.

51. The September 27, 2017 transcript regarding the Motion to Withdraw as to Plaintiff Mary Sells, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Sells.

52. The September 28, 2017 transcript regarding the Motion to Withdraw as to Plaintiff Richard Anderson, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, and Mr. Anderson.

53. The September 26 and 28, 2017 transcripts regarding the Motion to Withdraw as to Plaintiff Terrie Bolton, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Bolton.

54. The September 28, 2017 transcript regarding the Motion to Withdraw as to Plaintiff John Marshall, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, and Mr. Marshall.

55. The September 28, 2017 transcript regarding the Motion to Withdraw as to Plaintiff Jose Navamuel, consistent with the Special Master's prior rulings, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, Hagens Berman, Ms. Reeves, Mr. Weaver, and Mr. Navamuel.

56.     The May 7, 2019 transcript, from pages 7:1-156:21, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

57.     The May 7, 2019 transcript, from pages 156:23-177:3, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman and Ms. Reeves.

58.     The May 8, 2019 transcript, from pages 179:1-247:22, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

59.     The May 8, 2019 transcript, from pages 247:23-268:9, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Bolton.

60.     The May 8, 2019 transcript, from pages 268:20-277:11, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

61.     The May 8, 2019 transcript, from pages 277:12-296:15, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Bolton.

62.     The May 8, 2019 transcript, from pages 296:16-302:9, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, and Ms. Sampson.

63.     The May 8, 2019 transcript, from pages 302:10-304:1, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Cabcabin.

64.     The May 8, 2019 transcript, from pages 304:2-337:5, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, and Ms. Sampson.

65.     The May 8, 2019 transcript, from pages 337:6-347:18, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Bolton.

66.     The May 8, 2019 transcript, from pages 347:19-361:6, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, and Ms. Sampson.

67.     The May 8, 2019 transcript, from pages 361:7-363:9, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants

who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Bolton.

68.    The May 8, 2019 transcript, from pages 363:10-375:22, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, and Mr. Weaver.

69.    The May 8, 2019 transcript, from pages 375:23-382:24, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Sells, as her counsel was invited to participate in that portion of the proceedings but did not appear to have rejoined at that time.

70.    The May 8, 2019 transcript, from pages 383:1-418, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

71.    The May 9, 2019 transcript, from pages 419-436:12, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

72.    The May 9, 2019 transcript, from pages 436:13-494:3, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Cabcabin.

73. The May 9, 2019 transcript, from pages 494:4-723:17, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson, and Defendants.

74. The May 9, 2019 transcript, from pages 729:1-753:4, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, and Ms. Cabcabin.

75. The May 10, 2019 transcript, from pages 754-768:14, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, and Ms. Sampson.

76. The May 10, 2019 transcript, from pages 768:15-1071, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Mr. Weaver, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, and Ms. Sampson.

77. The May 24, 2021 transcript, from pages 1-91:12, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson and Defendants.

78. The May 24, 2021 transcript, from pages 91:13-138:24, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants

17

who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, and Ms. Bolton.

79.     The May 24, 2021 transcript, from pages 139:1-159, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson and Defendants.

80.     The May 25, 2021 transcript, from pages 166-230, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson and Defendants.

81.     The May 26, 2021 transcript, from pages 237-477, should remain *in camera*, filed under seal, and should only be available to the Court, the Special Master, and the participants who were present during that portion of the proceedings, being Hagens Berman, Ms. Reeves, Ms. Cabcabin, Mr. Marshall, Ms. Sells, Ms. Bolton, Ms. Sampson and Defendants.

**B.      Hagens Berman respectfully submits that all Agreements produced to the Special Master *in camera* in accord of the Special Master's Order to do so should remain *in camera* and under seal.  If the Special Master determines otherwise, Hagens Berman respectfully requests the opportunity to submit briefs on this issue before any such documents are made public.**

82.     In a May 21, 2021 Memorandum and Order, the Special Master stated that "[t]estimony in past sessions of the hearing, as well as the submissions pertinent to the upcoming session, suggests that Hagens Berman has entered into agreements or financial arrangements, in or after 2017, that may be relevant to these proceedings.  Examples include, I believe, agreements to which Hagens Berman and one or more of Terrie Bolton, Diana Cabcabin, Carolyn Sampson, and Tyler Weaver are direct or indirect parties, and pursuant to which Hagens Berman paid, forgave, or committed to pay or forgive monetary consideration."  Dkt No. 747 at 5.

18

83.    The Special Master ordered that "Hagens Berman and every Plaintiff, past Plaintiff or former firm partner or associate who participated in the formation of any such agreement shall produce, on or before Wednesday, May 26, any such agreement." *Id.*

84.    Continuing, the Special Master ordered that "[a]ll such agreements shall be received and held under seal pending and without waiver of any argument regarding their remaining under seal, or regarding my authority to demand or consider them in these proceedings." *Id.* at 6.

