**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENDA JOHNSON, et al.** | : | |
| | : | |
| **v.** | : | **Civ. No. 11-5782** |
| | : | **and all related cases** |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, et al.** | : | |

## O R D E R

The Special Discovery Master has submitted a Report and Recommendation (Doc. 805) addressing proposed redactions from publicly filed versions of Objections to the Master's October 12, 2023 Report and Recommendation (Doc. 767). The unredacted iterations of the Objections were filed under seal by Steve Berman and Hagens Berman Sobol Shapiro, LLP (Doc. 794), Tyler Weaver (Doc. 795) and Kay Gunderson Reeves (Doc. 789). Only Hagens Berman and Steve Berman have objected in part to the Redaction Report and Recommendation. (Doc. No. 810.)

First, the Firm objects to the Special Master's recommendation that Exhibits 107 and 118 (questionnaires filled out by plaintiffs Jose Navamuel and Mary Sells for the purpose of obtaining legal service) should be unsealed after counsel and the parties have had the opportunity to redact attorney-client privileged information. (Doc. No. 810 at 1–2; Doc. No. 805 at 2, 29.) The Firm urges that these exhibits constitute attorney-client privileged communications and should thus remain sealed. (Id.) "In order for attorney-client communications to be privileged, they must be confidential. There must be an intent that the communication be kept in confidence. If the intent was that the attorney relate the client's communications to others, then the communications are not confidential." Trib Total Media, Inc. v. Highlands Sch. Dist., 3 A.3d 695, 701 (Pa. Commw. Ct. 2010). The communications made in the questionnaires were not made with an expectation of privacy, however, because they contained information that would be disclosed in the client's complaint, initial disclosures, or first-stage discovery. See also Pa. R. Civ. P. 1024(c)

(Pennsylvania, where Navamuel and Sells first sued, requires attorneys to file verifications on behalf of clients and "set forth the source of the person's information as to matters not stated upon his or her own knowledge."). Accordingly, I will overrule this objection.

Second, the Firm argues that it did not waive work product production when it published the 2017 and 2019 hearing transcripts and exhibits to its testifying expert. (Doc. No. 810 at 2.) I have already denied the Firm's objections on this matter. (See Doc. Nos. 748, 749.) As discussed in my May 24, 2021 Order, the Firm may not "use the work product privilege as a shield—protecting its materials from public disclosure—and a sword—using the materials to show that it did not commit misconduct." (Doc. No. 749 at 3.) The Firm "stands by and incorporates by reference" its earlier Notice (Doc. No. 750), in which it argued that the hearing transcripts should remain confidential and under seal. (Doc. No. 810 at 3.) The Firm urges that "if the 2017 and 2019 transcripts are to be unsealed over the Firm's objections, the Firm (and other parties and counsel) should be given the opportunity to redact attorney-client communications as appropriate." (Doc. No. 810 at 3.) Because this is precisely what the Special Master recommends (Doc. No. 805 at 2), I will overrule this objection.

**AND NOW**, this 10th day of June, 2024, upon consideration of Special Master Hangley's Report and Recommendation (Doc. No. 805) and Steve Berman and Hagens Berman Sobol Shapiro, LLP's Objections to the Report and Recommendation (Doc. No. 810), it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 805) is **APPROVED AND ADOPTED** in all respects;

2. **No later than June 24, 2024 at 5:00 p.m.**,

a.  the Objectors must file on the Court's electronic filing system, pursuant to Fed. R. Civ. P. 5(b), versions of their respective Objections, including exhibits and attachments, redacted only to the extent recommended by the Special Master and approved and adopted hereby;

b.  the Objectors must serve on the "*Pro Se* Plaintiffs" identified as such in the October Report and Recommendation (Doc. No. 767) — Richard Anderson (if and when he can be found), Terrie Bolton, Diana Cabcabin, Yvonne English, Darren Griggs, Carolyn Jean Grover, Mark Harrelson, John Marshall, Jose Navamuel, Carolyn Sampson, Mary Sells, any additional plaintiff who has brought or threatened a lawsuit or other dispute resolution proceedings against that Objector, and any additional plaintiff who has terminated her representation by Hagens Berman, agreed to do so, been asked by Hagens Berman to do so, or informed Hagens Berman of her intention to do so. The copies so served may be redacted only to the limited extent necessary to preserve the attorney-client privileged communications of a particular past or present client or potential client from disclosure to unprivileged recipients; this will require the distribution of nonidentical iterations of partially redacted materials in some instances.  Copies of such partially redacted materials will be sent to the Court in chambers and the Special Discovery Master, but shall not be filed of record; and

3.  **No later than** July 1, 2024 at 5:00 p.m., Objectors Berman and Hagens Berman must send to the Court in chambers and the Special Discovery Master, but not yet file of public record, complete copies of the hearing transcripts of September 2017 and May 2019, redacted only to preserve past and present Hagens Berman clients or potential clients'

attorney-client privileges.  Berman and Hagens Berman shall serve on each *Pro Se* Plaintiff copies of the Transcripts disclosing that *Pro Se* Plaintiff's attorney-client privilege-protected communications while redacting communications that are privileged only to others.

**AND IT IS SO ORDERED**.

 */s/ Paul S. Diamond*

Paul S. Diamond, J.