IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLENDA JOHNSON, et al.** : | |
| : | |
| v. : | Civ. No. 11-5782 |
| : | and all related cases |
| **SMITHKLINE BEECHAM** : | |
| **CORPORATION, et al.** : | |

**O R D E R**

On June 10, 2024, I accepted and adopted the Special Discovery Master's Report and Recommendation (Doc. No. 805) addressing proposed redactions from publicly filed versions of Objections to the Master's October 12, 2023 Report and Recommendation (Doc. No. 767). (Doc. No. 811.) Hagens Berman Sobol Shapiro LLP and Steve Berman now move for reconsideration, or alternatively, for a partial stay until I render a decision on the Motion for Reconsideration. (Doc. No. 813.) *Pro se* Plaintiff Terrie Bolton filed a response in support of the Firm's Motion. (Doc. No. 815.) I will grant the Motion for Reconsideration.

I.  **LEGAL STANDARDS**

Under Rule 59(e), a party seeking reconsideration must establish one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the earlier order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." See Fed. R. Civ. P. 59(e); Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see Nissim v. McNeil Consumer Prods. Co., 957 F. Supp. 600, 601 (E.D. Pa. 1997). I "should only entertain a motion to reconsider, if the alleged overlooked controlling decision of law or dispositive factual matter was of a nature that, if considered . . . , might reasonably have resulted in a different conclusion." In re Leahey, No. 11-11906, 2017 WL 4286136, at *2 (Bankr. D. N.J. Sept. 26, 2017).

## II. DISCUSSION

In my June 10 Order, I overruled the Firm's objection to the Special Master's recommendation that Exhibits 107 and 118 (questionnaires filled out by plaintiffs Jose Navamuel and Mary Sells for the purpose of obtaining legal service) should be unsealed. (Doc. No. 810 at 1–2; Doc. No. 805 at 2, 29.) The Firm urges that it was a clear error of law to conclude that the questionnaires are not protected by attorney-client privilege. (Doc. No. 813 at 3.)

The purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981); see also In re Grand Jury Investigation, 599 F.2d 1224, 1235 (3d Cir. 1979) ("the attorney-client privilege exists to foster disclosure and communication between the attorney and the client"). No bright-line rule governs the applicability of the attorney-client privilege and thus the privilege's applicability should be determined on a case-by-case basis. Upjohn, 449 U.S. at 396–97. The Third Circuit has enumerated the traditional elements of the privilege: it must be "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." In re Teleglobe Commc'ns Corp., 493 F.3d 345, 359 (3d Cir. 2007), as amended (Oct. 12, 2007) (citing Restatement (Third) of the Law Governing Lawyers § 68 (2000)).

The Firm states that Sells and Navamuel were clients who completed the questionnaire for purposes of obtaining legal representation. (Doc. No. 813 at 5.) The Firm argues that these questionnaires are still privileged even though they contained information that would later be disclosed. (Id. at 6 (citing Hudson v. Gen. Dynamics Corp., 186 F.R.D. 271, 276 (D. Conn. 1999) ("Since information obtained from a client by means of an interview is commonly used by

attorneys to prepare litigation documents which clients must then verify under oath, the Court concludes that a finding that the plaintiffs have waived their privilege merely by the fact that their questionnaire responses were used to draft the plaintiffs' affidavits opens too wide a door on this important privilege."); In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983, 731 F.2d 1032, 1037 (2d Cir. 1984) ("Nor did the fact that certain information might later be disclosed to others create the factual inference that the communications were not intended to be confidential at the time they were made.")).)  The Firm further urges that because "there is no suggestion that Ms. Sells or Mr. Navamuel 'interjected' their Client Questionnaires into the litigation to bolster their credibility," the attorney-client privilege was not waived. (Id.)  The Firm thus argues that although the information might have later been disclosed to others, Sells and Navamuel still made the communications in confidence.  (Id.)

I agree that these questionnaires are protected by attorney-client privilege.  See, e.g., Coe v. Cross-Lines Ret. Ctr., Inc., No. 22-2047, 2022 WL 17338289, at *6 (D. Kan. Nov. 30, 2022) (finding that "questionnaire completed by potential clients seeking legal representation are protected by the attorney-client privilege").  I will thus reject the Special Master's recommendation that Exhibits 107 and 118 be filed on the public docket.  (Doc. No. 805 at 29.)

Accordingly, I will grant the Firm's Motion for Reconsideration and deny the Motion to Stay as moot.  I will vacate my June 10, 2024 Order.

An appropriate Order follows.

**BY THE COURT**.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.