## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENDA JOHNSON, *et al.*,              :
                                        :
            v.                          :         **Civ. No. 11-5782**
                                        :         **and all related cases**
SMITHKLINE BEECHAM                      :
CORPORATION, et al.                     :

## O R D E R

Since the 2011 initiation of these Thalidomide products liability cases, Plaintiffs' Counsel, Hagens Berman Sobol Shapiro LLP, has resisted, by fair means or foul, attempts to conduct discovery as to whether these cases—based on incidents occurring half a century earlier—are time-barred.  (See Doc. No. 371 at 1–6 (describing tortuous procedural history and discovery difficulties).)  Among those means were an unsuccessful 2016 mandamus request to the Third Circuit, an unsuccessful appeal of my decision that Hagens Berman's supposed bellwether products case was time-barred (Doc. Nos. 487, 494), and obstructive conduct by Hagens Berman's attorneys.  (See Doc. No. 164 at 19–20 (providing identical responses to interrogatories), Doc. No. 232 (Defendants seeking an order compelling the production of evidence critical to any timeliness ruling).)

In 2014, I appointed William T. Hangley to serve as the Special Master and supervise all discovery respecting potentially case dispositive information as to when each Plaintiff first learned that Thalidomide might have caused his or her birth injuries.  (Doc. No. 256.)  I subsequently expanded Mr. Hangley's responsibilities to include consideration of whether Hagens Berman had acted unprofessionally in its pre-suit investigation and subsequent prosecution of these cases, and its mid-suit attempts to withdraw from them.  (Doc. Nos. 316, 396, 420, 472, 485, 532, 596, 611); Fed. R. Civ. P. 53(b)(1).  Mr. Hangley's efforts were complicated by questions of attorney work product and 52 plaintiffs' attorney-client privileges, which he worked through with the greatest

care and circumspection.  (See, e.g., Doc. Nos. 644, 700, 742, 746.)  In conducting evidentiary hearings (when the COVID-19 shutdown permitted), Mr. Hangley took measures to protect privileged material communications, including sealing and redacting the hearing transcripts themselves.

Having already been the subject of initial misconduct sanctions (Doc. No. 483), in defending its own conduct with respect to the possibility of additional sanctions, in 2021, Hagens Berman submitted expert testimony.  The Firm was thus required to submit and serve an expert report disclosing the facts or data considered by the expert.  Fed. R. Civ. P. 26(a)(2)(B)(2).  That report revealed that Hagens Berman had given the expert access to (and he would base his testimony on) the previously sealed transcripts and exhibits from hearings held in 2017 and 2019, and that he referred to them in his opinion that Hagens Berman had not violated the Pennsylvania Rules of Professional Conduct—an opinion that Mr. Hangley would later consider and reject (after conducting an additional hearing).  (Doc. No. 743, Doc. No. 767 at 130.)

Three years ago (in May 2021), I adopted Mr. Hangley's common sense recommendation that by voluntarily disclosing these transcripts, Hagens Berman had waived the work product privilege as to their contents.  (Doc. Nos. 746, 749); In re Chevron Corp., 633 F.3d 153, 165 (3d Cir. 2011) (court-appointed expert witness's access waived privilege).  Any other ruling would have allowed Hagens Berman to use the contents as a basis to defeat sanctions, while barring their disclosure on privilege grounds—a classic sword and shield tactic.  See also United States v. Veolia Environment N. Am. Operations, Inc., No. 13-03, 2013 WL 5779653, at *7 (D. Del. Oct. 25, 2013); Fialkowski v. Perry, No. 11-5139, 2012 WL 2527020, at *4 (E.D. Pa. June 29, 2012); Kontonotas v. Hygrosol Pharm. Corp., No. 07-4989, 2009 WL 3719470, at *1–5 (E.D. Pa. Nov. 4, 2009); Quinn Constr., Inc. v. Skanska USA Bldg., Inc., 263 F.R.D. 190, 197 (E.D. Pa. 2009);

Bio-Tech Corp. v. Thermax, Inc., No. 05-2330, 2008 WL 356928, at *2 (E.D. Pa. Feb. 7, 2008); Synthes Spine Co. v. Walden, 232 F.R.D. 460, 463 (E.D. Pa. 2005) (collecting cases). Mr. Hangley then filed the expert report—redacted for attorney-client privilege, but not for work product privilege—on the public docket. (Doc. No. 743.)

