**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| GLENDA JOHNSON ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 2:11-cv-05782-PD |
| v. | ) | and all related cases |
| | ) | |
| SMITHKLINE BEECHAM CORPORATION ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION
OF THE SPECIAL DISCOVERY MASTER RE: PROPOSED REDACTIONS FROM
2017 AND 2019 HEARING EXHIBITS**

## I.     Introduction

I have reviewed for attorney-client privilege the exhibits introduced in the September

2017 and May 2019 hearings – held partly *in camera* – over which I presided.  By way of

background, I have previously conducted a like review of the hearing transcripts themselves.

After filing my November 20, 2024 Report and Recommendation on the transcripts (the

"November '24 R&R")[1], and considering the objections of Steve Berman and Hagens Berman,

of *pro se* Plaintiff Terrie Bolton, and of former Plaintiff Diana Cabcabin (Docs. 825-27), I filed a

Further Report and Amended Recommendations (Doc. 829, The "April '25 R&R") amending my

recommendations in some respects.  Happily, Mr. Berman and Hagens Berman have now agreed

to all my recommended transcript redactions.  Importantly, however, they have preserved their

request that the Court reconsider its ruling that Hagens Berman waived work product protection,

---

[1] Doc. 824, *Johnson v. SmithKline Beecham Corp.*, 2024 WL 5185344 (E.D. Pa. Nov. 20, 2024).

and its argument that I, as Special Master, have exceeded my appointed authority in making some of my recommendations.  The Bolton and Cabcabin objections also remain outstanding.

Table X to this R&R lists and identifies all the hearing exhibits by session (either by plaintiff name and hearing date or simply by hearing date), the transcript page where it was introduced, and the testifying witness.  Unless my thinking is self-evident, my reason for redacting or partially redacting an exhibit, or deciding not to, is explained.

Many of the hearing exhibits were submitted *in camera*, so I am not filing any exhibits publicly along with this R&R even though I conclude that the great majority of them are not entitled to *in camera* or under-seal treatment and a number of them require only partial redactions to preserve attorney-client privilege.  As with the transcripts themselves, the participants in these proceedings are entitled to review my recommendations and register their objections, if any, pursuant to Fed. R. Civ. P. 53 before the exhibits are made public.  I am placing the 2017 and 2019 exhibits (with my proposed redactions) in a secure ShareFile available to the Court and to counsel for Berman and Hagens Berman, counsel for Tyler Weaver and counsel for Kay Gunderson Reeves.  I will also send smaller subsets to the clients and former clients involved in these proceedings, so that they can consider my recommendations regarding their putatively privileged communications without seeing privileged communications of their fellow litigants.

I have not reviewed or offered proposed work product or attorney-client privilege redactions to the third group of transcripts and exhibits, those from the partly public/partly *in camera* May 2021 hearing sessions.

July 28, 2025

/s/ *William T. Hangley*
WILLIAM T. HANGLEY
SPECIAL DISCOVERY MASTER

# Table X

# Recommended redactions for attorney-client privilege

**Recommending Redaction ("R"), Partial Redaction ("RP"), or Refusing Redaction (No Code)**

| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
|---|---|---|---|---|
| SEPTEMBER 26, 2017 BOLTON TRANSCRIPT | | | | |
| Bolton 1 | 13 | Weaver | | Motion to Withdraw |
| Bolton 2 | 17 | Weaver | | Falsified expert report with Weaver transmittal email |
| Bolton 3 | 20 | Weaver | R | 8/22/2014 Weaver-to-Bolton email summarizing ACCs, a small part of which refers broadly to the misrepresented expert advice. It is arguable that that portion should be "unredacted," but I do not think that would enhance any reader's understanding of the events or even enable the reader to make sense of the unredacted portion standing alone, so I recommend complete redaction. |
| Bolton 4 | 21 | Weaver | RP | 8/25/2014 Weaver-Bolton email chain. Most of the content of this exhibit is included in Weaver 14. On a close call, I have concluded that the post-August 22, 2014 portions of this exchange (that is, everything after the already redacted Bolton 3) are not protectable threads in the attorney-client advice tapestry. Rather, they reiterate the two sides' positions on withdrawal (without the supporting facts or arguments) and the failure of that arms' length negotiation. |
| Bolton 5 | 22 | Weaver | R | Client Intake Questionnaire |
| Bolton 6 | 107 | Styant-Browne | | *Spence* Complaint |
| Bolton 7 | 62 | Weaver | | Northwestern Mem'l Hosp. Discharge Summary 6/5/2003, Primary Diagnosis Thalidomide extremity deformity (Lalit Puri, MD) |
| Bolton 8-1 to 8-7 | 62 | Bolton | | Photographs of Ms. Bolton |

