IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> SMITHKLINE BEECHAM CORPORATION ET AL., <br><br> Defendants. | Case No. 2:11-cv-05782-PD <br> and all related cases |

**MEMORANDUM AND ORDER
OF THE SPECIAL DISCOVERY MASTER**

**Introduction**

Tyler Weaver has moved (Doc. 855, the "Seal Motion") for leave to file under seal his Response (the "Weaver Response,") to the Order to Show Cause entered by Judge Diamond (Doc. 835). The Court has not yet acted on the motion to seal, but Weaver did file the Weaver Response under seal, as reflected (without document) at Doc. 856.

Mr. Weaver has not favored me (or, to my knowledge, the Judge) with unredacted or redacted copies of the Weaver Response, and I will now order him to do so. As with past redaction exercises, Mr. Weaver's redactions may mask attorney-client privileged communications and attorney work product to the extent protection was not previously waived directly or indirectly. I am aware of no other available privilege that might justify redaction here.

I will not order the public filing of even the redacted iteration of the Weaver Response. As with other submissions claimed to be entitled to redaction, I will review Weaver's suggested redactions and make recommendations respecting them for the Court's consideration. If Mr.

Weaver and I have done our work well, sealing will presumably be unnecessary; the Clerk will enter the redacted Weaver Response on the public docket, that which is protectable will remain protected, and the public will have its constitutionally-grounded access to that which is not protectable. And if Weaver objects to the redactions I propose, he will have his remedy under Fed. R. Civ. P. 53(f)(2).

To avoid confusion regarding what may or may not be redaction-worthy, I now address one strange aspect of the Seal Motion: Oddly enough, Mr. Weaver does not invoke either attorney-client or work product privilege in the Motion; instead, he appears to be placing his entire reliance on a privilege that does not exist:

> 1.  Underlying this motion is the personal injury claim of plaintiff Terri Bolton which is currently pending before this Court and which Ms. Bolton has indicated a desire to pursue.
>
> 2.  Mr. Weaver seeks to avoid any action that might diminish Ms. Bolton's claim and his response to the order to show cause is crafted in such a way as to avoid such harm while permitting Mr. Weaver to effectively respond to the order to show cause.
>
> 3.  Sealing Mr. Weaver's response will aid in the effort to avoid diminishing Ms. Bolton's claim.

Sealing Motion at 1. Without commenting on that reasoning, I will reject it as a rationale for my redaction review; that is why I am ordering Mr. Weaver to limit his redactions to the two actual privileges or protections discussed earlier – work product and attorney-client – and any other available and recognized privilege. Fear of claim diminution is not one of those, nor is unwillingness to disclose one's birth date, physical condition, or medical history. Fed. R. Civ. P. 34, 35; Pa. R. Civ. P. 4009.1, 4010; *Myers v. Travelers Ins. Co.,* 46 A.2d 224, 226 (Pa. 1946).

All of this, of course, will be subject to Judge Diamond's consideration before the Weaver Response, as ultimately redacted, is publicly docketed. An Order follows.

**ORDER**

It is hereby **ORDERED** that, on or before December 1, 2025, Tyler Weaver serve on Special Master William Hangley an unredacted copy of his Response (Doc. 856) to the District Court's Order to Show Cause (Doc. 835), along with a separate copy with proposed redactions of those segments or passages claimed by Weaver to contain attorney-client privileged communications, protectable attorney work product, or material protected against public disclosure by another recognized privilege.  For each proposed redaction, Weaver shall identify the particular privilege he is invoking and explain, with specificity, why it is claimed to be available.  The foregoing submissions shall not be docketed, but Weaver shall provide copies to Hon. Paul Diamond's chambers.

November 6, 2025                                     /s/ *William T. Hangley*
                                                     WILLIAM T. HANGLEY
                                                     SPECIAL DISCOVERY MASTER