IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENDA JOHNSON, et al.,

v.

Civ. No. 11-05782
and all related cases

SMITHKLINE BEECHAM
CORPORATION, et al.,

**Terrie Bolton's Response in Opposition to Defendants' Motion for Procedures in Remaining Cases in Response to Order of August 5, 2025**

On November 4, 2025, Defendants filed a Motion for Procedures in Remaining Cases in Response to Order of August 5, 2025 ("Motion") seeking a *Lone Pine* order requiring the remaining plaintiffs, including me (Terrie Bolton), to submit factual evidence after the close of discovery that demonstrates threshold proof of claims. Defendants' Motion should be denied as to my claims.

I filed a Complaint on August 9, 2012 – over 13 years ago. I produced medical records in 2011 and responses to written discovery in 2013. The substantive litigation of my claims against Defendants "paused" in fall 2014 when my former counsel moved to withdraw. This case has experienced many twists and turns but, on October 21, 2020, the Court granted the Joint Motion to Withdraw and Substitute Counsel as to Plaintiff Terrie Bolton, allowing me to proceed with my claims *pro se*. *See* October 21, 2020 Order, Doc 731. Both before and after the October 21, 2020 Order, I contacted Defendants several times and asked to proceed with my case. Defendants ignored my efforts to move the case forward.

The deadline to conduct fact discovery elapsed long ago. *See, e.g.,* May 16, 2024 Report and Recommendation of the Special Discovery Master, Doc. 805, p. 4 ("The pleadings are long-since closed, the fact discovery deadline long-since passed."). Apparently recognizing this reality,

Defendants do not seek additional discovery.  Instead, they filed their Motion requesting that the Court enter a *Lone Pine* order that requires me to answer certain factual questions under oath, *i.e.*, requiring that I engage in fact discovery after the discovery deadline.  This should not be permitted.

First, as I understand it, a *Lone Pine* order requires plaintiffs to produce threshold support for their claims when there is a large number of parties such that it is difficult for defendants to analyze every plaintiffs' claims through the normal discovery process.[1]  The courts in both the *Lone Pine* and *Hamer* cases cited by Defendants requested and obtained the *Lone Pine* orders before substantial discovery occurred – – not after the close of discovery where I have already responded to Defendants' written discovery and produced a Declaration from an expert who concluded my birth injuries were caused by thalidomide exposure.  *See Hamer*  (stating that *Lone Pine* orders "impose preliminary discovery requirements.").

Second, I have already provided the information Defendants seek, and need not be provided again, including:

- My name;

- A description of my birth injuries;

- A declaration from an expert who considered my medical records and examined me and confirmed to a reasonable degree of medical certainty that my birth injuries were caused by thalidomide exposure in utero.

There is no need to prepare a declaration providing Defendants information they already have in their possession, much of which is in the public record.

Accordingly, I respectfully request that the Court deny Defendants' Motion requiring me to comply with their proposed *Lone Pine* Order and instead, set a deadline for Defendants to file dispositive motions.

---

[1]    I understand that *Lone Pine* involved claims made against 464 defendants and involved 120 lawyers.

Respectfully submitted on November 6, 2025.

Terrie Bolton
21001 N. Tatum Blvd STE 1630 #492
Phoenix, AZ 85050
(312) 623-3070
Email: tmixon922@gmail.com