IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENDA JOHNSON, et al.,

v.

Civ. No. 11-05782
and all related cases

SMITHKLINE BEECHAM
CORPORATION, et al.,

**Terrie Bolton's Partial Objection to Report and Recommendation of the Special Discovery Master Re: Proposed Redactions from 2017 and 2019 Hearing Exhibits**

In the Special Master's October 22, 2025 "Further Report and Recommendation ... Re: Proposed Redactions From 2017 and 2019 Hearing Exhibits," ("R&R") the Special Master ordered that Bolton Exs. 7 and 8 – which contain explicit, nearly nude photographs of me and my birth injuries – be made public because they are not protected by the attorney-client privilege.  I agree they are not privileged, but they are confidential and should not be published on the internet.

I understand that, by filing this lawsuit to recover damages for my birth injuries, I have put my birth injuries at issue.  The full array of my confidential, private patient health information, including my medical records and photographs of my birth injuries, should be available to the Court and its staff, the Special Master, Defendants and their attorneys, experts and the jury.  They should not be available for anyone mining the internet.  Hagens Berman has cited several cases supporting the reality that, while not privileged, certain confidential information, such as medical records and photographs, should not be in the public domain.  In addition to that law, the Court entered a Protective Order on which I relied stating that my confidential medical information would not be disseminated to the public, and the Special Master confirmed that reality before the 2017 hearings at which Bolton Exs. 7 and 8 were used.

**1. My Medical Records Are Governed By The Protective Order In This Litigation.**

On December 16, 2013, the Court entered a Stipulated Protective Order (Doc 143) ("Protective Order") where the Court ordered that my medical records be provided confidential treatments. The Protective Order states, in relevant part:

> Defendants have requested Plaintiffs' confidential medical records and requested that Plaintiffs provide release forms to allow Defendants to obtain additional **medical records** ....Disclosure and discovery activity in these proceedings may also involve production of other confidential, proprietary, and private information for which **protection from public disclosure** and from use for any purpose other than prosecuting this litigation would be warranted ....

Protective Order, ¶¶ A and B (emphasis added). The Protective Order then restricts the disclosure of confidential medical information and patient health information to the parties, their counsel, consultants and experts, stenographic employees and court reporters, witnesses, the Court, the Special Master, litigation vendors and Plaintiffs' treating physicians. *Id.*, § III, ¶ A. The Protective Order confirms that, in producing confidential information in the litigation, "the parties shall be relying upon the terms and conditions of this Protective Order." *Id.*, § IX.

I understand that the Special Master rejected the application of the Protective Order in the R&R, based on the Court's prior ruling that stated that maintaining the confidentiality of my medical records "has no basis in law" pursuant to 42 Pa. Cons. Stat. § 5929, but that statute relates to the disclosure of medical records by a plaintiff's physician; it does not authorize public dissemination of medical records. It is not my position that Bolton Exs. 7 and 8 should be protected from disclosure. To the contrary, it is my position that Bolton Exs. 7 and 8 should be disclosed in accordance with the terms of the Protective Order entered by the Court that specifically relates to the disclosure of plaintiff's medical information in this case.

**2. The Special Master Confirmed Bolton Ex. 7 and 8 Would Remain Confidential.**

The pictures were introduced at the September 26, 2017 hearing on a Motion to Withdraw. Prior to that hearing, the Special Master confirmed that his "investigation would be conducted in camera". *See, e.g.,* Report and Recommendation of the Special Master Re: Objections of Hagens Berman Sobol Shapiro LLP to November 17, 2016 Order of the Special Master Regarding Inquiry Regarding Motions to Withdraw (Doc. 552), p. 4.  Then, at the outset of the hearing, the Special Discovery Master stated:

> This portion of the hearing, which should be a separate tape also under seal, **shall be made available only to the Court, me, Hagens Berman and its attorneys, and Ms. Bolton and her counsel**.  None of the other Plaintiffs should have access to it.

Transcript of September 26, 2027 hearing at 4:7-11.

Although I know that the Court, the Special Master, the parties, their counsel, experts and the jury would be entitled to review my confidential medical information at some point in the litigation, I would never have introduced Bolton 7 and 8 as evidence in the September 26 and 28, 2017 hearings had I known there was a chance that those exhibits could be placed on the internet and in the public domain.

### 3.  Conclusion.

When I filed this lawsuit, I agreed to place my medical information at issue in the litigation; I did not consent to that information, which includes explicit, nearly-nude photographs of me, being made available to the general public.  Accordingly, I respectfully request that the Court reconsider its decision to make Bolton Exs. 7 and 8 public, and ask that those exhibits be given the confidential treatment identified in the Protective Order.

Respectfully submitted on November 12, 2025.

Terrie Bolton
21001 N. Tatum Blvd STE 1630 #492
Phoenix, AZ 85050
(312) 623-3070

Email: tmixon922@gmail.com