IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMITHKLINE BEECHAM COPORATION, et al. <br><br> Defendants. | Case No. 2:11-cv-05782-PD <br><br> AND ALL RELATED CASES |

**HAGENS BERMAN SOBOL SHAPIRO LLP AND STEVE BERMAN'S RESPONSE AND OBJECTIONS TO THE FURTHER REPORT AND RECOMMENDATION OF THE SPECIAL DISCOVERY MASTER RE: PROPOSED REDACTIONS FROM 2017 AND 2019 HEARING EXHIBITS (DOC. 861)**

On August 6, 2025, SDM Hangley issued a Report and Recommendation of the Special Discovery Master Re: Proposed Redactions from 2017 and 2019 Hearing Exhibits ("August 2025 R&R") which recommended specific redactions for exhibits introduced in the September 2017 and May 2019 hearings. [Doc. 836 at 4 (listing recommended redactions at Table X)]. On August 27, 2025, Hagens Berman Sobol Shapiro LLP and Steve Berman (collectively, "Hagens Berman" or "the Firm") responded and objected to the August 2025 R&R (Doc. 841).

On October 22, 2025, SDM Hangley issued a Further Report and Recommendation of the Special Discovery Master Re: Proposed Redactions from 2017 and 2019 Hearing Exhibits filed October 22, 2025 (Doc. 861) containing an Amended Table X of proposed redactions ("October 2025 R&R"). The Firm's objections to the October 2025 R&R are listed below.

As a preliminary matter, however, the Firm reiterates and incorporates by reference its prior objections and argument that it did not waive work-product protection by making the 2017 and 2019 hearing transcripts and certain exhibits available to expert witness Abraham Reich for his *in camera* testimony on the limited issue of whether certain Withdrawal Motions should be granted. (Docs. 718, 726, 748, 750, 810, 819, 825, 841) As the Firm argued in these earlier filings, neither Defendants nor the public writ large are entitled to review documents protected

by the work-product privilege merely because they were supplied to Mr. Reich with respect to opinions offered *in camera* as to the Withdrawal Plaintiffs. *See, e.g.*, Doc. 825 at 2-4. The Firm also reiterates and incorporates by reference the objections and arguments of certain Plaintiffs that they did not authorize waiver of attorney work product. [Docs. 620, 719, 727, 822, 826, 841]. Finally, the Firm incorporates by reference and does not waive its prior objections with respect to SDM Hangley's authority and continued participation in this matter.

I.   **Objections to Specific Redaction Recommendations**

Except as noted below, the Firm does not further object to the redaction rulings set out in the Amended Table X to the October 2025 R&R.

A.   **Bolton Exhibits 7 and 8-1 through 8-7.**

The Firm reiterates its objection to the publication of these exhibits on the public docket given that they contain highly sensitive medical records and protected health information. The Firm acknowledges the presumption in favor of public access of documents, *see In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019), but notes that the Third Circuit has also recognized that "[i]nformation about one's body and state of health is matter which the individual is ordinarily entitled to retain within the private enclave where he may lead a private life. It has been recognized in various contexts that medical records and information stand on a different plane than other relevant material." *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) (finding that medical records potentially revealing intimate details fell within a zone of privacy entitled to constitutional protection). The Court and SDM Hangley previously cited to 42 Pa. Cons. Stat. § 5929 to support the proposition that Ms. Bolton's prior objection about the confidentiality of her medical records "has no basis in law." (Docs. 593, 861). Respectfully, that statute merely provides for an exception to the physician-patient *privilege* "in civil matters brought by such patient, for damages on account of personal injuries." 42 Pa. Cons. Stat. § 5929. It does not govern whether

