**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et. al | ) |
| v. | ) |
| SMITHKLINE BEECHAM CORPORATION, et. al. | )  Civ. No. 11-5782 |
| | )   and all related cases |

PROPOSAL FOR PROCEDURES IN REMAINING CASES

1. In response to this Court's August 5, 2025 Order (Doc. No. 835), pro se Plaintiff Carolyn Sampson respectfully moves this Court for an Order regarding procedures to address my claim in this litigation.

2. Special Discovery Master Hangley asserts that "The pleadings are long since closed, the fact discovery deadline long since passed." (Doc. No. 805) Defendants assert otherwise in their proposal to require me as a Plaintiff to submit new documentation (Doc. No. 868). My research revealed that in general a lawsuit discovery period cannot be reopened once it is officially ended. However, there are exceptions where a party may seek to reopen discovery if there is a substantial need for additional discovery beyond the usual time limits. This could involve circumstances such as the discovery of new evidence, procedural errors, or the need to prevent manifest injustice. The court's discretion plays a significant role in determining whether to reopen discovery. I believe that all three circumstances: new evidence, procedural errors, and the need to prevent manifest injustice, apply to my case.

3. Defendants have failed to disprove that they actively engaged in fraudulent concealment for more than 60 years, an act which could toll any statute(s) of limitations that might apply to my case. Therefore, I seek a procedure whereby Defendants would be required to submit evidence of having done everything possible to ensure that the general public, and by extension I, my doctors, and the prestigoius law firm that investigated filing a case on my behalf in 1982, (Robins, Zelle, Larson & Kaplan, 46 4th St E, Saint Paul, Minnesota) were informed of the fact that Defendants knew or had reason to know in 1962 that there were likely many more babies born with thalidomide injuries than indicated by the public narrative they carefully crafted and have protected and maintained for 63 years.

4. I respectfully propose, in the interest of a fair trial of my case, that Defendants be required to provide solid evidence that they did not willfully withhold and actively work to hide the full facts regarding their manufacture and distribution of unmarked thalidomide pill samples in the United States in the 1950s and 60s, as documented in FDA records denied to the public until at least 2012.

I request that the Court issue an Order requiring each Defendant to submit, within ninety (90) days from the date of the Order, a declaration that contains, at a minimum, the following information:

   a. Defendant's name;

   b. All records, including letters and other documents submitted to the FDA as part of Defendants' New Drug Application (NDA) 12-611 in 1960.

   c. All letters, internal notes, memoranda, marketing collateral and other documents submitted to the FDA during the investigation conducted from 1962 through 1964.

   d. All internal notes, records and memoranda, pertaining to the NDA and the FDA's investigation of Defendants' distribution of thalidomide, withheld from the FDA

including the names of executives who visited or called Dr. Kelsey and other FDA employees, the date of each meeting and the nature of their conversations.

e. A complete list of addresses of all doctors, hospitals, clinics and other organizations and facilities where thalidomide samples were delivered in the United States, its military bases and territories, and the number of pills provided to each.

f. A complete accounting and proof of recovery of any pills that had not yet been distributed to patients when the FDA began recalling the pills in 1962. Absence of this documentation suggests that Defendants illegally and irresponsibly distributed unlabeled drug samples to doctors, along with marketing materials alleging that the drug was safe for pregnant women, while waiting for FDA approval of their New Drug Application.

g. A copy of any letter or record of phone call made to John B. Hopper, M.D., who delivered babies at All Soul's Hospital in Morristown, New Jersey in the 1950s and 60s, informing him that the unlabeled, unnamed sedative drug samples Defendants provided him were thalidomide, or admission that no such contact was attempted or made.

h. The name and location of the doctor who cared for the mother of each of the plaintiffs who filed cases against Defendant in U.S. Courts; (PRIOR U.S. THALIDOMIDE LITIGATION Doc. No. 291-14.); a list of all attorneys who represented plaintiffs in those cases; and any settlement agreement that prevented that attorney from representing other plaintiffs in the future.

i. Any case settlement agreement that prevented attorneys who represented plaintiffs in other countries from representing new plaintiffs anywhere in the world.

j.  For the Bibliography produced by Defendants (Doc 291-2), any passage informing the American public and by extension me, my doctors and the that investigated filing a case on my behalf in 1982, that Defendants and the FDA knew or reasonably should have known that there were likely more babies born in the United States with injuries caused by the thalidomide samples than the 9 or 17 they have ever publicly acknowledged.

k.  A verified statement that the declarant has a good faith basis, in accordance with 18 U.S. Code § 1001 to assert that Defendant did not lose control of any pills that could subsequently have been given to my mother during her pregnancy and a summary of the facts supporting that assertion.

l.  A verified statement that the declarant has a good faith basis, in accordance with 18 U.S. Code § 1001 to assert that the Defendant did not fraudulently conceal the fact, from the American public and by extension me, my doctors and the law firm that investigated filing a case on my behalf in 1982, that they could not account for all of the pills that were illegally distributed as samples prior to FDA approval of their New Drug Application, an act which could toll the statute(s) of limitations being alleged to apply to my case.

Nov 14, 2025                     Respectfully submitted,

                                Carolyn Sampson, (pro se plaintiff)
                                15353 Greenhaven Ln, #101
                                Burnsville, MN 55306

                                Telephone: 651-470-3937