IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>SMITHKLINE BEECHAM CORPORATION, *et al.*,<br><br>                              Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES |

**PARTIAL OPPOSITION BY HAGENS BERMAN PLAINTIFFS TO DEFENDANTS' MOTION FOR PROCEDURES IN  REMAINING CASES <u>IN RESPONSE TO ORDER OF AUGUST 5, 2025</u>**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT..........................................................................................................3

    A.    Defendants' request for a *Lone Pine* order should be denied. ..............3

        1.    The Third Circuit cases cited by Defendants authorize *Lone Pine* orders only in MDL litigation and only to manage discovery. ..................................................................................3

            a.    *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236 (3d Cir. 2013). ...........................................3

            b.    *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173 (3d Cir. 2021). ...........................................5

            c.    *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 2024 WL 3423709 (3d Cir. July 16, 2024)............6

        2.    Defendants' request for a *Lone Pine* order in this matter is unjustified under Third Circuit precedent...................................7

III.  CONCLUSION.....................................................................................................11

006185-13/3350562 V1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
  718 F.3d 236 (3d Cir. 2013) ......................................................................2, 3, 4, 7

*Hamer v. LivaNova Deutschland GmbH*,
  994 F.3d 173 (3d Cir. 2021) .....................................................................2, 5, 6, 10

*McMunn v. Babcock & Wilcox Power Generation Grp, Inc.*,
  896 F. Supp. 2d 347 (W.D. Pa. 2012).........................................................................6

*Preacher v. Overmyer*,
  2023 WL 3562982 (3d Cir. May 19, 2023).................................................................8

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
  2024 WL 3423709 (3d Cir. July 16, 2024)..................................................................6

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
  711 F. Supp. 3d 317 (E.D. Pa. 2022)...........................................................................6

006185-13/3350562 V1

## I.    INTRODUCTION

Plaintiffs represented by Hagens Berman Sobol Shapiro LLP ("Hagens Berman")[1] oppose Defendants' request for a *Lone Pine* order, which is directly at odds with the Third Circuit cases cited by Defendants. The *Lone Pine* request is set forth in paragraph A of Defendants' memorandum in support of their motion for procedures in remaining cases.[2] The HB Plaintiffs do not oppose the remaining procedures proposed by Defendants.

Defendants' proposed *Lone Pine* order is unprecedented and would violate Plaintiffs' due process rights, as well as improperly allow Defendants to avoid their initial burden of proof in seeking summary judgment. Defendants "propose a '*Lone Pine*' order process to expeditiously and efficiently identify as a threshold matter whether any remaining Plaintiffs have *prima facie* evidence to support the validity

---

[1] Hagens Berman represents the following Plaintiffs, all of whom wish to proceed with their cases on the merits: Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts. Hagens Berman also represents Rebecca Alexander, Sharon Anderson, Ted Mann, and Annette Manning, who have sought to voluntarily dismiss their claims against all Defendants. As Defendants explain, "[t]o the extent those dismissals are granted, these Plaintiffs will not be subject to Section A of the Memorandum in Support of Defendants' Proposal in Response to Order of August 5, 2025." *See* Exh. A to Def. Br. at ECF 868-2, p. 2. The foregoing Plaintiffs are referred to herein as "HB Plaintiffs."

[2] Memorandum in Support of Defendants' Proposal in Response to Order of August 5, 2025 ("Def. Mem."), ECF No. 868-1, filed Nov. 4, 2025.

- 1 -

of their claims before either the Parties or the Court expend significant further efforts litigating these cases."[3] That request fails for at least the following reasons, each of which independently requires that the request be denied:

- The Third Circuit cases cited by Defendants authorize *Lone Pine* orders only in Multidistrict Litigation cases, not cases on a "routine docket."[4]

- Even in MDL cases, courts are authorized to utilize *Lone Pine* orders only to "manag[e] discovery,"[5] not to impose new procedural hurdles for plaintiffs more than ten years after discovery has closed.

