IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GLENDA JOHNSON, et al.<br><br>      Plaintiffs,<br><br>      v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.<br><br>      Defendants. | Case No. 2:11-cv-05782-PD<br>And All Related Cases |

### REPLY IN SUPPORT OF DEFENDANTS' PROPOSAL IN RESPONSE TO ORDER OF AUGUST 5, 2025

As Plaintiffs represented by Hagens Berman acknowledge, the purpose of Defendants' "*Lone Pine*" proposal is to allow the Parties to expeditiously determine, as a threshold matter, whether Plaintiffs have *prima facie* evidence to support the validity of their claims—before the Parties and Court expend significant additional resources and efforts litigating these cases. Defs.' Mem. in Support of Mot. (Doc. No. 868) ("Mem.") at 2; Partial Opp'n by Hagens Berman Pls. to Defs.' Mot. (Doc. No. 882) (the "Opposition" or "Opp'n") at 1-2.[1] Plaintiffs do not, and cannot, refute that the evidence sought by Defendants bears on dispositive threshold issues in this litigation, which have resulted in numerous dismissals and summary judgment orders. Mem. at 2-4. Instead, and despite the Court ordering "Counsel for all Parties" to "advise the Court as

---

[1] In footnote 1 to their Opposition, Hagens Berman identifies 14 Plaintiffs "who wish to proceed with their cases on the merits," and 4 Plaintiffs who "have sought to dismiss their claims against all defendants." Hagens Berman does not, however, acknowledge that it also continues to represent additional Plaintiffs who continue to seek to dismiss their claims only against the GSK Defendants, but presumably wish to continue with their claims against the other Defendants. *See* Mem. at 7-8.

- 1 -

to how they wish to proceed with the remaining claims," Doc. No. 835, the Opposition argues only against a *Lone Pine* order.  These arguments lack merit.

**First**, the Opposition argues that "the Third Circuit has made clear that *Lone Pine* orders are available only in MDL Litigation."  Opp'n at 7.  But that is wrong.  While *Lone Pine* orders certainly have been entered in MDLs, no Third Circuit case holds that *Lone Pine* orders can be entered ***only*** in MDL cases.  In fact, the *Lone Pine* case ***itself*** was not an MDL, *see Lore v. Lone Pine Corp.*, 1986 WL 637507 (N.J. Super. Nov. 18, 1986), and federal courts have issued *Lone Pine* orders in numerous non-MDL proceedings.  *See, e.g.*, *Avila v. Willits Env't Remediation Trust*, 633 F.3d 828, 834 (9th Cir. 2011) (upholding dismissal of 41 plaintiffs in consolidated litigation for failure to comply with *Lone Pine* order and stating that "Federal Rule of Civil Procedure 26(a)(2)(C) gives a district court authority to determine when—and in what sequence—expert testimony must be disclosed").[2]

Moreover, this consolidated litigation involves multiple tort claims, multiple defendants, and—if not for a *Lone Pine* order—would require a significant expenditure of effort by the Parties and Court to adjudicate summary judgment motions, when it is doubtful that Plaintiffs can come forward with *prima facie* evidence to support their claims.  The same practical considerations at issue in other cases involving the issuance of *Lone Pine* orders—*i.e.*, the desire to "streamline litigation in mass tort cases" by "require[ing] plaintiffs to produce threshold prima

---

[2] *See also Conklin v. Corteva, Inc.*, 782 F. Supp. 3d 268, 277, 280 (E.D.N.C. 2025) (granting motion for entry of a case management order requiring 60 plaintiffs across eight related cases to submit expert declarations confirming their injuries and proximate causation and noting that "[w]hether to enter a *Lone Pine* order is a case specific inquiry, and courts have issued *Lone Pine* orders in cases involving as few as 15 plaintiffs"); *Burns v. Universal Crop Protection Alliance*, 2007 WL 2811533, at *2-3 (E.D. Ark. Sept. 25, 2007) (entering *Lone Pine* order in product liability action brought by 82 cotton farmers against five herbicide manufacturers, finding "a preliminary showing on causation is necessary for efficient case management").

facie support for their claims, such as expert reports and medical records," *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021)—apply equally here.

