IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, *et al.*,<br><br>    Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES |

**HAGENS BERMAN PLAINTIFFS' SUR-REPLY TO REPLY IN SUPPORT OF DEFENDANTS' PROPOSAL TO ORDER OF AUGUST 5, 2025**

For five independent reasons, there is no merit to Defendants' Reply in Support of Defendants' Proposal in Response to Order of August 5, 2025 ("Reply"), Dkt. No. 886.[1]

*First*, Defendants do not cite a single Third Circuit case allowing *Lone Pine* orders other than in MDL actions. To the contrary, the Third Circuit has stressed that *Lone Pine* orders are allowed in MDL actions because a "court, administrating a multidistrict case, faces unique challenges not present when administrating cases

---

[1] By filing this sur-reply, Hagens Berman does not waive its request for recusal. *See* Hagens Berman Sobol Shapiro LLP and Steve Berman's Motion For Recusal, ECF No. 862. Hagens Berman will continue to litigate this case while that motion is pending in order to protect its clients' interests.

on a routine docket." *Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 178 (3d Cir. 2021).

*Second*, Defendants ignore that the purpose of *Lone Pine* orders in MDL action is to allow district courts to "impose preliminary discovery requirements" at the outset of a case. *Id.* Defendants do not cite any case in which a court issued a *Lone Pine* order when discovery had already closed (let alone when it closed a decade before). To the contrary, discovery was ongoing in the *Lone Pine* case, in which the court explained that "a trial judge assigned to handle a matter dealing with over 400 defendants and 120 attorneys should direct that at least a modicum of information dealing with damages and causal relationship should be established *at the outset of the suit*." *Lore v. Lone Pine Corp.*, 1986 WL 637507, at *4 (N.J. Super. Ct. Law Div. Nov. 18, 1986) (emphasis added). Similarly, in a Ninth Circuit case cited by Defendants, a case management order "required answers to a *discovery questionnaire* on claimed exposure to Remco hazardous substances and alleged injuries from it." *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 832 (9th Cir. 2011) (emphasis added).

*Third*, Defendants claim that "[n]or are Defendants seeking to 'avoid their initial burden of proof in seeking summary judgment.' Opp'n at 1." Reply at 3. Nonsense. Defendants ask this Court to place the burden on Plaintiffs to comply

- 2 -

with a *Lone Pine* order in hopes of avoiding summary judgment motions, in which the burden plainly would be on Defendants.

*Fourth*, Defendants erroneously claim that "requiring Plaintiffs to certify their compliance with Rule 11 likewise presents no due process issue or violation." Reply at 4. Defendants fail to cite even a single case in which a court has issued a *Lone Pine* order that has required plaintiffs to file the specific types of declarations sought by Defendants, attesting to their compliance with Rule 11. Defendants assert that "Plaintiffs would eventually need to produce expert reports, even if no *Lone Pine* order was entered," Reply at 3, but they are not asking this Court to set dates for the parties to exchange expert reports. They are asking the Court to issue an unprecedented order requiring Plaintiffs *alone* to submit expert reports and far more, *and* to certify their submissions under Rule 11.

*Fifth*, Defendants don't even try to explain this Court could dismiss *with prejudice* cases in which Plaintiffs purportedly do not meet the requirements of the proposed *Lone Pine* order without *any* briefing on the laws that apply in each Plaintiff's case. That ignores the holding in *Hamer* that the district court would have "been within its discretion to dismiss Hamer's claims *with* prejudice, provided that it properly found that Hamer had not stated a *prima facie* case for relief under Louisiana law. But that is not what happened." 994 F.3d at 178-79 (footnote omitted).

Defendants' request for a *Lone Pine* order should be denied. Once this Court rules on whether various Plaintiffs voluntarily dismissed some of their claims, Defendants would be free to re-file summary judgment motions they filed a decade ago and to file new summary judgments as to other Plaintiffs, if they wish. But the day for issuance of a *Lone Pine* motion passed more than a decade ago, even if *Lone Pine* orders were proper in non-MDL actions.

DATED:  November 21, 2025

        HAGENS BERMAN SOBOL SHAPIRO LLP

        By:   /s/ Craig R. Spiegel
            Craig R. Spiegel (*Admitted Pro Hac Vice*)
        1301 Second Avenue, Suite 2000
        Seattle, WA 98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594
        Email: craig@hbsslaw.com

        *Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using CM/ECF on this 21st day of November, 2026.  A true and correct copy of the foregoing document is being served on this date on all counsel of via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:  November 21, 2025

        HAGENS BERMAN SOBOL SHAPIRO LLP

        By:   /s/ Craig R. Spiegel
           Craig R. Spiegel (*Admitted Pro Hac Vice*)
        1301 Second Avenue, Suite 2000
        Seattle, WA 98101
        Telephone: (206) 623-7292
        Facsimile: (206) 623-0594
        Email: craig@hbsslaw.com

        *Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts