IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENDA JOHNSON, *et al.*, | : | |
| | : | |
| v. | : | Civ. No. 11-5782 |
| | : | and all related cases |
| SMITHKLINE BEECHAM | : | |
| CORPORATION, *et al.* | : | |

Diamond, J.                                                                                       December 2, 2025

## MEMORANDUM OPINION

Beginning in 2011, fifty-two Plaintiffs brought eleven products liability actions against the manufacturers of the morning sickness drug thalidomide, which Plaintiffs alleged their expectant mothers had ingested in the early 1960s. As alleged, the drugs caused Plaintiffs to sustain horrible birth injuries. (Doc. No. 1.) In 2014, Defendants moved to dismiss, arguing vigorously that the suits were obviously time-barred. Because Plaintiffs' factual allegations (which I was obligated to credit) might have warranted equitable tolling of the limitations clock, I denied Defendants' Motions, so that discovery would reveal whether Plaintiffs' claims were time barred. (Doc. No. 92.) Unfortunately, Plaintiffs' counsel—the firm of Hagens Berman Sobol and Shapiro—repeatedly refused to provide this discovery. Accordingly, I appointed William T. Hangley to serve as Special Discovery Master. (Doc. No. 256.)

Having conducted a painstaking inquiry against Hagens Berman's often fierce and unprincipled resistance, Mr. Hangley issued a Report and Recommendation on October 12, 2023, finding that Hagens Berman, its Managing Partner Steve Berman, and former partner Tyler Weaver had: conducted grossly inadequate presuit investigations; obstructed discovery; recklessly (or, perhaps, intentionally) made false and baseless allegations intended to toll the limitations clock; doctored evidence; and, when their misconduct came to light, sought to abandon Plaintiffs to evade Defendants' sanctions requests. (Doc. No. 767.) Mr. Hangley recommended that I

1

impose sanctions on the firm, Mr. Berman, and Mr. Weaver for misconduct, including the following:

Mr. Berman's leading role in drafting and verifying the eleven Complaints, which include numerous false, misleading, and baseless allegations. (Id. at 3–4, 17, 29, 31, 74, 86, 147–49.)

Hagens Berman's continual obstruction of discovery to prevent Defendants from learning information critical to the tolling of the limitations clock. (Id. at 51–52, 147.)

Mr. Weaver's: doctoring of expert reports to induce two Plaintiffs to agree to the dismissal of their claims; failure to disclose these alterations at a 2017 hearing; and 2019 testimony that he purportedly did not remember altering those reports when he testified at the 2017 hearing. (Id. at 90–122, 149–51.)

Mr. Berman, Hagens Berman, and Mr. Weaver filed heated objections to the Special Master's Report and Recommendation, arguing that Mr. Hangley had denied them the opportunity to be heard. (Doc. Nos. 794, 795.) Yet, it was apparent that they had been afforded ample opportunities to be heard. Nevertheless, because the Special Master had found misconduct bordering on the criminal committed by Hagens Berman, Mr. Berman, and Mr. Weaver, I gave them yet another opportunity to argue against the imposition of the recommended sanctions. (Doc. No. 834.)

On October 4th and 6th, 2025, Hagens Berman, Mr. Berman, and Mr. Weaver largely repeated the unsuccessful arguments they had made to Mr. Hangley. (Doc. Nos. 851–52, 856.) Although I am inclined to reject these arguments, I will not address the sanctions issue further at this time. Mr. Hangley has described in painstaking detail the apparent efforts of Hagens Berman, Mr. Berman, and Mr. Weaver over some ten years to prepare, file, and prosecute fraudulent lawsuits. Because the civil discovery process limited him, Mr. Hangley's investigation and

findings, damning as they are, appear to be only partial.  Because his findings more than warrant further investigation, I have referred this matter to the Department of Justice.  See <u>Martinez v. Winner</u>, 771 F.2d 424, 435 (10th Cir. 1985) ("[A judge has] a duty to notify the proper authorities if he felt a crime was being committed in his courtroom.").

**AND IT IS SO ORDERED.**

_____
Paul S. Diamond, J.

3