IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GLENDA JOHNSON, et al.** : | |
| : | |
| v. : | Civ. No. 11-5782 |
| : | and all related cases |
| **SMITHKLINE BEECHAM** : | |
| **CORPORATION, et al.** : | |

**O R D E R**

In 2014, I appointed William T. Hangley as Special Discovery Master after it became apparent that Plaintiffs' Counsel—Hagens Berman Sobol Shapiro—was obstructing discovery in the 52 individual thalidomide products claims it had filed. (Doc. No. 256.) After receiving and reviewing Mr. Hangley's invoices and paying 50% of his fees for some ten years (Defendants also paying 50%), in 2023 Hagens Berman for the first time objected to Mr. Hangley's communications with the Court, even though they had been disclosed in the invoices, and even though such communications are permitted by his June 27, 2014, Appointment Order (which Hagens Berman never challenged). (Doc. No. 794 at 27–30.) Hagens Berman asked me to remove Mr. Hanlgey as Special Discovery Master. (Id. at 43.) The firm's removal request and objection came only after Mr. Hangley had issued a Report and Recommendation in which he found the firm and its Chairman Steve Berman had acted dishonestly and unprofessionally in bringing and prosecuting suits that were likely time-barred, and that former partner Tyler Weaver had fraudulently altered crucial evidence and given false testimony in two hearings. (Doc. No. 767.)

I refused to remove Mr. Hangley, and overruled the firm's objection as without legal and factual basis. (Doc. No. 834.) I noted that, as found by Mr. Hangley, the conduct of the firm, Berman, and Weaver "border[ed] on the criminal." (Id. at 24.) Only then did the firm and Berman seek my recusal, essentially repeating their argument that Mr. Hangley's "ex parte"

1

communications with the Court—and, more particularly, with me—were improper, and gave him opportunities to poison my thinking about the firm.  (Doc. No. 862.)

Surely to state this argument is to refute it.  The firm and Berman generously describe their argument as one of "first impression."  (Doc. No. 863 at 1.)  I agree that there is no reported holding—state or federal—that a judge's communications with a Court-appointed Special Master, when permitted by the Master's appointment, are improper.  Although the firm and Berman now allege that those communications consumed some 363 hours, a review of the invoices they provide confirms that the number is considerably lower.  (See Doc. No. 863-1.)  In any event, Mr. Hangley's communications with Chambers staff, my law clerks, and me (averaging considerably less than an hour a week), over the now eleven years Mr. Hangley has served, were both proper and necessary to administer this complex collection of cases.  (See id.)  Moreover, the speculation that those communications—the substance of which the firm does not describe—necessarily form a basis for my recusal is absurd.  Presumably that is why no other Party has joined in the Motion.  To the contrary, several Plaintiffs have explicitly opposed the recusal Motion and asked me to remain in this case. (Doc. Nos. 866, 873, 877, 878, 884.)

The law requires my recusal where my "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Only after Mr. Hangley condemned the misconduct of the firm, Berman, and Weaver, and I suggested that they might have acted criminally, did they ask me to fire Mr. Hangley and recuse. The law does not require a judge's recusal because a party dislikes his rulings. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); Liteky v. U.S., 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

In these circumstances, I will deny the Motion for Recusal.

\*         \*         \*

**AND NOW,** this 4th day of December, 2025, upon consideration of Hagens Berman Sobol Shapiro and Steve Berman's Motion for Recusal (Doc. No. 862), it is hereby **ORDERED** that the Motion is **DENIED.**

**AND IT IS SO ORDERED**.

/s/ Paul S. Diamond
Paul S. Diamond, J.