IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON, *et al.*, <br><br>                     Plaintiffs, <br><br>        v. <br><br> SMITHKLINE BEECHAM CORPORATION, *et al.*, <br><br>                     Defendants. | Case No. 2:11-cv-05782-PD <br><br> AND ALL RELATED CASES |

**OPPOSITION TO DEFENDANTS' RENEWED MOTION
TO REALLOCATE SPECIAL MASTER'S FEES AND COSTS**

006185-13/3491067 V1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

    A.    The Renewed Motion is premature because neither SDM Hangley nor this Court has rendered a decision on the merits of what sanctions, if any, to impose. ....................................... 2

    B.    The Renewed Motion is premature for the additional and independent reasons that issues relevant to any reallocation of fees and costs remain to be resolved. ........................... 6

        1.    Because SDM Hangley's R&R does not specify any recommended sanctions and because this Court has not imposed any sanctions, reallocation would be premature. ................................................................... 6

        2.    The Renewed Motion is premature because the Defendants may seek to benefit from any ruling by this Court on objections to SDM Hangley's R&R. ................. 7

        3.    The Third Circuit's ruling on the pending petition for rehearing may affect the allocation of fees and costs. ................................................................................... 9

III.  CONCLUSION ................................................................................................... 10

006185-13/3491067 V1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Motorists Ins. Co. v. Club at Hokuli'a, Inc.*,
2011 WL 13593392 (D. Haw. Sept. 20, 2011)........................................................7

*Chevron Corp. v. Donziger*,
990 F.3d 191 (2d Cir. 2021) ...................................................................................6

*Glover v. Wells Fargo Home Mortg.*,
629 F. App'x 331 (3d Cir. 2015) .........................................................................2, 3

*Halderman v. Pennhurst State Sch. & Hosp.*,
154 F.R.D. 594 (E.D. Pa. 1994).............................................................................4

*Halderman v. Pennhurst State Sch. & Hosp.*,
855 F. Supp. 747 (E.D. Pa. 1994)..........................................................................4

*PIC Grp., Inc. v. LandCoast Insulation, Inc.*,
2011 WL 2669144 (S.D. Miss. July 7, 2011).........................................................5

*Snyder v. Dep't of Defense*,
2007 WL 951293 (N.D. Cal. Mar. 27, 2007) ......................................................5, 6

*Southersby Dev. Corp. v. Borough of Jefferson Hills*,
2011 WL 6179778 (W.D. Pa. Dec. 13, 2011) .....................................................4, 5

*Thabault v. Chait*,
2009 WL 69332 (D.N.J. Jan. 7, 2009).................................................................3, 7

*Wachtel v. Health Net, Inc.*,
2015 WL 5915786 (D.N.J. Oct. 8, 2015) ............................................................3, 4

*In re Whirlpool Corp.*,
2015 WL 11995255 (N.D. Ohio Feb. 18, 2015)......................................................7

## OTHER AUTHORITIES

Fed. R. Civ. P. 53(g) ...................................................................................................2

Fed. R. Civ. P. 53(g)(3)...............................................................................................1

006185-13/3491067 V1

## I.    INTRODUCTION

Defendants' renewed motion for reallocation of SDM Hangley's fees and costs ("Renewed Motion") is premature.[1] Rule 53(g)(3) provides that an "interim allocation may be amended to reflect a decision on the merits." Fed. R. Civ. P. 53(g)(3). But there has been no binding decision on the merits. SDM Hangley has not recommended the imposition of any particular sanctions, which could include payment of his fees and costs. And this Court has not ruled on objections to SDM Hangley's Report and Recommendations ("SDM Hangley's R&R").[2] Defendants cite no authority for their proposition that a report and recommendation by a special master not yet adopted or rejected by the district court constitutes a "decision on the merits" under Rule 53(g)(3).

The Renewed Motion is premature for at least three additional reasons. *First*, neither SDM Hangley nor this Court has identified any particular sanctions that may be imposed in this matter. Possible sanctions may include payment of SDM Hangley's fees and costs. The Renewed Motion should not preempt this Court's consideration of such possible monetary sanctions in its review of SDM Hangley's R&R. *Second*, in deciding how to allocate or reallocate fees and costs of a special master, courts routinely consider which parties benefit from the special master's

---

[1] *See* Defendants' Renewed Motion to Reallocate Special Master's Fees and Costs, ECF No. 890.

[2] *See* Report and Recommendations of the Special Discovery Master, ECF. No. 767.

