**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>SMITHKLINE BEECHAM CORPORATION, et al. )<br><br>Defendants. ) | Case No. 2:11-cv-05782-PD<br>And All Related Cases |

**REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO REALLOCATE
SPECIAL MASTER'S FEES AND COSTS**

As set forth in Defendants' Renewed Motion to Reallocate the Special Master's Fees and Costs ("Defs.' Mot.") (Dkt. No. 890), Hagens Berman should bear full responsibility for the Special Master's fees and costs incurred in this matter from December 1, 2017 forward, and the Court should reject Hagens Berman's attempt to delay re-allocation of those fees and costs.

Hagens Berman does not dispute that its attorneys' own conduct led to fees incurred by the Special Master.  *Id*. at 1-2, 7-8; *see generally* Opp. to Defs.' Mot. (Dkt. No. 892).  Hagens Berman likewise does not dispute that Defendants have not engaged in any misconduct or wrongdoing that led to the Special Master incurring additional fees.  *See* Defs.' Mot. (Dkt. No. 890) at 2, 8.  Nor does Hagens Berman attempt to reconcile its current argument that Defendants' Motion is "premature" with the fact that Hagens Berman did not oppose the same relief nearly seven years ago.[1]

---

[1] Response to Defs.' Mot. to Reallocate Special Master Fees and Costs (Dkt. No. 617) at 1 ("Hagens Berman does not oppose the motion and does not object to paying in full – from

Instead, Hagens Berman first argues that Defendants' Motion is "premature" until the Court "rules on any objections to [the Special Master's] R&R and issues a ruling on the merits." Opp. to Defs.' Mot. (Dkt. No. 892) at 2; *id*. at 1 & n.2.  But the Court *has* ruled on Hagens Berman's objections to the Special Master's Report & Recommendation.  Memorandum (Dkt. No. 834) at 1 ("I will here address the Objections to the R&R that the Firm, Mr. Berman, and Mr. Weaver have raised."); Order (Dkt. No. 835) ("Except as noted in the Memorandum Opinion, the Report and Recommendation of the Special Master, (Doc. No. 767), is ADOPTED").[2]  The fact that the Special Master and Court have not yet ruled on any specific *sanctions* to be imposed for Hagens Berman's misconduct does not alter the fact that the Court has ruled on Hagens Berman's objections, that Hagens Berman is undisputedly "more responsible than other parties for the reference to the master," Fed. R. Civ. P. 53(g)(3), and that the Special Master's and Court's findings support the conclusion that Hagens Berman "has taken frivolous or bad faith positions that have unnecessarily increased the costs associated with proceeding before the Special Master."  Memorandum (Dkt. No. 624) (quoting *Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 339 n.7 (3d Cir. 2015)).[3]

---

December 1, 2017, forward – the Special Master's fees and costs associated with the work prompted by the 'expanded inquiry' detailed in the February 26, 2018, Report and Recommendations.").

[2] *See also* Defs.' Mem. (Dkt. No. 890) at 5 (addressing that "[t]he Court ruled on those objections on August 5, 2025").

[3] In any event, the cases that Hagens Berman relies upon do not address whether a special master's fees can be reallocated before a court rules on a Report and Recommendation, much less stand for the notion that doing so is impermissible.  *See* Opp. to Defs.' Mot. (Dkt. No. 892) at 2-6.  Indeed, as the Court already recognized, the Third Circuit has explicitly held that "Rule 53(g)(3) provides a means for the court to revisit the allocation *after the Special Master rules*." Memorandum (Dkt. No. 624) at 7 (quoting *Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 339 n.7 (3d Cir. 2015)) (emphasis added by Court).  That is precisely the scenario here.

Hagens Berman next argues that Defendants' Motion is premature "[u]ntil SDM Hangley or this Court decides what sanctions (if any) to impose, including potentially the payment of SDM Hangley's costs and fees . . . ." Opp. to Defs.' Mot. (Dkt. No. 892) at 7. But this misconstrues Defendants' Motion as one seeking to impose (and dependent upon) sanctions that may be issued on Hagens Berman for its underlying misconduct in evaluating and pursuing these lawsuits. Rather, Defendants' Motion is based on the fact that Hagens Berman's conduct (and not Defendants') has led to the Special Master incurring additional fees and costs, something that Hagens Berman does not, and cannot, dispute. *See* Defs.' Mot. (Dkt. No. 890) at 6-7 (seeking reallocation because "the Special Master's recommendations and the Court's rulings reflect the determination that Hagens Berman (and not Defendants) engaged in significant malfeasance"); *id*. at 7 ("the Special Master's findings and the Court's ruling make clear that Hagens Berman is the responsible party that should bear the fees and costs for the Special Master's inquiry"). That alone is a sufficient basis to reallocate the Special Master's fees to Hagens Berman. Fed. R. Civ. P. 53(g)(3); Defs.' Mot. (Dkt. No. 890) at 6 (collecting cases requiring responsible party to bear entirety of special master's fees).

