**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et. al | ) |
| | ) |
| v. | ) |
| | ) Civ. No. 11-5782 |
| SMITHKLINE BEECHAM CORPORATION, et. al. | ) and all related cases |

PLAINTIFF SAMPSON'S RESPONSE TO THE COURT'S MARCH 16, 2026 ORDER REGARDING
ALLOCATION OF THE SPECIAL MASTER'S FEES AND COSTS

In response to the Court's March 16, 2026 order (Doc. No. 895), Plaintiff Carolyn Sampson takes no position on how the Special Master's fees and costs should be allocated. However, I must again address the assumption made by Special Discovery Master Hangley that Plaintiffs "had no evidence to support claims that GSK had been involved with thalidomide at the times when these Plaintiffs were in utero." (Report and Recommendation of the Special Master, 8/01/2016 (Doc. No. 535 at 28).

As I stated in my response of Nov. 14, 2025, "I also object to Defendants' proposal for dismissal of my claim against GSK. While I believed in 2014 that I was agreeing to something in my best interest, I have since learned otherwise. I will not elaborate here on the reason for my change of mind but will be happy to do so upon request." (Doc. No. 880). Although no one has yet asked me to elaborate, Defendant GSK has again used this statement to persuade the Court to dismiss my case against them. If they prevail, I fear I might never have the opportunity to present the evidence.

As the Court, Mr. Hangley and all attorneys involved are aware, I am not a lawyer and therefore not educated or experienced regarding the proper timing of revealing my strategy for proving my claims against Grunenthal, GSK and Sanofi. I also believe that the Court is not allowed to instruct me as to when it will be appropriate for me to submit the undeniable evidence.

In addition, the rules governing the legal process seem to prevent any attorney in the nation from offering advice about this. Therefore, this response is based on beliefs I have gathered from participating as a pro se Plaintiff for years.

I believe that the Court, the Special Discovery Master and the jury that will potentially be seated in this case are only allowed to respond to evidence presented by the Plaintiffs (in this case my attorneys of record from 2011 until 2018). I'm concerned that Mr. Hangley has unintentionally prejudiced the Court against my case because he has not seen and is not allowed to research for himself evidence that suggests all of the Defendants acted in 1962 to practically guarantee that I could never learn the truth about the cause of my birth injuries, regardless of when I might discover the existence of thalidomide in the United States, nor evidence of Defendants' additional actions that could toll the statute of limitations.

To head off any claim by Defendants that we are long past the discovery period and therefore my evidence cannot be submitted, I have been in possession of the evidence since 2012. When asked about it in my deposition, my counsel advised me not to answer (VIDEOTAPED DEPOSITION OF CAROLYN A. SAMPSON, June 5, 2014, page 101, 1).

I also believe that under ordinary circumstances, a Plaintiff must live with the strategic choices her attorneys make when arguing her case, regardless of the outcome. Considering the documented complications, I respectfully request that the Court allow me to present the evidence I always believed was enough to toll the Statute of Limitations.

The Court has asserted from the beginning that a jury should decide this case (Section 4, Doc 92, Sept 25, 2013.) The case law he cited mentions fraudulent concealment as an action that would toll the Statute of Limitations. I pray that the Defendants' clever arguments, and the many

distractions that have ensued since 2014, do not deprive me of a citizen's right to present her case to a jury.

March 30, 2026                              Respectfully submitted,

Carolyn Sampson, (pro se plaintiff)
15353 Greenhaven Ln, #101
Burnsville, MN 55306
Telephone: 651-470-3937