## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GLENDA JOHNSON, *et al.*               :
                                       :
        v.                             :        **Civ. No. 11-5782**
                                       :            **and all related cases**
                                       :
SMITHKLINE BEECHAM                     :
CORPORATION, *et al.*                  :

### O R D E R

In these consolidated thalidomide actions, I ordered the law firm Hagens Berman Sobol Shapiro LLP to submit copies of the 2017 and 2019 hearing transcripts "redacted only to preserve past and present Hagens Berman clients or potential clients' attorney-client privileges." (Doc. No. 817.)   Special Discovery Master William T. Hangley reviewed those submissions and recommended transcript redactions.  (Doc. No. 824.)  Mr. Hangley separately recommended redactions to the hearing exhibits.  (Doc. No. 832.)  In response to objections, Mr. Hangley revised his Recommendations.  (Doc. Nos. 825, 829, 830, 836, 841, 861.)  Hagens Berman, Steve Berman, Diana Cabcabin, and *pro se* Plaintiff Terrie Bolton have filed Objections to the Revised Recommendations.  (Doc. Nos. 830, 874, 875, 876.)  I will adopt the recommended redactions.

### I.    GENERAL OBJECTIONS

In responding to Mr. Hangley's proposed redactions, Hagens Berman and Steve Berman "preserve and incorporate by reference" their general Objections that I have already overruled: (1) that neither the Firm nor certain Plaintiffs waived work product protection when the Firm provided the 2017 and 2019 hearing transcripts and exhibits to its testifying expert; and (2) that Mr. Hangley has acted outside his authority and his "continued participation in this matter" is improper.  (Doc. Nos. 830, 875.)  As I have repeatedly ruled, these Objections are meritless.  (See Doc. Nos. 749, 787, 823, 834.)  Accordingly, I will again overrule these Objections as to both the hearing

1

transcripts and exhibits.

## II.    TRANSCRIPT REDACTIONS

The Firm has agreed to all Mr. Hangley's revised recommended transcript redactions. (Doc. No. 830.)

Ms. Bolton and Ms. Cabcabin objected generally to Mr. Hangley's initial Recommendations.  (Doc. Nos. 826, 827.)  Ms. Bolton requested that "the portions of the 2017 and 2019 transcripts that were conducted privately" remain under seal.  (Doc. No. 826.)  Ms. Cabcabin objected that the entirety of her own testimony as well as Tyler Weaver's testimony "that pertains to her" should remain sealed.  (Doc. No. 827.)  Neither renewed her Objections to Mr. Hangley's revised Report and Recommendations.  (See Docket, Doc. No. 829.)  In any event, because, in his proposed redactions, Mr. Hangley appropriately redacted privileged communications, I will overrule these Objections and adopt the proposed transcript redactions.

## III.    EXHIBITS REDACTIONS

The Firm "reiterates its objections" that portions of thirteen exhibits should be further redacted.  (Doc. No. 875.)  Ms. Bolton and Ms. Cabcabin have also filed Objections to the exhibit Redactions Recommendations.  (Doc. Nos. 874, 876.)

First, the Firm and Ms. Bolton object to Mr. Hangley's Recommendation that Bolton Exhibits 7 and 8-1 through 8-7—a 2003 hospital discharge summary and photographs of Ms. Bolton's birth injuries—be unsealed.  (Doc. Nos. 874, 875 at 2.)  As I previously explained, because of Ms. Bolton's allegations of injury, she has waived doctor-patient confidentiality.  Her medical records thus necessarily may not be kept under seal.  (See Doc. No. 593.)  I will thus overrule these Objections.

Next, the Firm argues that certain portions of Attorney Kay Reeves' notes about certain

2

Plaintiffs' claims should be further redacted.  (Doc. No. 875 at 3–6.)  Mr. Hangley found, and I agree, that Hagens Berman has not made out that the material at issue describes attorney-client communications.  Because the Firm's speculation that the communications at issue *might* have been between attorney and client are insufficient to provide privilege protection, I will overrule these Objections.  See Nationwide Mut. Ins. Co. v. Fleming, 924 A.2d 1259, 1267 (Pa. Super. Ct. 2007).

The Firm further objects that Ms. Reeves' reporting that Ms. Cabcabin had approved a draft complaint should be redacted because "it reveals the substantive content of a communication between Ms. Cabcabin and the Firm about the case."  (Doc. No. 875 at 7.)  There is no expected confidentiality in rules-required verifications.  See Pa. R. Civ. P. 1024(c); In re Grand Jury Supoena Duces Tecum Dated Sept. 15, 1983, 731 F.2d 1032, 1037 (2d Cir. 1984) ("If confidentiality [is] not intended . . . the privilege [does] not attach.").  Accordingly, I will overrule this Objection.

Finally, Ms. Cabcabin "requests to maintain redacted and/or under seal all confidential information in which [she] has a protectable attorney-client privilege, attorney work product, or privacy interest," which "include[s] the expert reports identified" as Hagens Berman Exhibits 4 and 5.  (Doc. No. 876.)  Because Ms. Cabcabin does not identify any privilege-preserving redactions beyond those recommended by Mr. Hangley, and I have already ruled that any work-product protection over these exhibits has been waived, I will overrule her Objections.  (See Doc. Nos. 748, 749.)

IV.    CONCLUSION

In sum, I will overrule all Objections and adopt the recommended redactions.  I will grant the Firm's request that I allow them to seek a stay and appellate review before publication of any

exhibits or transcripts "containing attorney work product." (Doc. Nos. 830, 875); See In re Hagens Berman Sobol Shapiro LLP, et al., No. 24-2167 (3d Cir. 2024) (denying as premature the Firm's prior mandamus attempt on this issue).

*                    *                    *

**AND NOW**, this 22nd day of April, 2026, upon consideration of Special Discovery Master Hangley's Amended Reports and Recommendations (Doc. Nos. 829, 861), Terrie Bolton's Objections (Doc. Nos. 826, 874), Hagens Berman and Steve Berman's Objections (Doc. Nos. 830, 875), and Diana Cabcabin's Objections (Doc. Nos. 827, 876); it is hereby **ORDERED** that the Reports and Recommendations of the Special Discovery Master (Doc. Nos. 829, 861) are **APPROVED** and **ADOPTED**. The Special Master shall file publicly the 2017 and 2019 hearing transcripts and exhibits redacted according to the Table A, Revised (Doc. No. 829) and Amended Table X (Doc. No. 861) no earlier than May 22, 2026. Any interested Party shall file a Motion to Stay **no later than** **May 21, 2026, at 12:00 p.m.**

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.

4