**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENDA JOHNSON,** *et al.*, | : | |
| | : | |
| **v.** | : | **Civ. No. 11-5782** |
| | : | **and all related cases** |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, et al.** | : | |

## O R D E R

Plaintiffs' Counsel, Hagens Berman Sobol Shapiro LLP, seeks a stay of my April 22, 2026 Order adopting Special Discovery Master William T. Hangley's recommendations to redact portions of the 2017 and 2019 hearing transcripts and exhibits in these consolidated thalidomide cases.  (Doc. Nos. 829, 861, 902, 905.)  The Firm intends to seek appellate review, challenging: (1) the portion of my April 22 Order directing Mr. Hangley to file publicly the transcripts and exhibits, and (2) my 2021 ruling that the Firm had waived work product privilege over the materials by disclosing their contents to their testifying expert.  (Doc. Nos. 749, 902, 905-1 at 2); see In re Chevron Corp., 633 F.3d 153, 165 (3d Cir. 2011) (court-appointed expert witness's access waived privilege).  Defendants take no position on the Motion, which I will grant.  (Doc. No. 907.)

In June 2024, I ordered the Firm to submit the hearing transcripts *in camera* to the Court and Mr. Hangley with redactions permitted only to preserve attorney-client—but not work product—privilege.  (Doc. Nos. 811, 817.)  When the Firm later that month asked me to stay that Order so it could pursue mandamus in the Third Circuit, I explained that its request was "both unreasonably late and needlessly premature."  (Doc. Nos. 817, 819, 823 at 4.)  The Firm failed to seek review of my 2021 work product waiver decision until some three years had elapsed.  (Doc. No. 823 at 4.)  Moreover, at that point I had "not considered [Mr. Hangley's redaction] recommendations or ordered the public docketing of the transcripts and exhibits."  (Id.)  In an abundance of caution, I nonetheless stayed my Order for 30 days pending Third Circuit review.

1

(Id.)  The Third Circuit denied the Firm's mandamus petition as unripe because I had "not ordered the transcripts to be published on the public docket."  In re Hagens Berman Sobol Shapiro, LLP, No. 24-2167, Doc. No. 27-1 at 1.  Now that I have ordered Mr. Hangley to publish those transcripts, the Firm has renewed its request to seek review of the waiver decision.  (Doc. Nos. 902, 905.)

As I have explained, the Firm's waiver position is meritless.  Rejecting Mr. Hangley's common sense waiver recommendation would allow Hagens Berman to use the transcripts' contents as both a sword (by disclosing them to the Firm's testifying expert) and shield (by simultaneously precluding any other Party from reviewing those same transcripts).  (See Doc. No. 823 at 2 (collecting cases).)  Nevertheless, as I did some two years ago, I will grant the Firm's Motion and stay my April 22 Order for 30 days so that the Third Circuit will once again have the opportunity to review this matter.  (See Doc. No. 908.)

*                              *                              *

**AND NOW**, this 21st day of May, 2026, upon consideration of Hagens Berman's Expedited Motion for Stay (Doc. No. 905), and Defendants' Response (Doc. No. 907), it is hereby **ORDERED** that the Motion (Doc. No. 905) is **GRANTED**.  It is further **ORDERED** that the portion of my April 22, 2026 Order (Doc. No. 902) directing Special Master William T. Hangley to file publicly the 2017 and 2019 hearing transcripts and exhibits is stayed for 30 days.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.

2