### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENDA JOHNSON,** *et al.*, | : | |
| | : | |
| **v.** | : | **Civ. No. 11-5782** |
| | : | **and all related cases** |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, et al.** | : | |

## O R D E R

On August 5, 2025, I ordered the Parties to advise me as to how they wish to proceed with the remaining claims in these long-running thalidomide actions.  (Doc. No. 835.)  After meeting and conferring with Plaintiffs, Defendants proposed an order: (1) requiring Plaintiffs to submit evidence supporting their claims or face dismissal; (2) addressing the claims of unreachable Plaintiffs; (3) setting a schedule for motions for substitution for certain deceased Plaintiffs' claims; (4) approving pending stipulations of dismissal; and (5) clarifying the *pro se* status of various Plaintiffs.  (Doc. Nos. 846, 868.)

Plaintiffs oppose only the Lone Pine portion of Defendants' Proposed Order, which would require them to submit threshold supporting evidence for their claims—evidence that should have been produced some 15 years ago.  (Doc. Nos. 871, 882, 883, 885);  see Lore v. Lone Pine Corp., 1986 WL 637507, at *4 (N.J. Super. Ct. Law Div. Nov. 18, 1986).  Plaintiffs' opposition is without merit.  Indeed, such a Lone Pine Order is particularly suited to this case.  Defendants have been trying since 2011 to learn: whether Plaintiffs have evidence that Defendants' products caused their injuries and whether their suits (which are based on events occurring in the early 1960s) are time-barred.  (See, e.g., Doc. Nos. 147, 154, 166, 206, 222, 834 at 2–6.)  Special Discovery Master William T. Hangley and I have addressed Hagens Berman's repeated attempts to evade providing answers to these questions that go to the heart of the products actions.  (See, e.g., Doc. Nos. 767,

834 at 3 (describing the Firm's "grossly inadequate presuit investigations," discovery obstructions, and "false and baseless allegations intended to toll the limitations clock").)

The Hagens Berman-represented Plaintiffs urge that "Defendants' proposed Lone Pine order is unprecedented and would violate Plaintiffs' due process rights," and that "the Third Circuit . . . authorize[s] Lone Pine orders only in" MDL litigation and to "propose preliminary discovery requirements." (Doc. Nos. 882 at 6; 887 at 2.) Yet, there is no authority suggesting that the proposed Order is not permissible. To the contrary, Courts have issued Lone Pine Orders in both non-MDL cases and after significant discovery has occurred. See, e.g., Conklin v. Corteva, Inc., 782 F.Supp.3d 268, 277 (E.D.N.C. 2025) ("[C]ourts have issued Lone Pine orders in cases involving as few as 15 plaintiffs."); In re Vioxx Products Liability Litigation, 557 F.Supp.2d 741, 744 (E.D. La. 2008) (issuing Lone Pine order requiring evidence of specific causation in the "advance stage of the litigation"); In re Zostavax (Zoster Vaccine Live) Products Liability Litigation, No. 18-md-2848, 2022 WL 952179 at *2 (E.D. Pa. March 30, 2022) (granting Defendant's request for a Lone Pine Order "after three years of discovery").

The Firm does not explain why the proposed Lone Pine Order "violate[s] Plaintiffs' due process rights." (Doc. No. 882 at 8.) The Order requires only that Plaintiffs provide information that should have been obtained before suit was filed, and to verify allegations in their Complaints. (See Doc. Nos. 871, 883, 885 (pro se Plaintiffs Terrie Bolton, Mark Harrelson, and Darren Griggs objecting to Defendants' proposed Lone Pine Order, because they had already provided the requested evidence "many years ago").) Nor does the Firm propose an alternative process to proceed with the remaining claims. (See Doc. Nos. 835, 882.) Instead, the Firm seeks further to delay this decades-long litigation.

2

In sum, I will grant Defendants' Motion and enter the proposed <u>Lone Pine</u> Order.  (Doc. No. 868.)  I will also adopt Defendants' proposed Order addressing the claims of unreachable Plaintiffs, approving certain pending stipulations of dismissal, and clarifying the *pro se* status of various Plaintiffs.  (Doc. No. 868.)  I will not, however, approve several since-withdrawn stipulations of dismissal.  (<u>See</u> Doc. Nos. 767 at 71–73 (recommending I not dismiss the claims of Plaintiffs Carolyn Sampson, Mark Harrelson, Yvonne English-Monroe, Carolyn Jean Grover, and Darren Griggs); 644, 871, 872, 880, 881, 883.)

*          *          *

**AND NOW**, this 27th day of May, 2026, upon consideration of Defendants' Motion for Procedures in Remaining Cases (Doc. No. 868), *Pro se* Plaintiffs Terrie Bolton, Carolyn Sampson, Mark Harrelson, and Darren Griggs' Responses (Doc. Nos. 871, 872, 880, 881, 883), the Hagens Berman Plaintiffs' Response (Doc. No. 882), Defendants' Reply (Doc. No. 886), and the Hagens Berman Plaintiffs' Sur-Reply (Doc. No. 887),  it is hereby **ORDERED** that the Motion (Doc. No. 868) is **GRANTED in part** as follows:

A.  <u>Evidence of Support for Plaintiffs' Claims</u>

    1.  All Plaintiffs identified in Appendix A **SHALL** serve on Defendants, within ninety (90) days from the date of this Order, a declaration meeting the requirements of 28 U.S.C. § 1746 that contains, at a minimum, the following information:

        i.  Plaintiff's name;

        ii.  *Pro se* Plaintiff or Plaintiff's counsel who is signing the declaration;

        iii.  Plaintiff's injuries allegedly caused by exposure to thalidomide;

        iv.  A verified statement that the declarant has a good faith basis, in accordance with Federal Rule of Civil Procedure 11, to assert that Plaintiff was exposed

3

in utero to thalidomide, and a summary of the facts supporting that assertion;

v. A verified statement that the declarant has (1) reviewed this Court's decisions granting summary judgment in this litigation (Doc. Nos. 256, 265, 371) and the Third Circuit's decision on appeal affirming summary judgment (Case No. 15-2086, Doc. 003112170691); and (2) in light of those decisions, the declarant has a good faith basis, in accordance with Rule 11, to assert that Plaintiff's claims are not barred by the statute(s) of limitations applicable to his or her claims.

