**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLENDA JOHNSON, *et al.*,** | : | |
| | : | |
| **v.** | : | **Civ. No. 11-5782** |
| | : | **and all related cases** |
| **SMITHKLINE BEECHAM** | : | |
| **CORPORATION, *et al.*** | : | |

**ORDER**

Defendants GlaxoSmithKline, Grünenthal, and Sanofi-Aventis have moved to reallocate to Hagens Berman the fees and costs incurred by Special Discovery Master William T. Hangley since December 1, 2017. (Doc. No. 890.) I thus ordered the Parties to address clearly what portion of those fees and costs incurred should be paid by: (1) the law firm Hagens Berman Sobol Shapiro, LLP; (2) Tyler Weaver; (3) GlaxoSmithKline; or (4) any other Defendant Companies. (Doc. No. 895.) I will grant Defendants' Motion.

In amending my Allocation Order to "reflect a decision on the merits," I must consider "the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3).

GSK argues that all Mr. Hangley's fees and costs incurred since December 1, 2017 should be borne by Hagens Berman, because the Firm's misconduct was the basis of Mr. Hangley's expanded inquiry. (Doc. Nos. 897.) Mr. Weaver argues only that because he is not a Party, no portion of the fees and costs may be allocated to him. (Doc. No. 898 (citing Fed. R. Civ. P. 53(g).) Defendants Grünenthal GmbH and Sanofi-Aventis U.S. LLC argue that they should not be responsible for any of Mr. Hangley's costs or fees incurred since December 1, 2017. (Doc. Nos. 899, 900.)

As I have found, Mr. Hangley's expanded inquiry was the result of Hagens Berman's "misconduct bordering on the criminal" when the Firm attempted to conceal that it had prepared,

filed, and prosecuted baseless, dishonest claims. (Doc. No. 834 at 24 (citing Doc. No. 767).) In late 2017, Mr. Hangley learned that then-Hagens Berman partner Mr. Weaver had doctored an expert report in an apparent effort to convince a Plaintiff to withdraw her thalidomide claims. (Doc. No. 583, 592.) Accordingly, on March 14, 2018, I granted the Firm's request to re-open the record with respect to its Motions to Withdraw from representing six Plaintiffs, thus ordering Mr. Hangley to examine closely the Withdrawal Motions and the Firm's conduct throughout the proceedings. (Doc. Nos. 583, 588, 593.) In that expanded inquiry, Mr. Hangley found that Hagens Berman, its Managing Partner Steve Berman, and by then former partner Mr. Weaver had: "conducted grossly inadequate presuit investigations; obstructed discovery; recklessly (or, perhaps, intentionally) made false and baseless allegations intended to toll the limitations clock; doctored evidence; and—when their misconduct came to light—sought to abandon Plaintiffs and evade Defendants' sanctions requests." (Doc. Nos. 767, 834 at 1.) I adopted Mr. Hangley's factual findings and ordered the Firm and Messrs. Berman and Weaver to show cause why sanctions should not be imposed. (Doc. Nos. 834 at 2, 835.) After they responded, I referred the matter to the Department of Justice for possible criminal investigation. (Doc. No. 888.)

In sum, Hagens Berman is certainly "more responsible than other parties for the reference to a master." Fed. R. Civ. P. 52(g)(3). Although Hagens Berman initially opposed the instant Motion to Reallocate as untimely, the Firm now takes no position on the proper reallocation. (Doc. Nos. 891, 896.) Moreover, Mr. Hangley did not uncover wrongdoing by any other Party. Finally, no responding Party argues for any other reallocation formula. (See Doc. Nos. 897–901.) In these circumstances, I will grant Defendants' Motion and reallocate Mr. Hangley's fees and costs incurred since December 1, 2017 exclusively to Hagens Berman.

*       *       *

**AND NOW**, this 12th day of June, 2026, upon consideration of Defendants' Renewed Motion to Reallocate (Doc. No. 890), Hagens Berman's Response (Doc. No. 891), and Defendants' Reply (Doc. No. 892); and the Statements of Position on Reallocation of Hagens Berman (Doc. No. 896), GlaxoSmithKline Defendants (Doc. No. 897), Tyler Weaver (Doc. No. 898), Sanofi-Aventis, U.S., LLC (Doc. No. 899), Grünenthal GMBH (Doc. No. 900), and Carolyn Sampson (Doc. No. 901); it is hereby **ORDERED** that the Motion (Doc. No. 890) is **GRANTED**. The Appointment Order (Doc. No. 256 ¶ 9) is **AMENDED** as follows: Plaintiffs' Counsel Hagens Berman Sobol Shapiro LLP **SHALL** pay the costs and fees incurred by Special Master William T. Hangley since December 1, 2017.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

**PAUL S. DIAMOND, J.**

3