85.    At the conclusion of the proceedings on May 26, 2021, the Special Master indicated that an order was forthcoming that will require a response regarding the settlement agreements. May 26, 2021 Tr., p. 475:10-476:4 ("MR. ALFANO: And then as I understand it, there is an order that's imminent with respect to the settlement agreements that we'll be required to address as well, some aspect of that procedurally?  SPECIAL MASTER HANGLEY: In some way or another, that's correct, Gaetan."  MR. ALFANO. Okay.  And, again, it's our position as Hagens that we're honoring the confidentiality provisions that may be in those agreements at this point, but we'll certainly, you know, respond to whatever order you may issue in this regard.  SPECIAL MASTER HANGLEY.  Excellent.")

86.    As it was ordered by the Special Master to do, Hagens Berman produced an Agreement to the Special Master on May 26, 2017.  Hagens Berman requested that the Special Master "maintain this agreement under seal," and "[s]hould the Special Discovery Master decide to unseal this agreement, [requested that] Hagens Berman [be provided] an opportunity to brief the issue before it is made public."[9]

---

[9] Hagens Berman understands that other Parties who produced Agreement(s) as directed by the Special Discovery Master advanced the same position(s) and request(s).

87.     While the Special Master has not issued an order regarding the settlement agreements following the May 26, 2021 conclusion of the hearings, Hagens Berman submits this Notice in order to (a) reserve its rights and arguments regarding "all such agreements … remaining under seal, or regarding [the Special Master's] authority to demand or consider them in these proceedings" (Dkt No. 747 at 6); (b) confirm its position that all such agreements should remain confidential and held *in camera*; and (c) confirm its position and request to brief the issue before any such agreement is made public."

**C.      Hagens Berman respectfully requests the opportunity to present Post-Hearing Briefs regarding its Motions to Withdraw as Counsel, under seal, within 30 days.**

88.     As noted above, on March 14, 2016, Judge Diamond Ordered that "Mr. Hangley shall issue a Report and Recommendation as to whether Hagens Berman's Motions to Withdraw [(ECF Nos. 207, 301, 342, 343, 375, 382)] should be granted." Dkt No. 532 at 3. Those Motions to Withdraw requested leave to withdraw as counsel for "six Plaintiffs, including John Marshall, Jose Navamuel, Terrie Bolton, John Skelton, III, Richard Anderson, and Mary Sells." Dkt No. 532 at 1.

89.     John Skelton passed away while this litigation was pending and the Special Master "recommend[ed] that the Skelton Motion be dismissed as moot." Dkt No. 563 at 1.

90.     Thereafter, Judge Diamond granted the Joint Motion to Withdraw and Substitute Counsel as to Plaintiff Terrie Bolton. Dkt No. 731. The Motion to Withdraw as counsel for Plaintiff Terrie Bolton (Dkt No. 342) is therefore moot.

91.     Accordingly, the only matter before the Special Master is the Court's directive that the Special Master issue a report and recommendation concerning Hagens Berman's Motions to Withdraw as to John Marshall, Jose Navamuel, Richard Anderson, and Mary Sells.

92.     The hearings on those motions have concluded.

93.    Hagens Berman respectfully requests the opportunity to present Post-Hearing Briefs regarding those Motions to Withdraw as Counsel, under seal, within 30 days.


DATE:  June 9, 2021                                    Respectfully submitted,

                                                      PIETRAGALLO GORDON ALFANO
                                                      BOSICK & RASPANTI LLP

                                        By:    */s/ Gaetan J. Alfano*
                                               Gaetan J. Alfano
                                               Pennsylvania Bar No. 32971
                                               GJA@pietragallo.com
                                               1818 Market Street, Suite 3402
                                               Philadelphia, PA 19102
                                               Telephone: (215) 320-6200
                                               Facsimile: (215) 981-0082

                                               Peter St. Tienne Wolff
                                               Pennsylvania Bar No. 208433
                                               PSW@pietragallo.com
                                               38th Floor, One Oxford Centre
                                               301 Grant Street
                                               Pittsburgh, PA 15219
                                               Telephone: (412) 263-2000
                                               Facsimile: (412) 263-2001

                                        *Attorneys for Hagens Berman Sobol Shapiro, LLP*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on June 9, 2021, the foregoing document was filed electronically and served on all counsel of record via the Court's CM/ECF system.  It also was served by first class mail on Plaintiffs John Marshall and Jose Navamuel and on Plaintiff Richard Anderson at Mr. Anderson's last-known address.

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

By:    */s/ Peter St. Tienne Wolff*
      Peter St. Tienne Wolff
      Pennsylvania Bar No. 208433
      PSW@pietragallo.com
      38th Floor, One Oxford Centre
      301 Grant Street
      Pittsburgh, PA 15219
      Telephone: (412) 263-2000
      Facsimile: (412) 263-2001

*Attorneys for Hagens Berman Sobol Shapiro LLP*

6403266v1

22