In October 2023, Mr. Hangley filed a lengthy Report and Recommendations (Doc. No. 767), painstakingly reviewing the events of the case and the misconduct of several Hagen Berman attorneys, recommending that the Court consider sanctions proceedings against the Firm and certain present and former Hagens Berman lawyers—including Firm head, Steve Berman—recommending specific rulings on Hagens Berman's motions to withdraw from representing certain plaintiffs, and establishing a procedural protocol for the unsealing and partial redaction (to preserve attorney-client privilege) of the 2017 and 2019 hearings and exhibits.

Significantly, the October Report & Recommendation—written over two years after my May 2021 acceptance of Mr. Hangley's work product privilege recommendation—includes a discussion—extensive, public, and forcible—of the very same conduct that is contained in the transcripts reviewed by Hagens Berman's expert and discussed in his opinion and his public testimony in 2021. (Doc. No. 767.)

Several attorneys objected to Mr. Hangley's Report and Recommendation. (Doc. Nos. 789, 791, 794, 795.) Those objections (which themselves disclosed privileged communications and work product) were placed under temporary seal while they were reviewed for privilege by Mr. Hangley and, later, the Court. (Doc. Nos. 787, 788, 796.)

On June 10 and June 20, 2024, I ordered Hagens Berman to submit the unredacted hearing transcripts only to the Court and Mr. Hangley by Monday, July 1, 2024 at 5:00 p.m., with redactions permitted to preserve attorney-client privilege. (Doc. Nos. 811, 817.) On June 10, I

affirmed Mr. Hangley's detailed redaction recommendations in all respects. (Doc. No. 811.) On June 20, at the Firm's request, I reconsidered that disposition, withdrew it, and rejected Mr. Hangley's recommendation regarding two attorney-client privileged documents, and reaffirmed his other redaction recommendations. (Doc. No. 817.)

Remarkably, having known for some three years of my work product privilege ruling, Hagens Berman now asks me to stay a June 20, 2024 Order (which simply implements my May 2021 Order) while it pursues its second mandamus petition in the Third Circuit (see In Re: Hagens Berman Sobol Shapiro LLP, et al, No. 24-2167 (3d Cir.)), attacking the 2021 Order. (Doc. No. 819.) I find it difficult to believe that this belated request is made in good faith. Perhaps most troubling is Hagens Berman's suggestion that disclosure of the redacted transcripts only to the Court and Mr. Hangley for *in camera* review would somehow abrogate the work product privilege. Obviously, it would not. See In re Tri Harbor Holdings Corp., No. 19-13448, 2022 WL 659514, at *4 (Bankr. D.N.J. Mar. 4, 2022) ("an *in camera* review is often the appropriate and necessary way to address and properly protect the rights of all parties as to expert material that is asserted to be privileged"); see also Bogosian v. Gulf Oil Corp., 738 F.2d 587, 593 (3d Cir. 1984) (*in camera* review needed so that a party cannot shield facts from disclosure by combining them with work product); Carroll Co. v. Sherwin-Williams Co., No. 11-1700, 2012 WL 4846167, at *4–*5 (D. Md. Oct. 10, 2012) (after upholding defendant's claim of work product privilege based on review of privilege log, the court offered *in camera* review of the documents if plaintiff was dissatisfied).

Hagens Berman's stay request thus manages to be both unreasonably late and needlessly premature: Mr. Hangley has not yet reviewed these last proposed privilege redactions and I have not considered his recommendations or ordered the public docketing of the transcripts and exhibits.

In sum, Hagens Berman has not presented any reasonable basis for yet another delay in these proceedings. In an abundance of caution, however, I will stay my June 20 Order for 30 days so that the Third Circuit will have the opportunity to review this matter. I request that Hagens Berman add this Order to its Appendix in the Court of Appeals.

*          *          *

**AND NOW**, this 28th day of June, 2024, upon consideration of Hagens Berman's Expedited Motion for Stay (Doc. No. 819), Carolyn Sampson's Response (Doc. No. 821), and Terrie Bolton's Joinder (Doc. No. 822), it is hereby **ORDERED** that Hagens Berman Sobol Shapiro, LLP's Expedited Motion for Stay (Doc. No. 819) is **GRANTED**.

It is further **ORDERED** that the portion of my June 20, 2024 Order (Doc. 817) directing Hagens Berman to submit hearing transcripts is stayed for thirty days.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.