| SEPTEMBER 27, 2017 SELLS TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| Sells 1 | 16 | Mahoney | | Motion to Withdraw |
| Sells 2 | 7 | Mahoney | | Stephens Expert Report, 8/25/2014 |
| Sells 3 | 9 | Mahoney | R | 8/27-28/2014 Mahoney-Sells email exchanges |
| Sells 4 | 11 | Mahoney | | 8/28/2014 Stephens-Sells email . The anatomist discusses the plaintiff's condition with the plaintiff and suggests next steps. The email was forwarded by Stephens to Weaver, then by Weaver to the Hagens Berman team on 8/29. None of these is an attorney-client communication. |
| Sells 5 | 12 | Mahoney | | Packet of reports from Illinois and Wisconsin geneticists, faxed to Mahoney 10/16/2014 |
| Sells 6 | 16 | Mahoney | R | 10/16-17/2014 Mahoney-Sells email exchanges |
| Sells 7 | 71 | Mahoney | R | Client Intake Questionnaire |
| Sells 8 | 112 | Styant-Browne | | *Gunn* Complaint |


| SEPTEMBER 28, 2017 ANDERSON TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| Anderson 1 | 4 | Styant-Browne | | Motion to Withdraw |
| Anderson 2 | 5 | Styant-Browne | | Stephens Expert Report, 9/15/14 |
| Anderson 3 | 10 | Styant-Browne | R | 9/17/2014 Ltr. from Styant-Browne to Anderson |
| Anderson 4 | | Styant-Browne | R | Client Intake Questionnaire |
| Anderson 5 | 13 | Styant-Browne | | Ltr. from Grünenthal responding to to 1/10/2011 Anderson letter |
| Anderson 6 | 12 | Styant-Browne | | *Yeatts* Complaint |

| SEPTEMBER 28, 2017 MARSHALL TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| Marshall 1 | 13 | Smith | | 4/29/2014 Styant-Browne/Shelby email chain re Smith interview of non-client Gwendolyn Marshall |
| Marshall 2 | 17 | Smith | | 4/30 Smith's handwritten notes re telephone conversation (TC) w/ non-client Louise King |
| Marshall 3 | 16 | Smith | R | 5/1/2014 Ltr. from Styant-Browne to Marshall |
| Marshall 4 | 23 | Smith | R | 5/3/2014 Email from Marshall to Smith |
| Marshall 5 | 24 | Smith | R | Doc. linked to Marshall Ex. 4. Wikipedia Page with photo with Smith's notes from conversation with client in the margin. To be clear, I consider a publicly available document, when transmitted to counsel in circumstances like these, to become privileged. Ms. Smith's notes of the related conversation are an independent basis for the redaction. |
| Marshall 6 | 26 | Smith | R | Emails from Marshall to Smith, forwarded to Styant-Browne, transmitting publicly available materials. |
| Marshall 7 | 28 | Smith | R | 5/28/2014 Email from Styant-Browne to Marshall |
| Marshall 8 | 42 | Styant-Browne | | Motion to Withdraw |
| Marshall 9 | 50 | Styant-Browne | R | 8/22/2014 Email from Marshall to Styant-Browne transmitting email exchange with a scholar. The Marshall-Professor correspondence, standing alone, is obviously not attorney-client privileged, and I continue to believe that a pro se litigant (if we view Marshall as one) does not have opinion work product protection under Fed. R. Civ. P. 26(b)(3)(B). *See* discussion in Doc. 782, *Johnson*, 2023 WL 8817639, at *1 (E.D. Pa. Dec. 5, 2023) (SDM). But the next step, Marshall's bringing his dialogue with the academic to the attention of his lawyers, is a communication with counsel on an advice-related subject. |
| Marshall 10 | 54 | Styant-Browne | R | Client Intake Questionnaire |