sensitive medical records are entitled to *under seal* treatment. Indeed, the Third Circuit has "recognized the important privacy interest in one's medical records . . . [t]he right to privacy is a consideration in the balancing process that courts conduct in deciding whether to file a document under seal." *Everett v. Nort*, 547 F. App'x 117, 123 (3d Cir. 2013) (granting motion for leave to file prisoner's medical records under seal in case involving pretrial detainee's 1983 action alleging inadequate medical care). Numerous courts in this Circuit have similarly granted requests to seal medical records even when those records are arguably at issue or relevant in the underlying case. *See, e.g.*, *Rudderow v. Bos. Sci. Corp.*, No. CV 20-08561 (CPO), 2022 WL 1500958, at *1 (D.N.J. May 12, 2022) (granting motion to seal in a products liability case given that "the filings detail Plaintiff's medical history and treatment, which invoke serious privacy concerns."); *Leinheiser v. Hoey*, No. CV 17-11642 (KMW) (AMD), 2025 WL 2437814, at *1 n.1 (D.N.J. Aug. 25, 2025) (granting motion to seal in prisoner's deliberate indifference to medical needs lawsuit where "Plaintiff's medical records contain private information subject to protection [and] that the public has little interest in those records beyond the information already contained in the public filings in this matter."); *Gambino v. Cassano*, No. CV170830NLHAMD, 2022 WL 4536469, at *1 (D.N.J. Sept. 28, 2022) (granting motion to seal portions of plaintiff's medical records in case involving allegations of inadequate medical care by prison officials given that "[t]he listed exhibits contain sensitive information about Plaintiff's wounds. The detailed descriptions of the wounds . . . as well as other information in the records, go beyond the information that is necessary for the Court to decide the [motion at issue].").

      **B.**    **Marshall Exhibit 12.**

This exhibit consists of Ms. Reeves' notes of interviews with certain clients, including Mr. Marshall. In its August 2025 objections (Doc. 841), the Firm agreed with SDM Hangley that pages 3-4 are largely the product of communications with persons other than the client, but

objected that the top portion of page three (everything before the word "hurt") should be redacted because it may have been a communication that Ms. Reeves had with Mr. Marshall (rather than his family members). SDM Hangley rejected this proposal because he sees "nothing to suggest a greater likelihood that Marshall, rather than an older relative, was the source of the information." (Doc. 861 at 7). The Firm respectfully submits that any doubts should be resolved in favor of the privilege. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992), *as amended* (Sept. 17, 1992) ("[W]here one part of memorandum is privileged and doubts exist as to other parts, doubt resolved in favor of application of privilege") (citing *In re Grand Jury Subpoena Duces Tecum,* 391 F.Supp. 1029, 1034 (S.D.N.Y.1975)); *Klitzman, Klitzman & Gallagher v. Krut*, 744 F.2d 955, 961 (3d Cir. 1984) (same). To this end, the Firm reiterates its objection here and urges the Court to adopt its additional proposed redactions.

    C.    **SDM Exhibit 1.**

This exhibit consists of Ms. Reeves' notes regarding certain plaintiffs' claims. In several instances, the notes incorporate privileged communications that Ms. Reeves had with Firm clients. In its August 2025 objections (Doc. 841), the Firm largely agreed with SDM Hangley's proposed redactions, but objected that certain additional redactions were needed to preserve the attorney client privilege. SDM Hangley accepted one of the Firm's proposed redactions (with respect to plaintiff Ted Mann), but rejected the Firm's other proposed redactions. (Doc. 861 at 8). The Firm reiterates its objections with respect to the following redactions:

- **Under the "First recorded contract" column to the right of the "Michael Morgan" section (Reeves000030568): The third and part of the fourth sentences (beginning with "NOTE" and ending with "compensation").** This appears to be Ms. Reeves' recounting of a communication that she had with Mr. Morgan, and is thus protected by the attorney-client privilege. While SDM Hangley expressed doubt

4

about whether the proposed redactions actually contain privileged material, any doubts should be resolved in favor of application of the privilege. *Haines*, 975 F.2d at 90.