- Defendants seek requirements that are unprecedented even in MDL cases. Defendants ask the Court to require each Plaintiff to submit a "verified statement" that "the declarant has a good faith basis, in accordance with Federal Rule of Civil Procedure 11" to make their claims.[6] Defendants do not proffer *any* authority for imposing such a requirement in a *Lone Pine* order.

- Defendants' purpose is to shift the burden of proof to Plaintiffs to avoid summary judgment even before Defendants meet their initial burden in

---

[3] *Id*. at 2.

[4] *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013).

[5] *In re Asbestos*, 718 F.3d at 246.

[6] Def. Mem. at 5.

seeking summary judgment. Defendants do not cite and cannot cite any authority for such a new procedure.

Defendants' request for a *Lone Pine* order should be rejected.

## II.    ARGUMENT

**A.    Defendants' request for a *Lone Pine* order should be denied.**

**1.    The Third Circuit cases cited by Defendants authorize *Lone Pine* orders only in MDL litigation and only to manage discovery.**

The three Third Circuit decisions cited by Defendants undermine their motion for a *Lone Pine* order. Those decisions allow *Lone Pine* orders only in MDL litigation, not in cases on a routine docket. And even if this were MDL litigation, the relief sought by Defendants is not authorized by the Third Circuit.

**a.    *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236 (3d Cir. 2013).**

In *In re Asbestos*, the Third Circuit stated that "*Lone Pine* case management orders 'are designed to handle the complex issues and potential burdens of defendants and the court in mass tort litigation.'" 718 F.3d at 240 n.2 (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000)). In order to "streamline the litigation of the thousands of cases in MDL 875," the district court in *In re Asbestos* issued a *Lone Pine* order, in part to "requir[e] plaintiffs to provide certain medical and exposure information *at the outset of the case*." *Id*. at 240. The district court did *not* require either the plaintiffs or their attorneys to file any declaration, let alone attest to compliance with Rule 11. The Third Circuit

explained the *Lone Pine* order was justified because, "[w]hile the specific form of MDL proceedings does not alter the substantive rights of the litigants, it has nonetheless caused courts of appeals to acknowledge the increased burden imposed on judges handling these cases…." *Id.* at 243.

The Court stressed that "'administering cases in multidistrict litigation is different from administering cases on a routine docket.'" *Id.* at 246 (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006)). Thus, "a sprawling multidistrict matter such as this presents a special situation, in which the district judge must be given wide latitude with regard to case management in order to effectively achieve the goals set forth by the legislation that created the Judicial Panel on Multidistrict Litigation." *In re Asbestos*, 718 F.3d at 247.

Moreover, even in MDL cases, the Court explained that the purpose of a *Lone Pine* order is to manage discovery, not to impose new procedural hurdles after discovery has closed. The Court stated that the "district courts must have wide discretion to manage 'complex issues and potential burdens on defendants and the court'—namely, as the Fifth Circuit recognized, through managing discovery." *Id.* (quoting *Acuna*, 200 F.3d at 340–41).

- 4 -

### b.    *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173 (3d Cir. 2021).

In *Hamer*, the Third Circuit held that the district court properly exercised its discretion to issue a *Lone Pine* order in an MDL action because a "district court, administrating a multidistrict case, faces unique challenges not present when administrating cases on a routine docket." 994 F.3d at 178 (citing *In re Asbestos*, 718 F.3d at 246). "As such, in the MDL context, we conclude that district courts must be granted significant latitude to manage their dockets and to mitigate 'potential burdens on the defendants and court.'" *Id.* (quoting *In re Asbestos*, 718 F.3d at 246). Thus, "an MDL court 'needs to have broad discretion to ... keep[ ] the parts in line' by entering *Lone Pine* orders that 'drive[ ] disposition on the merits.'" *Id.* (quoting *In re Asbestos*, 718 F.3d at 247). The Court explained that "[s]uch orders may impose preliminary discovery requirements, like the production of relevant expert reports, or may require plaintiffs to furnish specific evidence like proof of a medical diagnosis, with the goal of winnowing non-compliant cases from the MDL." *Id.*

The Third Circuit held that the district court erred in dismissing some of the MDL cases *with prejudice* for failure to comply with the *Lone Pine* order. The Court explained that the district court would have "been within its discretion to dismiss Hamer's claims *with* prejudice, provided that it properly found that Hamer

- 5 -

had not stated a *prima facie* case for relief under Louisiana law. But that is not what happened." *Id*. at 178-79 (footnote omitted).