**Second,** the Opposition argues that requiring them to supply expert reports and other evidence within ninety (90) days violates due process. Opp'n at 8, 10. That, too, is wrong. Defendants' proposal would compel Plaintiffs to do exactly what would have been required if the cases proceeded in the ordinary course. These cases were stayed *before* expert discovery started, *see* Order (Doc. No. 270), and Plaintiffs would eventually need to produce expert reports, even if no *Lone Pine* order was entered. Defendants are aware of no "legal standards," Opp'n at 10, and Plaintiffs point to none, pursuant to which a plaintiff can proceed past summary judgment in a toxic tort case without expert proof that exposure to the substance caused the Plaintiff's injury. *See e.g.*, *Hoefling v. U.S. Smokeless Tobacco Co., LLC*, 576 F. Supp. 3d 262, 285 (E.D. Pa. 2021) ("Expert testimony is generally required to prove causation of a medical condition."). Nor are Defendants seeking to "avoid their initial burden of proof in seeking summary judgment." Opp'n at 1.[3] As set forth in the Memorandum, Defendants intend to move for summary judgment, Mem. at 7, and would bear the burden of proof in doing so, but it is inefficient for the Parties and Court to undertake that process with regard to any Plaintiffs who cannot present threshold evidence to support their claims more than a decade after they filed suit.[4]

---

[3] Pro se Plaintiff Carolyn Sampson seeks to shift the burden to Defendants to *disprove* fraudulent concealment, among other issues, before Plaintiffs come forward with affirmative evidence. *See* Proposal for Procedures in Remaining Cases (Doc. No. 881) at 2. That effort would turn the summary judgment burden on its head. *See* Memorandum (Doc. No. 371) at 19 ("[A]t summary judgment, the plaintiff has the burden of providing fraudulent concealment by clear, precise, and convincing evidence.") (citations omitted).

[4] Two of the *pro se* Plaintiffs argue in opposition to Defendants' proposal that they have already substantially complied with Defendants' proposal, because expert declarations have been submitted on their behalf. *See* Terrie Bolton's Resp. in Opp'n (Doc. No. 871) at 2; Mark Harrelson's Resp. in Opp'n (Doc. No. 883) at 1. That only undercuts any assertion that

***Third,*** requiring Plaintiffs to certify their compliance with Rule 11 likewise presents no due process issue or violation.  *See* Opp'n at 8, 10.  Plaintiffs were supposed to comply with Rule 11 when they first filed these suits.  And Rule 11 is a continuing obligation that attaches to any pleading filed in a case.  Fed. R. Civ. P. 11.  The mere fact that Plaintiffs object to certifying compliance with Rule 11 suggests that the cases lack merit and supports Defendants' view that Plaintiffs should be required to satisfy a threshold procedure such as the one Defendants suggest, before the Parties or Court spend further resources litigating these cases through summary judgment motions.

In short, Defendants' proposal would efficiently move these cases forward by requiring Plaintiffs to present threshold evidence before the Parties and Court expend significant additional resources litigating Plaintiffs' remaining claims.  To the extent the Court determines that such a *Lone Pine* process is inefficient, the Parties can move forward with summary judgment briefing while any additional proceedings are stayed pending the outcome of those motions—but that is precisely the burden on the Parties and Court that Defendants' proposal seeks to minimize.

## CONCLUSION

For the foregoing reasons, and those set forth in Defendants' Memorandum, the Court should issue an Order adopting Defendants' proposed procedures to address Plaintiffs' remaining claims in this litigation.

---

Defendants' proposal is onerous or imposes an undue burden.  To the extent any Plaintiffs already supplied compliant declarations, they would not be required to do so again, and Defendants' proposal would not impose ***any*** burden whatsoever.

Dated: November 20, 2025          Respectfully submitted,

<div style="margin-left: 3em;">

/s/ *Daniel S. Pariser*
Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

/s/ *Daniel A. Spira*
Michelle A. Ramirez (*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St.
Suite 3400
Chicago 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*

</div>

<div style="text-align:right">

*/s/ Michael T. Scott*
Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova PA 19085
Telephone:  (215) 518-8695

</div>

Sonja S. Weissman (*admitted pro hac vice*)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone:  (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas) Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2025, the foregoing document was filed electronically and is available for viewing and downloading from the CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. A true and correct copy of the foregoing document is also being served this day on the following by electronic mail:

Terrie Bolton
tmixon922@gmail.com

John Marshall
jmarshall.marshall9@gmail.com

Jose Navamuel
josenavamue@gmail.com

Carolyn Sampson
cafsampson@gmail.com

/s/ Daniel A. Spira