- 1 -

report and recommendation. After this Court rules on the objections to SDM

Hangley's R&R, Defendants may seek to rely on that ruling with respect to

substantive or other issues. *Third*, as explained below, the petition for rehearing

pending in the Third Circuit may have a direct effect on what, if any, fees and costs

imposed by SDM Hangley are permissible.

## II.    ARGUMENT

**A.    The Renewed Motion is premature because neither SDM Hangley nor this Court has rendered a decision on the merits of what sanctions, if any, to impose.**

Rule 53(g) provides that an "interim allocation may be amended to reflect a

decision on the merits," but there is no decision on the merits here because SDM

Hangley's R&R is now before this Court. Defendants have not cited any case in

which a court has reallocated a special master's fees and costs after issuance of an

R&R but before a court rules on any objections to the R&R and issues a ruling on

the merits.

The cases cited by this Court[3] and Defendants do not allow for reallocation

before a ruling by a court on objections to an R&R. In *Glover v. Wells Fargo*

*Home Mortg.*, 629 F. App'x 331 (3d Cir. 2015), the issue before the Third Circuit

was whether the district court erred in *initially* approving a "50/50 fee allocation"

for the special master's work. *Id*. at 339. Reallocating fees and costs was not at

---

[3] *See* ECF No. 624, at 6-7.

issue. In a footnote, the Court stated that Rule 53(g)(3) "provides, *among other things*, a means to shift expenses if it is determined, for example, that one party has taken frivolous or bad faith positions that have unnecessarily increased the costs associated with proceeding before the Special Master." *Id*. at 339 n.7 (emphasis added). Those "other things" in Rule 53(g)(3) include that an "interim allocation may be amended to reflect a decision on the merits."

Nor does another case that this Court cited its Reallocation Order support the Renewed Motion. In *Thabault v. Chait*, 2009 WL 69332, at *1 (D.N.J. Jan. 7, 2009), "a jury awarded Plaintiff $119.9 million in damages in July 2005 in this accounting malpractice case." After the clerk of court taxed costs, the plaintiff asked the court "to review and modify the Clerk's award." *Id.* In part, the plaintiff objected to "the Clerk's refusal to tax PwC for Plaintiff's share of the fees paid to the Special Master in this case." *Id*. at *15. The court explained that it "has the authority to amend that allocation to reflect that the Receiver prevailed in this case and, as such, should recover its special master costs." *Id*. at *16. The court then denied the motion. Thus, in *Thabault*, the court did not address reallocation until the plaintiff had "prevailed" after a jury trial.

The additional cases cited by Defendants do not support their request for reallocating SDM Hangley's fees and costs before this Court resolves pending objections to his R&R. *See* Mtn. at 6. In *Wachtel v. Health Net, Inc.*, 2015 WL

- 3 -

5915786, at *5 (D.N.J. Oct. 8, 2015), Judge Hochberg appointed a special master and "allocated fees and costs of the Special Master equally between plaintiffs and defendants." The special master issued a report and recommendation on September 12, 2014. *Id.* at *3. Judge Hochberg "adopted the report and recommendation on January 30, 2015." *Id.* at *4. *After* Judge Hochberg adopted the report, two parties moved "to reimburse a portion of the costs and fees that movants incurred in the special master proceeding." *Id.* (footnote omitted).

The reallocation motion was heard by Judge Wettre, who denied the motion. Judge Wettre noted that Rule 53 "permits the Court to allocate special master fees among the parties and to amend such an allocation after the proceeding 'to reflect a decision on the merits.'" *Id.* But the issue of reallocation was not presented until after Judge Hochberg had adopted the special master's report and fully resolved the merits issues. Therefore, *Wachtel* does not support Defendants' argument here that the Renewed Motion is ripe for consideration.[4]

Nor is Defendants' argument supported by their citation to *Southersby Dev. Corp. v. Borough of Jefferson Hills*, 2011 WL 6179778 (W.D. Pa. Dec. 13, 2011), in which the court did not reallocate costs until after it adopted a special master's

---

[4] Regarding reallocation, this Court also cited *Halderman v. Pennhurst State Sch. & Hosp.*, 855 F. Supp. 747 (E.D. Pa. 1994) (reallocating fees regarding special master's work as to contempt proceedings). The court had already rule on the merits of the contempt charges. *See Halderman v. Pennhurst State Sch. & Hosp.*, 154 F.R.D. 594 (E.D. Pa. 1994). As a result, *Halderman* does not support Defendants' arguments here.