Hagens Berman next argues that Defendants' Motion is premature, because Defendants ultimately may "benefit" from the Court's rulings on the Special Master's findings. Opp. to Defs.' Mot. (Dkt. No. 892) at 7-9. None of the case law that Hagens Berman relies upon supports its argument, which amounts to the bizarre assertion that a party that engages in malfeasance should be absolved of paying a special master's fees, so long as the special master's substantive findings could assist an opposing party seek summary judgment or sanctions. In *Thabault v. Chait*, the court held that the special master had assisted the parties and court by "supervising discovery and case management and resolving disputes regarding discovery and

3

other issues," such that Rule 53(g)(3) did not warrant awarding special master fees to the prevailing party.  No. 85-2441, 2009 WL 69332, at *16 (D.N.J. Jan. 7, 2009).  Likewise, the court in *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.* declined to reallocate a special master's fees because "the need for a Special Master derived from the dramatic number of motions presented to the Court and the complexity of the issues—factors attributable as much to Whirlpool as to Plaintiffs," and "the Special Master's assistance in resolving voluminous pretrial motions and preparing this case for trial benefited both sides."  No. 1:08-WP-65000, 2015 WL 11995255, at *4 (N.D. Ohio Feb. 18, 2015).  And *Am. Motorist Ins. Co. v. Club at Hokuli'a, Inc.* involved appointment of "a special master to handle e-discovery matters," which would benefit the court and parties equally.  No. 10-00199, 2011 WL 13593392, at *2-3 (D. Haw. Sept. 20, 2011).  *All* of these cases recognized that in allocating a special master's fees, a court must consider "the extent to which any party is more responsible than other parties for the reference to a master," Fed. R. Civ. P. 53(g)(3), and none of them stand for the novel premise that a party that may substantively benefit on summary judgment or sanctions motions should incur a special master's fees.

Finally, Hagens Berman argues that Defendants' Motion is premature, because Hagens Berman's Petition for Rehearing or for Rehearing *En Banc* is pending in the Third Circuit.  Opp. to Defs.' Mot. (Dkt. No. 892) at 9.  But neither that Petition, nor Hagens Berman's assertion of "improper *ex parte* communications," *id.*, has any bearing on who should bear the special master's fees.  The undisputed fact remains that Hagens Berman is "more responsible than other parties for the reference to the master," Fed. R. Civ. P. 53(g)(3), and should bear the costs.[4]

---

[4] While Defendants maintain that their Motion is ripe, to the extent the Court agrees with Hagens Berman that the Motion is premature, it need not deny the Motion.  Rather, it may defer ruling on Defendants' Motion, and address it without further briefing at the same time that it rules on

**CONCLUSION**

For the reasons set forth above and in Defendants' Motion, Defendants respectfully request that the Court reallocate the fees and costs incurred by the Special Master, both retrospectively beginning on December 1, 2017, and prospectively.

Dated:  February 27, 2026                           Respectfully submitted,


                                                    /s/ Daniel S. Pariser
                                                    Daniel S. Pariser (admitted pro hac vice)
                                                    Paige H. Sharpe (admitted pro hac vice)
                                                    ARNOLD & PORTER KAYE SCHOLER LLP
                                                    601 Massachusetts Ave. NW
                                                    Washington, DC 20001
                                                    Telephone: (202) 942-5000
                                                    Facsimile: (202) 942-5999

                                                    Anand Agneshwar (admitted pro hac vice)
                                                    Carmela T. Romeo
                                                    Pennsylvania Bar No. 313042
                                                    ARNOLD & PORTER KAYE SCHOLER LLP
                                                    250 West 55th Street
                                                    New York, NY 10019
                                                    Telephone: (212) 836-8000
                                                    Facsimile: (212) 836-8689

                                                    *Counsel for Sanofi-Aventis U.S. LLC*


                                                    /s/ Daniel A. Spira
                                                    Michelle A. Ramirez (*admitted pro hac vice*)
                                                    Daniel A. Spira (*admitted pro hac vice*)
                                                    SIDLEY AUSTIN LLP
                                                    One South Dearborn Street
                                                    Chicago, Illinois 60603
                                                    Telephone: (312) 853-7000
                                                    Facsimile: (312) 853-7036

---

any sanctions to be imposed on Hagens Berman.  *See* Memorandum (Dkt. No. 834); Order (Dkt. No. 835) (deferring ruling on any specific sanctions to be imposed).

5

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*

*/s/ Sonja S. Weissman*
Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova PA 19085
Telephone: (215) 518-8695

Sonja S. Weissman (admitted pro hac vice)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone: (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and*
*GlaxoSmithKline Holdings (Americas) Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the CM/ECF system.  I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.  A true and correct copy of the foregoing document is also being served this day on the following by electronic mail:

Terrie Bolton
tmixon922@gmail.com

John Marshall
jmarshall.marshall9@gmail.com

Jose Navamuel
josenavamue@gmail.com

Carolyn Sampson
cafsampson@gmail.com

*/s/ Daniel A. Spira*