2. All Plaintiffs identified in Appendix A **SHALL** also serve on Defendants, within ninety (90) days from the date of this Order, one or more expert declarations meeting the requirements of 28 U.S.C. § 1746 that contain, at a minimum, the following information:

i. Plaintiff's name;

ii. Name of Declarant;

iii. Plaintiff's injuries allegedly caused by exposure to thalidomide;

iv. Declarant's curriculum vitae or statement of qualifications to offer expert opinions on the matter(s) set forth in the Declaration;

v. An affirmation that the Declarant has reviewed and considered the available evidence, including Plaintiff's medical records produced and any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case, and that the Declarant can state to a reasonable degree of medical certainty that

4

Plaintiff was exposed to thalidomide in utero, which caused Plaintiff's injuries identified in the Declaration.

3. The claims of any Plaintiff listed in Appendix A who fails to comply with the requirements set forth in Paragraphs 1 and 2 of this Order within ninety (90) days from the date of this Order shall be dismissed with prejudice.

4. With regard to any Plaintiffs who comply with the requirements set forth in Paragraphs 1 and 2 of this Order, Defendants shall file motions for summary judgment within ninety (90) days from the date of service of the declarations specified in the Paragraphs above.

B. Plaintiffs Richard Anderson and Mark Endres

1. Plaintiffs Richard Anderson and Mark Endres **SHALL** inform this Court in writing no later than sixty (60) days from the date of this Order whether they intend to proceed with their claims in this litigation.

2. If Mr. Anderson or Mr. Endres fails to respond in writing within sixty (60) days from the date of this Order, their claims shall be dismissed with prejudice for lack of prosecution.

3. Plaintiffs' counsel Hagens Berman **SHALL** serve Mr. Anderson and Mr. Endres with a copy of this Order at their last-known addresses.  Hagens Berman shall certify to the Court that it has complied with this service requirement no later than seven (7) days from the date of this Order.

C. Motions for Substitution Regarding Deceased Plaintiffs

1. Plaintiffs' counsel have filed Suggestions of Death regarding Plaintiffs Kim Branscum, John Grover, Diane Kessler, and John Skelton III. (Doc. Nos. 551, 809, 839, 865.) No motions for substitution have been filed for these Plaintiffs.

2. Pursuant to Federal Rule of Civil Procedure 25(a)(1), Ms. Branscum's, Mr. Grover's, Ms. Kessler's and Mr. Skelton's claims are hereby **DISMISSED with prejudice.**

D. Stipulations of Dismissal

1. The Court **ADOPTS in part** the Special Discovery Master's recommendations (Doc. Nos. 535,, 767) with respect to various Plaintiffs' voluntary dismissals of their claims against certain Defendants:

i. The Motion for Voluntary Dismissal of GlaxoSmithKline Defendants (Doc. No. 409) is **GRANTED in part**. The following Plaintiffs' claims against Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc. are hereby **DISMISSED with prejudice**: Kim Branscum, Doris Brust, Craig Charleston, Mark Endres, John Grover, Kathleen Gunn, Alan Horridge, Tammy Jackson, Glenda Johnson, Diane Kessler, Gearold Ledsome, Steven Lucier, Mary McPartlan-Hurson, Robert Murray, Carmela Norcross, Yolanda Perez, Christopher Simeone, William Tyler III, Colleen Van Vleet, Edward Worthan, and Phillip Yeatts. The Motion (Doc. No. 409) is **DENIED** as to Plaintiffs Carolyn Sampson, Mark Harrelson, Yvonne English, Carolyn Jean Grover and Darren Griggs.

ii. The Joint Motion for Voluntary Dismissal (Doc. No. 440) and Stipulation of Voluntary Dismissal (Doc. No. 468) are **GRANTED.** The following

Plaintiffs' claims against all Defendants are hereby **DISMISSED with prejudice**:  Rebecca Alexander, Sharon Anderson, Ted Mann, and Annette Manning.

E.   Plaintiffs Proceeding With Their Claims *Pro Se*

1.   The Court hereby **GRANTS** the requests of the following Plaintiffs to proceed with their claims *pro se*:  Yvonne English-Monroe, Darren Griggs, Carolyn Grover, Mark Harrelson, Glenda Johnson, and Gearold Ledsome.

2.   All attorneys of record are hereby **WITHDRAWN** from representing each of these Plaintiffs.

**AND IT IS SO ORDERED**.

*/s/ Paul S. Diamond*

Paul S. Diamond, J.

7

**Appendix A**

Terrie Bolton
Craig Charleston
Yvonne English-Monroe
Darren Griggs
Carolyn Grover
Kathleen Gunn
Mark Harrelson
Alan Horridge
Tammy Jackson
Glenda Johnson
Gearold Ledsome
Steven Lucier
John Marshall
Mary McPartlan-Hurson
Robert Murray
Jose Navamuel
Carmella Norcross
Yolanda Perez
Carolyn Sampson
Mary Sells
Christopher Simeone
William Tyler
Colleen Van Vleet
Edward Worthan
Phillip Yeatts