| | | | | | |
|---|---|---|---|---|---|
| *SEPTEMBER 28, 2017 MARSHALL TRANSCRIPT* | | | | | |
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment | |
| Marshall 11 | 57 | Styant-Browne | R | 12/6/2010 Ltr. from Stephen Raynes, Esq. to Marshall | |
| Marshall 12 | 57 | Styant-Browne | RP | Kay Reeves Notes of interviews of Marshall and others. I believe page 2 reflects Ms. Reeves's privileged communications with Mr. Marshall, but that pages 3-4 are the product of communications with persons other than the client. | |
| Marshall 13 | 59 | Styant-Browne | | *Yeatts* Complaint | |
| Marshall 14 | 6 | Smith | | Plaintiff John Marshall's Responses and Objections to Defendant Sanofi-Aventis U.S. LLC's Second Set of Interrogatories, 2/28/2014 | |
| Marshall 15 | 35-36, 76-77 | Colloquy | | This document, emailed by Marshall to Hagens Berman's hearing counsel – Marshall's adversary in the context of the hearing – was brought up by Marshall in colloquy with counsel. It was not initially available in the courtroom. It was later printed out and produced by Hagens Berman's counsel and I received it in evidence. It is a product description captioned *"(±)-Thalidomide -CAS 50-35-1 -. Calbiochem Selective inhibitor of TNF-a biosynthesis. ~ Sigma-Aldrich.*" In retrospect, I should probably have received it in evidence only for identification purposes, if at all, since it was not authenticated and there was no testimony about its content or relevance. It has no actual evidentiary value. | |

| SEPTEMBER 28, 2017 NAVAMUEL TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| Navamuel 1 | 5 | Mahoney | | Motion to Withdraw |
| Navamuel 2 | 11 | Mahoney | R | 4/9/2014 Ltr. from Mahoney to Navamuel |
| Navamuel 3 | 12 | Mahoney | | Sanofi's Responses and Objections to Navamuel's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production, 7/7/2014 |
| Navamuel 4 | 13 | Mahoney | | GSK's Responses and Objections to Navamuel's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production, 7/7/2014 |
| Navamuel 5 | 13 | Mahoney | R | 7/8/2014 Email from Mahoney to Navamuel sending copies of Mahoney Exs. 3, 4. |
| Navamuel 6 | 15 | Mahoney | | Grünenthal's Responses and Objections to Navamuel's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production, 7/10/2014 |
| Navamuel 7 | 15-16 | Mahoney | | 7/18/2014 Mahoney-Navamuel email and attached letter. I do not consider this a privileged communication because it deals solely with the fact that Hagens Berman is moving to withdraw and (prematurely) treats withdrawal as *fait accompli*. Ms. Mahoney is stating that she and her firm are *not* Mr. Navamuel's attorneys and he must represent himself going forward. |
| Navamuel 8 | 19 | Mahoney | R | Client Intake Questionnaire |
| Navamuel 9 | 30 | Styant-Browne | | Ocala, FL Star-Banner story, "Cubans are Told Drug Thalidomide is Made in United States" 8/2/1962 |
| Navamuel 10 | 8 | Mahoney | | *Spence* Complaint |
| Navamuel 11 | 10 | Mahoney | R | 4/1/2014 Mahoney-Navamuel email transmitting letter |
| Navamuel 12 | 26 | Mahoney | | Navamuel's Responses and Objections to GSK's First Set of Interrogatories, 11/5/2013 |

| | | | | |
|---|---|---|---|---|
| | | | | *MAY 7, 2019 TRANSCRIPT* |
| **No.** | **Intro. Pg.** | **Witness** | **SDM Rec.** | **Description/Comment** |
| HB 1 | 56, 59-60 | Styant-Browne | | Stephens's pre-physical exam report on Terrie Bolton, under cover of 8/11-14/2014 Weaver-Stephens email chain.  (Emails heavily redacted by HB before introduction.) |
| HB 2 | 60-61 | Styant-Browne | | Stephens's authentic post-physical report on Terrie Bolton, under cover of 8/21-22/2014 Weaver-Stephens email chain.  (Email heavily redacted by HB before introduction.) |
| HB 3 | 63 | Styant-Browne | | Weaver's tampered version of Stephens's post-physical Bolton Report under cover of Weaver-Bolton email |
| HB 4 | 65 | Styant-Browne | | Stephens's authentic report on Diana Cabcabin |
| HB 5 | 66-67 | Styant-Browne | | Weaver's tampered version of Stephens's Cabcabin report, under cover of redacted 4/22/2014 Weaver-Stevens email chain. |
| HB 6 | 70 | Styant-Browne | | 3/14/2018  Ltrs. from Steve Berman to bar disciplinary authorities Wash., Ore., and Pa. |
| HB 7 | 81 | Styant-Browne | | 4/30/2018 Ltrs. from Office of Pennsylvania Disciplinary Counsel to Alfano and 4/1/2018 Oregon State Bar response letter to Berman and Styant-Browne |
| HB 8 | 99 | stipulation | | CV of Jeff Whitney, Certified Computer Examiner, eDiscovery Inc. |
| HB 9 | 99 | stipulation | | 3/8/2018 Whitney Investigative Report to Pietragallo firm |
| SDM 1 | 168 | Styant-Browne | RP | Reeves *"Notes on SOL: Unfiled Americans,"* Reeves Production Bates Reeves000030567-69.  I have redacted all information I consider ACC-privileged. |
| SDM 2 | 171 | Styant-Browne | RP | Reeves notes re Jack Merica, Michael Morgan. Reeves000036302-06. |
| SDM 3 | 172 | Styant-Browne | RP | Reeves notes, Reeves000026866-92.  Several clients and potential clients. |
| SDM 4 | 141 | Styant-Browne | | 3/24/2014 Ltr. from Sidley to Judge Diamond arguing for dismissal of Murray, Williams, Morgan claims. |
| SDM 5 | 125 | Styant-Browne | | *Spence r*emoval papers including complaint |