- **Under the "First recorded contract" column to the right of the "Paul Haddad" section (Reeves000030568):** The third sentence (beginning with "A" and ending with "US"). This appears to be Ms. Reeves' recounting of a communication that she had with Mr. Haddad, and is thus protected by the attorney client privilege. While SDM Hangley expressed doubt about whether the proposed redactions actually contain privileged material, any doubts should be resolved in favor of application of the privilege. *Haines*, 975 F.2d at 90.

D.     SDM Exhibit 2.

This exhibit consists of Ms. Reeves' notes regarding certain plaintiffs' claims. In several instances, the notes incorporate privileged communications that Ms. Reeves had with Firm clients. In its August 2025 objections (Doc. 841), the Firm largely agreed with SDM Hangley's proposed redactions but objected that an additional redaction was needed to preserve the attorney client privilege. The Firm reiterates its objections with respect to the following redaction:

- **Under the "Michael Morgan" and "Exposure/knowledge of thalidomide causation" sections on page 3 (Reeves000036304):** Redact the first clause of the second sentence in the second paragraph (beginning with "Michael" and ending with "them;"). This appears to be Ms. Reeves' substantive recounting of information she received from Mr. Morgan during the intake process. While SDM Hangley stated that it was "impossible to tell" whether Mr. Morgan or his parents were the source of the communication, any doubts should be resolved in favor of application of the privilege. Doc. 861 at 8; *Haines*, 975 F.2d at 90.

5

E.  SDM Exhibit 3.

This exhibit consists of Ms. Reeves' notes regarding certain plaintiffs' claims. In several instances, the notes incorporate privileged communications that Ms. Reeves had with Firm clients. In its August 2025 objections (Doc. 841), the Firm largely agreed with SDM Hangley's proposed redactions but objected that certain additional redactions were needed to preserve the attorney client privilege. In the October 2025 R&R, SDM Hangley accepted some of the Firm's proposed redactions but rejected others. The Firm reiterates its objections with respect to the following redactions:

- **Under the "Jerry Harrelson" category (Reeves000026871):** The clause beginning with "(their dad . . . )" and ending with "UNC." This appears to be Ms. Reeves' recounting of a substantive communication that she had with Mr. Harrelson about his family members, and is thus protected by the attorney client privilege. While SDM Hangley states that he "cannot tell" whether the source of the communication was Mr. Harrelson or his uncle (Doc. 861 at 9), any doubts should be resolved in favor of application of the privilege. *Haines*, 975 F.2d at 90.

- **Under the "Michael Morgan" and "Exposure/knowledge of thalidomide causation" sections on page 14 (Reeves000026879):** Redact the first clause of the second sentence in the second paragraph (beginning with "Michael" and ending with "them;"). This appears to be Ms. Reeves' substantive recounting of information she received from Mr. Morgan during the intake process. While SDM Hangley expressed doubt about whether the proposed redactions actually contain privileged material, the Firm notes that any doubts should be resolved in favor of application of the privilege. *Haines*, 975 F.2d at 90.

### F. Hagens Berman Exhibit 11.

This exhibit consists of plaintiff-specific portions of a draft complaint sent by Ms. Reeves to Mr. Styant-Browne on October 21, 2011. The August 2025 R&R did not recommend any redactions with respect to this exhibit, so the Firm objected on the basis that the sentence on the middle of the first page (HBSS-Sampson_004319), beginning with "Cabcabin," should be redacted because it reveals the substantive content of a communication between Ms. Cabcabin and the Firm about the case. (Doc. 841 at 8-9). In the October 2025 R&R, SDM Hangley rejected the proposed redaction on the basis that there was no "expectation of privacy" with respect to this material because Ms. Cabcabin, had she not sent the email in question, may have needed to publicly affirm the substantive content of her communication (Doc. 861 at 10). Respectfully, case law is clear that "the fact that certain information might later be disclosed to others [does not] create the factual inference that the communications were not intended to be confidential *at the time they were made.*" *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) (emphasis added). The communication at issue was transmitted to the Firm from a client for the purpose of prosecuting claims against the defendants. It is therefore encompassed by the attorney-client privilege. *Haines*, 975 F.2d at 90 ("The privilege extends to verbal statements, documents and tangible objects conveyed by both individual and corporate clients to an attorney in confidence for the purpose of any legal advice.").