### c. *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 2024 WL 3423709 (3d Cir. July 16, 2024).

The final Third Circuit decision cited by Defendants "centralized into MDL 2848 cases where plaintiffs alleged that Zostavax caused them to develop shingles and/or other injuries." *Zostavax*, 2024 WL 3423709, at *1. The district court issued a *Lone Pine* order, after which it dismissed "1,189 Group A cases under Rule 41(b)" for non-compliance with that order. *Id*. at *2. The Third Circuit stressed that "[i]n the context of an MDL, we also account for the District Courts 'increased burden' while being mindful not to 'alter the substantive rights of the litigants.'" *Id*. The Court then affirmed the dismissal of "1,189 non-meritorious cases on the MDL docket." *Id*. at *5.[7]

---

[7] Defendants also cite the district court case that the Third Circuit addressed on appeal in *Zostavax*. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 711 F. Supp. 3d 317 (E.D. Pa. 2022). The district court decision is inapposite for the same reason that *Zostavax* does not support Defendants' arguments. The other district court case cited by Defendants is also inapposite. In *McMunn v. Babcock & Wilcox Power Generation Grp, Inc.*, 896 F. Supp. 2d 347 (W.D. Pa. 2012), the court issued a *Lone Pine* order before the Third Circuit decided any of the three cases cited by Defendants here. The court stated that the "'pre-discovery orders in issue are of a type known as *Lone Pine* orders'" and that "'such orders are issued under the wide discretion afforded district judges over the management of discovery under Fed.R.Civ.P. 16.'" *Id*. at 351 (quoting *Acuna*, 200 F.3d at 341). Defendants here do not request a pre-discovery order under Rule 16.

006185-13/3350562 V1

### 2. Defendants' request for a *Lone Pine* order in this matter is unjustified under Third Circuit precedent.

Defendants' request for a *Lone Pine* order should be denied for multiple reasons. As explained above, the Third Circuit has made clear that *Lone Pine* orders are available only in MDL litigation, not in cases on the routine docket. Because these thalidomide cases are not part of MDL litigations (and are far fewer in number than the cases at issue in Third Circuit cases relied on by Defendants), the request for a *Lone Pine* order here fails at the threshold.

Defendants' request also fails because they do not seek to use a *Lone Pine* order for the purpose of "managing discovery."[8] Discovery in these cases closed more than a decade ago, on October 15, 2014.[9] Instead of asking this Court to manage discovery, Defendants ask this Court to impose an unprecedented hurdle for Plaintiffs to cross before Defendants file summary judgment motions. Defendants' request is particularly egregious, because they filed numerous summary judgment motions more than a decade ago.

Rather than renew summary judgment motions that were denied without prejudice (and file new motions), Defendants ask this Court to shift the initial burden to Plaintiffs to avoid summary judgment. Defendants improperly propose

---

[8] *In re Asbestos*, 718 F.3d at 247.

[9] *See* Order dated October 4, 2013, ECF No. 103, at ¶ 3.

that "the claims of any Plaintiff who does not submit one or more Declarations meeting each of these requirements within ninety (90) days from the date of this Order should be subject to dismissal with prejudice."[10] That procedure would shift the burden of proof to Plaintiffs, ignoring the requirements of Rule 56 of the Federal Rules of Civil Procedure. For a summary judgment motion, the "moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions' of the record which demonstrate the absence of a genuine dispute of material fact.'" *Preacher v. Overmyer*, 2023 WL 3562982, at *1 (3d Cir. May 19, 2023) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Defendants ask this Court to violate Plaintiffs' due process rights by misuse of a *Lone Pine* order.