006185-13/3491067 V1

report. The court appointed a special master "to review the documents in dispute and advise the Court as to the propriety of their being produced." *Id*. at *1. The special master "issued a Report and Recommendation on September 13, 2011." *Id*. The Court "issued a Memorandum Order on November 10, 2011," in which it adopted the report and recommendation. *Id*. at *2. Thereafter, "[o]n November 18, 2011," the defendant filed a motion to reallocate. *Id*. Once again, this case does not support Defendants' contention that the Renewed Motion is *not* premature.

Defendants cite yet another inapposite case. In *PIC Grp., Inc. v. LandCoast Insulation, Inc.*, 2011 WL 2669144 (S.D. Miss. July 7, 2011), the court appointed a special master to address various matters. On June 3, 2011, the special master issued his final Report and Recommendations. *Id*. at *3. The court addressed the defendant's objections to the report, stating that it "adopts the factual findings of the Special Master … and it adopts in part his final recommendations." *Id*. at *12. The court stated that as to "fees and costs, the Court adopts the recommendation of the Special Master. Defendant shall bear the fees, costs, and expenses of the Special Master." *Id.* As with the previous cases, *PIC* does not support Defendants' Renewed Motion.

The final case cited by Defendants also does not support their argument. In *Snyder v. Dep't of Defense*, 2007 WL 951293, at *1 (N.D. Cal. Mar. 27, 2007), the court "reappointed Michael Robson to serve as trial master and determine whether

- 5 -

the government has complied with plaintiff's [FOIA] request…." The trial master submitted his report on January 9, 2007. *Id.* The court then ruled that it "ADOPTS the trial master's findings of fact pursuant to FRCP 53." *Id. After* adopting the findings, the court stated that "the government is responsible for the delay in this case and shall bear the cost incurred by the trial master in connection with the second report." *Id.* at \*5.[5]

**B.      The Renewed Motion is premature for the additional and independent reasons that issues relevant to any reallocation of fees and costs remain to be resolved.**

Even if Rule 53(g)(3) permitted this Court to rule on Defendants' renewed motion before ruling on the merits of objections to SDM Hangley's R&R, the motion is premature for at least three independent reasons.

**1.      Because SDM Hangley's R&R does not specify any recommended sanctions and because this Court has not imposed any sanctions, reallocation would be premature.**

The Renewed Motion should be denied as premature because neither SDM Hangley nor the Court has discussed any particularized sanctions. Unlike a typical R&R, SDM Hangley did not recommend any particular sanction, which could include payment of the costs and fees at issue in the Renewed Motion. Moreover, this Court has not ruled on objections to SDM Hangley's R&R, let alone decided

---

[5] *See also Chevron Corp. v. Donziger*, 990 F.3d 191, 205 (2d Cir. 2021) (noting that "an interim allocation of payment 'may be amended to reflect a decision on the merits'" and holding that "the district court did not abuse its discretion in awarding special masters' fees as costs to Chevron *at the conclusion of the litigation*") (quoting Rule 53(g)(3)) (emphasis added).

- 6 -

what sanctions (if any) to impose. *See* Memorandum Opinion, ECF No. 888, at 2 ("I will not address the sanctions issue further at this time."). Until SDM Hangley or this Court decides what sanctions (if any) to impose, including potentially the payment of SDM Hangley's costs and fees, it would be premature to consider reallocating his fees and costs now.

      **2.      The Renewed Motion is premature because the Defendants may seek to benefit from any ruling by this Court on objections to SDM Hangley's R&R.**

In deciding how to allocate or reallocate a special master's fees and costs, courts routinely consider which parties benefited from the special master's ruling. For example, in *Thabault*, 2009 WL 69332, at *16, the court stated that "because the Special Master assisted both parties equally and provided a service to the Court as well, both parties should share in this litigation cost." Similarly, in *In re Whirlpool Corp.*, the court cited *Thibault* favorably and stated that "'[w]here reference to the master is on the court's own motion and the master's work benefits both sides as well as the court, it is reasonable to apportion cost of the master's service on an equal basis.'" 2015 WL 11995255, at *4 (N.D. Ohio Feb. 18, 2015) (quoting *Doré Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 270 F.R.D. 262, 268 (W.D. La. 2010)). *See also Am. Motorists Ins. Co. v. Club at Hokuli'a, Inc.*, 2011 WL 13593392, at *2 (D. Haw. Sept. 20, 2011) ("'[A]pportioning special master's fees equally among the parties is appropriate when the court and all

- 7 -

parties benefit from the reference to the special master.'") (quoting *Doré*, 270 F.R.D. at 268).