| MAY 8, 2019 TRANSCRIPT | | | | |
|---|---|---|---|---|
| **No.** | **Intro. Pg.** | **Witness** | **SDM Rec.** | **Description/Comment** |
| Weaver 1 | 213, 224 | Colloquy (before Weaver testimony), Weaver | | 7/17/2014 SDM's Discovery Order (Doc. 268). (In advance of taking testimony, the Special Master made preliminary exhibit-by-exhibit rulings on the need to exclude participants from the courtroom.) |
| Weaver 2 | 213, 237 | Colloquy, Weaver | | 8/11-14/2014 Weaver-Stephens redacted email chain (redacted by Weaver to mask information re parties other than Bolton and Cabcabin) |
| Weaver 3 | 213, 242 | Colloquy, Weaver | | 8/18/2014 Weaver-Mahoney-Grueneich redacted email chain (similar redactions by Weaver) |
| Weaver 4 | 213-14, 250 | Colloquy, Weaver | | 8/19/2014 Weaver, Spiegel, Styant-Browne, Bede, Brown, Smith, Mahoney email chain re: availability of thalidomide in 1964.. |
| Weaver 5 | 214, 255 | Colloquy, Weaver | | 8/20-21/2014 Weaver-redacted email chain between Weaver, Styant-Browne, Haegele, Smith, Brown, Mahoney re: Bolton.. |
| Weaver 6 | 215, 261 | Colloquy, Weaver | | 8/19-21/2014 Weaver-redacted email chain between Weaver-Grueneich-Stephens |
| Weaver 7 | 215, 264 | Colloquy, Weaver | R | 4/21/2014 email from Weaver to Bolton |
| Weaver 8 | 215, 270 | Colloquy, Weaver | | 8/22/2014 Weaver-Stephens email chain re Cabcabin and attaching authentic 8/22/2014 Bolton report |
| Weaver 9 | 215, 279 | Colloquy, Weaver | RP | 8/22/2014 email chain. Bolton to Berman, Weaver; Weaver to Berman, Brown, Spiegel; fwd Weaver to Andrew Volk, Ivy Tabbara with added text; fwd Weaver to Jennifer Connolly with added text. The client's email is privileged. |
| Weaver 10 | 215-16, 286 | Colloquy, Weaver | RP | 8/22/2014 Bolton-Berman email chain (same privileged email as in Weaver 9), Berman to Weaver; Weaver fwd to Connolly; Connolly reply. |
| Weaver 11 | 216, 287 | Colloquy, Weaver | | 8/22/2014 email from Weaver to Bolton, with falsified Stephens report (same as Bolton 2, HB 3) |
| Weaver 12 | 216, 292 | Colloquy, Weaver | RP | 8/22/2014 Weaver-Bolton email chain fwd (adding content) Weaver to Styant-Browne, Spiegel; reply Spiegel to Weaver. |
| Weaver 13 | 216, 293 | Colloquy, Weaver | R | 8/22/2014 Weaver-Berman email chain,, , fwding earlier emails and adding text. The new content discloses ACC. The earlier content is |