## II. Conclusion

The Firm respectfully requests that the Court allow the redactions set forth in Section I above. The Firm also requests that any Court order adjudicating these redaction issues allow the Firm (on behalf of its clients) and the unrepresented plaintiffs to seek a

stay and appellate review prior to publication of 2017 and 2019 exhibits or transcripts containing attorney work product.

DATED: November 12, 2025

Respectfully submitted,

COPPERSMITH BROCKELMAN PLC

/s/ Keith Beauchamp
    Keith Beauchamp (*pro hac vice*)
    kbeauchamp@cblawyers.com
    Marvin C. Ruth (*pro hac vice*)
    mruth@cblawyers.com
    Malvika A. Sinha (*pro hac vice*)
    msinha@cblawyers.com
    2800 North Central Avenue, Suite 1900
    Phoenix, AZ 85004
    Telephone: (602) 381-5490
    Facsimile: (602) 224-6020

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

/s/ Gaetan J. Alfano (w/permission)
Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com

Peter St. Tienne Wolff
Pennsylvania Bar No. 208433
PSW@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

SAXTON & STUMP, LLC

/s/ Christopher C. Conner (w/permission)
Christopher C. Conner
Pennsylvania Bar No. 36407
cconner@saxtonstump.com
4250 Crums Mill Road, Suite 201
Harrisburg, PA 17112
Telephone: (717) 216-5522
Facsimile: (717) 547-1900

SAXTON & STUMP, LLC

Timothy M. Stengel
Pennsylvania Bar No. 314573
tstengel@saxtonstump.com
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: (717) 556-1010
Facsimile: (717) 441-3810

*Attorneys for Hagens Berman Sobol Shapiro LLP, and Steve Berman*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 12, 2025, a true and correct copy of the foregoing Hagens Berman Sobol Shapiro LLP and Steve Berman's Response and Objections to the Further Report and Recommendation of the Special Discovery Master Re: Proposed Redactions from 2017 and 2019 Hearing Exhibits was filed electronically and served on all counsel via the Court's CM/ECF system.

/s/ Keith Beauchamp

COPPERSMITH BROCKELMAN PLC

    Keith Beauchamp (*pro hac vice*)
    kbeauchamp@cblawyers.com
    Marvin C. Ruth (*pro hac vice*)
    mruth@cblawyers.com
    Malvika A. Sinha (*pro hac vice*)
    msinha@cblawyers.com
    2800 North Central Avenue, Suite 1900
    Phoenix, AZ 85004
    Telephone: (602) 381-5490
    Facsimile: (602) 224-6020

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP

Gaetan J. Alfano
Pennsylvania Bar No. 32971
GJA@pietragallo.com

Peter St. Tienne Wolff
Pennsylvania Bar No. 208433
PSW@pietragallo.com
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
Facsimile: (215) 981-0082

SAXTON & STUMP, LLC

Christopher C. Conner
Pennsylvania Bar No. 36407
cconner@saxtonstump.com
4250 Crums Mill Road, Suite 201
Harrisburg, PA 17112
Telephone: (717) 216-5522
Facsimile: (717) 547-1900

SAXTON & STUMP, LLC

Timothy M. Stengel
Pennsylvania Bar No. 314573
tstengel@saxtonstump.com
280 Granite Run Drive, Suite 300
Lancaster, PA 17601
Telephone: (717) 556-1010
Facsimile: (717) 441-3810

*Attorneys for Hagens Berman Sobol Shapiro LLP, and Steve Berman*