Putting aside those reasons for denying Defendants' request for a *Lone Pine* order, the relief sought by Defendants has never been imposed by any court in such an order. Defendants seek to require each Plaintiff to provide a verified statement under Rule 11, even though they do not and cannot cite a single case in which a court required such a statement in a *Lone Pine* order. Specifically, Defendants ask the court to require "each Plaintiff with claims remaining against Defendants to

---

[10] Def. Mem. at 6.

- 8 -

submit, within ninety (90) days from the date of this Order, a declaration that contains, at a minimum, the following information"[11]:

- A "verified statement that the declarant has a good faith basis, in accordance with Federal Rule of Civil Procedure 11, to assert that Plaintiff was exposed in utero to thalidomide, and a summary of the facts supporting that assertion…."

- A "verified statement that the declarant has (1) reviewed this Court's decisions granting summary judgment in this litigation (Dkt. Nos. 256, 265, 371) and the Third Circuit's decision on appeal affirming summary judgment (Case No. 15-2086, Doc. 003112170691); and (2) in light of those decisions, the declarant has a good faith basis, in accordance with Federal Rule of Civil Procedure 11, to assert that Plaintiff's claims are not barred by the statute(s) of limitations."

- "An affirmation that the Declarant has reviewed and considered the available evidence, including Plaintiff's medical records produced and any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case, and that the Declarant can state to a reasonable degree

---

[11] Def. Mem. at 5.

006185-13/3350562 V1

of medical certainty that Plaintiff was exposed to thalidomide in utero, which caused Plaintiff's injuries identified in the Declaration."

Thus, Defendants not only seek to avoid their burden of proof in seeking summary judgment but also seek to impose a procedure never adopted by any court in any case. Defendants' attempt to hide their assault on Plaintiffs' due process right in the guise of a *Lone Pine* order must be rejected. Even in MDL litigation, the Third Circuit in *In re Asbestosis* and *Zostavax* did not require the plaintiffs to file verified statements, let alone attest that their submissions satisfy Rule 11.

Moreover, *Hamer* highlights a particular flaw in Defendants' motion for a *Lone Pine* order. Defendants ask this Court to dismiss *with prejudice* cases in which Plaintiffs purportedly do not meet the requirements of the proposed *Lone Pine* order without *any* discussion of the laws that apply in each Plaintiff's case. That ignores the holding in *Hamer* that the district court would have "been within its discretion to dismiss Hamer's claims *with* prejudice, provided that it properly found that Hamer had not stated a *prima facie* case for relief under Louisiana law. But that is not what happened." 994 F.3d at 178-79 (footnote omitted). Despite *Hamer*, Defendants now ask this Court to adopt a procedure that improperly shifts the burden of proof to Plaintiffs and also requires dismissal with prejudice even without full briefing about the applicable legal standards.

- 10 -

## III.   CONCLUSION

Defendants' request for issuance of a *Lone Pine* order should be denied. The Court should not adopt a procedure that so blatantly violates Plaintiffs' due process rights and their rights under the Federal Rules of Civil Procedure.

DATED:  November 19, 2025

HAGENS BERMAN SOBOL SHAPIRO LLP

By:   /s/ Steve W. Berman
        Steve W. Berman (*Admitted Pro Hac Vice*)
Craig R. Spiegel (*Admitted Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
        craig@hbsslaw.com

*Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts

- 11 -

006185-13/3350562 V1

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using CM/ECF on this 19th day of November, 2026.  A true and correct copy of the foregoing document is being served on this date on all counsel of via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:  November 19, 2025

> HAGENS BERMAN SOBOL SHAPIRO LLP
>
> By:    /s/ Steve W. Berman
>      Steve W. Berman (*Admitted Pro Hac Vice*)
> Craig R. Spiegel (*Admitted Pro Hac Vice*)
> 1301 Second Avenue, Suite 2000
> Seattle, WA 98101
> Telephone: (206) 623-7292
> Facsimile: (206) 623-0594
> Email: steve@hbsslaw.com
>     craig@hbsslaw.com
>
> *Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts

- 12 -