Defendants might seek to benefit from a ruling by this Court on the objections to SDM Hangley's R&R. If and when Defendants file new summary judgment motions, they could conceivably argue that a sanctions ruling by this Court is relevant not only to their summary judgment motions but also to sanctions sought by Defendants. When Defendants filed summary judgment motions in this case, they always asked the Court to impose sanctions against the plaintiff's counsel.[6]

The extent to which Defendants may benefit from SDM Hangley's R&R in seeking summary judgment and sanctions cannot be known until the following occur:

- This Court rules on objections to SDM Hangley's R&R and specifies particular sanctions, if any.

- Defendants file any summary judgment motions.

---

[6] *See*, *e.g.*, ECF No. 274 (motion for summary judgment as to plaintiff Yolanda Perez), at 34-37; ECF No. 312 (motion for summary judgment as to plaintiff Alan Horridge), at 19-21; ECF No. 415 (motion for summary judgment as to plaintiff Tammy Jackson), at 20-23; ECF No. 416 (motion for summary judgment as to plaintiff Philip Yeatts), at 18-21; ECF No. 456 (motion for summary judgment as to plaintiff Robert Murray), at 23-26; ECF No. 459 (motion for summary judgment as to plaintiff Mary Sells), at 23-26; ECF No. 461 (motion for summary judgment as to plaintiff Doris Brust), at 16-19; ECF No. 469 (motion for summary judgment as to plaintiff Mary McPartlan-Hurson), at 16-20. Defendants also sought sanctions in seeking summary judgment against plaintiff Steven Lucier, in a sealed motion. *See* ECF No. 272.

- 8 -

- Defendants seek sanctions, either in summary judgment motions or otherwise, or inform the Court they will not seek sanctions.

Plaintiffs do not concede that a sanctions ruling by this Court would be relevant to any summary judgment or sanctions motions by Defendants, but until Defendants file such motions, reallocating SDM Hangley's fees and costs would be premature.

3.    **The Third Circuit's ruling on the pending petition for rehearing may affect the allocation of fees and costs.**

Compounding all this uncertainty is the pendency of undersigned counsel's Petition for Panel Rehearing or for Rehearing *En Banc*, which was filed with the Third Circuit Court of Appeals on February 3, 2026. *See In re Hagens Berman Sobol Shapiro LLP*, No. 25-3434 (3d Cir.). That Petition and the Petition for Mandamus that underlies it seek to have this matter reassigned to another District Judge for purposes of evaluating and ruling upon SDM Hangley's R&R as well as considering the effects of what undersigned counsel believe to be improper *ex parte* communications between the Court and SDM Hangley while the R&R was being prepared. The Petitions could therefore have a direct effect not only on what (if any) fees and costs invoiced by SDM Hangley are permissible, but also on who should decide that very question. Counsel recognize that this Court has taken a different view with respect to these issues, but, until they are passed upon by the Court of Appeals, these open questions also render reallocation premature.

006185-13/3491067 V1

## III.    CONCLUSION

Defendants' Renewed Motion should be denied as premature.[7]

DATED:  February 24, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Craig R. Spiegel*

Craig R. Spiegel (*Admitted Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: craig@hbsslaw.com

*Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts

---

[7] If the Court entertains the Renewed Motion notwithstanding its prematurity, reallocation remains improper. SDM Hangley's fees should instead be refunded to the extent they pertain to the R&R's recommendation of sanctions. In this respect, undersigned counsel preserve and expressly incorporate their Objections to the R&R—specifically, that SDM Hangley exceeded his appointed authority and repeatedly violated undersigned counsel's due process rights, both in failing to provide requisite notice and in engaging in improper *ex parte* communications with the Court. (ECF No. 807 at 15–31.) For these additional reasons, reallocation should be denied.

006185-13/3491067 V1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been electronically filed with the Clerk of Court using CM/ECF on this 24th day of February, 2026. A true and correct copy of the foregoing document is being served on this date on all counsel of via transmission of Notices of Electronic Filing generated by CM/ECF.

DATED:  February 24, 2026

HAGENS BERMAN SOBOL SHAPIRO LLP

By:    */s/ Craig R. Spiegel*
      Craig R. Spiegel (*Admitted Pro Hac Vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: craig@hbsslaw.com

*Attorneys for Plaintiffs* Rebecca Alexander, Sharon Anderson, Craig Charleston, Kathleen Gunn, Alan Horridge, Tammy Jackson, Steven Lucier, Ted Mann, Annette Manning, Mary McPartlan-Hurson, Robert Murray, Camela Norcross, Yolanda Perez, Mary Sells, Chris Simeone, William Tyler, Edward Worthan, and Phillip Yeatts

- 11 -

006185-13/3491067 V1