| | | | | | |
|---|---|---|---|---|
| **MAY 8, 2019 TRANSCRIPT** | | | | |
| **No.** | **Intro. Pg.** | **Witness** | **SDM Rec.** | **Description/Comment** |
| | | | | already disclosed in or redacted from Weaver 9 as appropriate. |
| Weaver 14 | 216, 295 | Colloquy, Weaver | RP | 4/22-25/2014 Bolton-Weaver email chain.  This is a repetition of most of the content of Bolton 4, discussed earlier.  Except as indicated there, it should not be redacted. |
| Weaver 15 | 217, 296 | Colloquy, Weaver | | 4/21-22/2014 Weaver-redacted email chain between Weaver-Stephens  attaching authentic Stephens report re Cabcabin. |
| Weaver 16 | 219, 300 | Colloquy, Weaver | | 8/11-14/2014 Weaver-redacted email chain between Weaver-Stephens, also attaching authentic report re Cabcabin. |
| Weaver 16A | 219, 301 | Colloquy, Weaver | R | 8/15/2014 Cabcabin-Weaver-Grueneich, Styant-Browne email chain |
| Weaver 17 | 219, 304 | Colloquy, Weaver | | 8/22/2014 Stephens to Weaver email chain (Weaver 15); fwded Weaver to Grueneich, but with Weaver-falsified report re Cabcabin. (Same as HB 5). |
| Weaver 18 | 219, 309-10 | Colloquy, Weaver | | 8/22/2014 Grueneich response email to Weaver 17. |
| SDM 6 | 363 | Weaver | | 7/1/2014. Weaver & Connolly email chain re: Boiardi Sanctions motion, |
| SDM 7 | 368 | Weaver | RP | 7/24/2014 Weaver & Connolly email chain re: Boiardi, after Weaver fwding his earlier emails sent to Boiardi. |
| SDM 8 | 377 | Weaver | RP | Emails: 8/28/2014 Stephens to Sells; 8/29 Stephens fwd to Weaver; Weaver fwd to Styant-Browne and Mahoney; Mahoney response; Weaver response. |

| MAY 9, 2019 TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| SDM 9 | 505 | Sampson | | 7/26/2018 Ltr. from Sampson to SDM. ACC Privilege waived. |
| SDM 10 | 570 | Sampson | | Client Intake Questionnaire. Privilege waived. |
| HB 10 | 671 | Reeves | | 10/21/2011 Heavily redacted (by Reeves) email from Reeves to Styant-Browne, Bates HBSS-SAMPSON_00004319-47, reporting Sampson approval of draft complaint language included. |
| HB 11 | 729 | Reeves | | Differently Reeves-redacted copy of HBSS-SAMPSON_00004319-47, reporting Cabcabin approval of draft complaint language included. |
| SDM 11 | 739 | Reeves | | Murray Complaint. |

| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
|---|---|---|---|---|
| | | | | **MAY 10, 2019 TRANSCRIPT** |
| Reeves 2 | 833 | Reeves | R | Gordon & Reeves letter to Sampson transmitting engagement docs and questionnaire, and disclosing risks and other aspects of engagement. This is an individualized copy of Reeves 6, an ACC-privileged document, but Ms. Sampson has waived privilege. I believe that waiver is effective as to this copy only, even though, as a practical matter, that conclusion effectively guts the privilege as to the content of each like iteration. |
| Reeves 3 | 839 | Reeves | | Fee Agreement: Not privileged. *Montgomery Cnty. v. MicroVote Corp.*, 175 F.3d 296, 304 (3d Cir. 1999) |
| Reeves 4 | 841 | Reeves | R | PowerPoint shown to potential plaintiffs or groups of potential plaintiffs. This document was not prepared for or communicated to Sampson; hence no waiver. *See* Tr. 5/10/2021 at 842:22-843:2.) |
| Reeves 5 | 848 | Reeves | | Sampson client questionnaire. (same as SDM 10). Sampson has waived privilege. |
| Reeves 6 | 851 | Reeves | | Template for Reeves 2. The template itself was not communicated to clients or potential clients; it would not become an ACC until it was actually sent to a client. Before that it was work product. *See* November R&R at 8-9, 2024 WL 3420591 at *5; *Gates v. Rohm & Haas Co.,* 2006 WL 3420591 at *5 (E.D. Pa. Nov. 22, 2006). |
| Reeves 7 | 852 | Reeves | | Emails Sampson-Reeves 10/11/2018, post-Reeves' withdrawal, re Sampson's search for relevant documents. The attorney-client relationship had long since expired. |
| Reeves 8 | 856 | Reeves | | Extensive collection of emails from/to Sampson and to/from Reeves, Mahoney and others, mostly in Oct.-Nov. 2011. ACC and Work Product protection waived. |
| Reeves 9 | 863 | Reeves | | Extensive chain of emails from/to Sampson and Reeves, Sept.-Oct. 2018. |
| Reeves 10 | 877 | Reeves | | Status report letter Gordon & Reeves to Sampson. 10/13/2011. Work Product and ACC privileges waived. |

| MAY 10, 2019 TRANSCRIPT | | | | |
|---|---|---|---|---|
| No. | Intro. Pg. | Witness | SDM Rec. | Description/Comment |
| Reeves 11 | 885 | Reeves | | Collection of Sampson emails with Mahoney or Reeves, between 2011 and 2013. Sampson has waived privilege. |