**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.,<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES<br><br>*This Document Relates to:*<br><br>*Yeatts, et al. v. SmithKline Beecham Corp., et al.,* No. 11-cv-06711 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF *PRO SE* PLAINTIFF CAROLYN SAMPSON**

Defendants bring their motion based on the divergence between what this Court's *Lone Pine* Order (ECF No. 911) (the "Order") required and what *pro se* Plaintiff Carolyn Sampson submitted in response. The Order required, *inter alia*, an expert declaration affirming—***under penalty of perjury***, ***to a reasonable degree of medical certainty***, and ***after review of the available evidence***—that the plaintiff was ***exposed*** to thalidomide in utero and that the exposure ***caused*** her injuries. ECF No. 911 ¶ A.2(v). Ms. Sampson supplied two expert submissions, neither of which complied with these requirements, and her case accordingly should be dismissed. *See* Fed. R. Civ. P. 41(b); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984).[1]

[1] Even if Ms. Sampson had complied with the Order, judgment should be granted on the basis of the statute of limitations and lack of proof of exposure to thalidomide, as set forth in Defendants' Renewed Motion for Summary Judgment as to Plaintiff Carolyn Sampson, which is being filed contemporaneously. The instant motion and Defendants' summary judgment motion each provide independent bases for dismissal of her claims.

**BACKGROUND**

Ms. Sampson's case began with a multi-plaintiff complaint that her counsel at the time, the Hagens Berman firm, filed in October 2011. *See* Compl., Ex. A, *Yeatts v. SmithKline Beecham Corp.*, 2:11-cv-06711-JHS (E.D. Pa. Oct. 27, 2011) (ECF No. 1). As with all plaintiffs in this consolidated litigation, Defendants years ago sought discovery of Ms. Sampson on the critical issues of exposure and causation. After serving discovery requests and identifying relevant medical providers, Defendants collected and produced medical records in Ms. Sampson's case in 2014 that extended back to her childhood and comprised hundreds of pages. Defendants took two depositions in Ms. Sampson's case, that of the plaintiff and of her mother, both in June 2014.

Those depositions confirmed the absence of any evidence that Ms. Sampson was exposed to thalidomide. Ms. Sampson claims that her mother "was given a few unidentified pills in an unmarked envelope" by her obstetrician, "to be taken for headaches." Evidence of Supp. for Pl. Carolyn Sampson's Claims Against Defs. at 2 (Ex. A). But Ms. Sampson testified that she does not know whether the pills her mother took were thalidomide. *See* Tr. of June 5, 2014 Deposition of Carolyn Sampson (Ex. B) at 59:8 ("Well, I still don't know if they were or not."). She "was never able to prove" that her mother took thalidomide, and she never has found such proof. *Id.* at 46:11–12; *id.* at 104:20–105:4 ("Q. But you wanted to find proof; right? A. Yes. Q. Did you ever find any? A. No."). Plaintiff's mother likewise testified that she "ha[s] no proof" and "ha[s] no way of knowing" whether the drug she allegedly took while pregnant with Plaintiff was thalidomide. Tr. of June 5, 2014 Deposition of Marilyn A. Martin (Ex. C) at 53:16–24; *accord id.* at 54:23–24 ("I don't know what it was I had taken."). There is no other source of proof of exposure, given the death of the doctor who allegedly gave Plaintiff's mother the pills, and Plaintiff's loss of the pills themselves. Ex. B at 88:13–19; 57:18–23.

On July 31, 2014, Defendants filed a summary judgment motion in Ms. Sampson's case. *See* Defs' Mot. for Summ. J. as to Plaintiff Carolyn Sampson (ECF No. 291). Hagens Berman, which continued to represent Ms. Sampson at the time, filed an opposition on August 18, 2014, and submitted the declaration of Trent Stephens, Ph.D. (the "Stephens declaration") as an exhibit in support. *See* Pl. Carolyn Sampson's Br. in Opp'n to Defs.' Mot. for Summ. J. (ECF No. 330); Decl. of Trent Stephens, Ph.D. (ECF No. 330-2). On February 27, 2015, this Court denied all pending summary judgment motions without prejudice. *See* Order (ECF No. 474).

In May 2026, fifteen years after the first of these cases was filed, this Court entered the *Lone Pine* Order now at issue, requiring all remaining Plaintiffs to come forward with threshold evidentiary support for their claims. ECF No. 911 at 1–2. Paragraph A.2 of the Order requires each Plaintiff identified in Appendix A—which includes Ms. Sampson—to serve "one or more expert declarations meeting the requirements of 28 U.S.C. § 1746" that contain, "at a minimum":

> An affirmation that the Declarant has reviewed and considered the available evidence, including Plaintiff's medical records produced and any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case, and that the Declarant can state to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide in utero, which caused Plaintiff's injuries identified in the Declaration.

*Id.* ¶ A.2(v). The Order set a ninety-day deadline for Plaintiffs to respond. Noncompliance carries a strict consequence: the claims of any Plaintiff who fails to comply "shall be dismissed with prejudice." *Id.* ¶¶ A.1–A.3.

On June 10, 2026, Ms. Sampson—who has proceeded *pro se* since notifying the Court of her *pro se* status on December 20, 2023 (ECF No. 797)—served a submission on Defendants captioned "Evidence of Support for Plaintiff Carolyn Sampson's Claims." *See generally* Ex. A. In her declaration, she attributes several undated conditions to thalidomide exposure, as well as

three conditions diagnosed in 2014 (benign hepatic hemangioma, hiatal hernia, and Schatzki ring) and one in 2021 (sacroiliac joint dysfunction). *Id.*, Sampson Decl. ¶ 1.

Ms. Sampson attached to her own declaration a declaration from Dr. Stephens, together with Dr. Stephens's curriculum vitae. *See id.*, Stephens Decl. The declaration is stamped with the docket number "330-2," reflecting that it is the same declaration originally submitted in support of the summary judgment opposition in 2014. Dr. Stephens did not specify which records he reviewed and did not consider any of the conditions for which Ms. Sampson identified 2014 and 2021 diagnosis dates. *See id.*, Sampson Decl. ¶ 2 ("[i]njuries diagnosed in late 2014 and 2021 were not included in Dr. Trent Stephens' calculation of Plaintiff's odds that anything other than thalidomide caused her injuries").

Ms. Sampson subsequently produced a letter dated August 19, 2026, from a second expert, Neil Vargesson, a professor at the University of Aberdeen in Scotland (the "Vargesson letter"). *See* Ex. D. According to his online profile, Dr. Vargesson is also a Ph.D., not a medical doctor. *See* https://www.abdn.ac.uk/ims/profiles/n.vargesson. While the letter from Dr. Vargesson is signed, *id.* at 6, it does not declare under penalty of perjury that it is true and correct, as 28 U.S. Code § 1746 requires. Nor does the letter state which medical records Dr. Vargesson reviewed or that he reviewed the available fact witness testimony. *See generally id.* And while Dr. Vargesson states to a reasonable degree of scientific certainty that Ms. Sampson was exposed to thalidomide in utero, *id.* at 6, he does not identify any evidence to support that opinion; it appears to be inferred from the injuries that he concludes "are consistent with Thalidomide Embryopathy." *Id.* at 3.

## ARGUMENT

### I. Ms. Sampson's Submission Does Not Comply with the Order

The Order required Ms. Sampson to serve a conforming expert declaration within ninety days or have her case dismissed with prejudice. ECF No. 911 ¶ A.3. That mandatory language reflects this Court's own judgment about the consequence of noncompliance—a judgment that bears on the Rule 41(b) analysis. *See infra* Section II. The threshold question then is whether either of Ms. Sampson's two expert submissions—the Stephens declaration or the Vargesson letter—satisfies Paragraph A.2(v). Neither does. Dismissal is accordingly the appropriate remedy. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 23-1032, 2024 WL 3423709, at *3 (3d Cir. July 16, 2024) (recognizing a court's authority to dismiss cases for non-compliance with a *Lone Pine* order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246–48 (3d Cir. 2013) (affirming dismissal and making clear that a submission's mere existence does not satisfy a *Lone Pine* order when its substance fails to supply the required showing).

***First***, neither submission affirms that the signatory "has reviewed and considered the available evidence, including Plaintiff's medical records produced and any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case." ECF No. 911 ¶ A.2(v). Dr. Vargesson states only that he "reviewed the information supplied by the Plaintiff via their legal representative." Ex. D at 1.[2] But what that information comprises is unclear. For example, he

[2] Given that Ms. Sampson is proceeding *pro se*, the Vargesson letter's reference to her "legal representative" is concerning. If Ms. Sampson has legal counsel, that person or persons are required to appear in her case; demonstrate that they meet the requirements for admission in either this Court or as *pro hac vice* counsel; and be subject to the local rules of practice, Federal Rule of Civil Procedure 11, and the disciplinary authority of this Court. *See* 28 U.S. Code § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally ***or*** by counsel . . . .") (emphasis added)); E.D. Pa. Local Civil Rule 83.5.2(b) (describing admission requirements); E.D. Pa. Local Civil Rule 83.6 (setting forth rules of attorney conduct).

nowhere references the fact witness testimony taken in the case—including the critical testimony of Plaintiff and her mother that they have no proof of thalidomide ingestion. *See supra* p. 3. Dr. Vargesson cannot possibly opine on whether Plaintiff was exposed to thalidomide without reviewing that information—a necessity this Court itself recognized when it included that requirement in the Order.

The Stephens declaration is just as deficient. Like Dr. Vargesson, Dr. Stephens does not cite any deposition testimony and does not state that he reviewed the complete medical record produced in Ms. Sampson's case. And he necessarily did not—and could not—review any evidence that arose after he signed the declaration in 2014. By Ms. Sampson's own sworn statement, the Stephens declaration does not account for the full set of injuries she now claims. *See* Ex. A, Sampson Decl. ¶ 2 (noting that her later-diagnosed conditions "were not included in Dr. Trent Stephens' calculation").

***Second***, the Vargesson letter is not a declaration "meeting the requirements of 28 U.S.C. § 1746" at all, as the Order requires. ECF No. 911 ¶ A.2. Section 1746 requires a certification, under penalty of perjury under the laws of the United States, that the declaration's contents are true and correct. 28 U.S.C. § 1746(1). The Vargesson letter contains no such certification—it is addressed "Dear Sir/Madam" and closes only with Dr. Vargesson's signature and title. Ex. D at 1, 6. That omission on its own renders Dr. Vargesson's letter insufficient under the Order. *Cf. Hatcher v. SCM Grp. N. Am., Inc.*, 167 F. Supp. 3d 719, 728 (E.D. Pa. 2016) (unsworn expert report not competent for consideration on summary judgment).

***Third***, both submissions fail to supply the required opinions on thalidomide exposure or causation. The Stephens declaration nowhere states "to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide in utero, which caused Plaintiff's injuries." ECF No.

911 ¶ A.2(v). Dr. Stephens does not offer ***any*** of his opinions to a reasonable degree of medical certainty. The best he could muster is offering opinions to the lesser standard of "more likely than not." Ex. A, Stephens Decl. ¶ 16 ("it is more likely than not that these defects were caused by that exposure"). What is more, Dr. Stephens was not retained to opine that Ms. Sampson was exposed to thalidomide at all; he was told to ***assume*** it. *Id.* ¶ 15 ("I have been asked by Hagens Berman Sobol Shapiro LLP to assume thalidomide exposure . . . ."). His conclusion is expressly conditioned on that assumption. *Id.* ¶ 16 ("given the assumption of thalidomide exposure in this case, it is more likely than not that these defects were caused by that exposure"). An opinion that defects are consistent with thalidomide if exposure is assumed is not an opinion that exposure occurred and caused the injuries. *See Johnson v. SmithKline Beecham Corp.*, 55 F. Supp. 3d 603, 612 (E.D. Pa. 2014) ("Dr. Stephens's assumption is not evidence that Plaintiff's mother took thalidomide early in her pregnancy.").

Putting aside that his letter is unsworn and should not be considered at all, Dr. Vargesson likewise does not provide any coherent or reasoned opinion that Ms. Sampson was exposed to thalidomide. To be sure, his report includes a conclusory statement that Ms. Sampson "was exposed to Thalidomide *in utero*, which caused her to suffer the following injuries." Ex. D at 6. But the only evidence of exposure identified anywhere in the letter is Ms. Sampson's own account that her mother was given "a few unidentified pills in an unmarked envelope" for headaches during a 1961 prenatal visit—pills that Dr. Vargesson never identifies as thalidomide or otherwise attempts to verify. *Id.* at 3. Dr. Vargesson does not take into account the deposition testimony that neither Ms. Sampson nor her mother has proof of exposure. *See supra* p.3.

Nor does Dr. Vargesson opine that Plaintiff's injuries are unique to thalidomide. The body of his letter states only that they are "consistent with," "in keeping with," or "could . . . be"

thalidomide-induced injuries. Ex. D at 3, 4. Elsewhere he concedes that "[s]ome mothers will have given birth to babies with congenital differences that may share characteristics seen in Thalidomide Embryopathy, but were unrelated to Thalidomide exposure." *Id.* at 4. He never even purports to explain why, against that backdrop, Ms. Sampson's case should be treated as actual thalidomide exposure rather than one of the many congenital anomalies with an unrelated cause. This Court should accordingly not consider Dr. Vargesson's bare and conclusory statement concerning Plaintiff's exposure to thalidomide to satisfy the requirements of the Order. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 413 (3d Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."); *cf. Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (a court need not "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert").

## II. Dismissal Is Warranted Under Rule 41(b) and the *Poulis* Factors

Federal Rule of Civil Procedure 41(b), which permits dismissal when a plaintiff "fails . . . to comply with . . . a court order," provides the framework here. Applying Rule 41(b), courts routinely dismiss cases when plaintiffs do not or cannot comply with *Lone Pine* orders requiring them to produce sufficient proof to substantiate their claims. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 212 (3d Cir. 2017) (affirming dismissal of case for failure to produce expert report opining "that a particular plaintiff's injury was caused by ingestion of Avandia" in compliance with case management order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013) (affirming dismissal of cases for failure to comply with *Lone Pine* order requiring proof of medical diagnoses and detailed exposure history); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 30 F. App'x 27, 30

(3d Cir. 2002) (affirming dismissal with prejudice for failure to comply with discovery order to designate case-specific experts).[3]

In this Circuit, when a plaintiff fails to comply with a *Lone Pine* order and dismissal is sought as a sanction, district courts apply the six-factor balancing test set forth in *Poulis v. State Farm Fire & Casualty Co*. *See, e.g.*, *In re Avandia*, 687 F. App'x at 213 (citing *Poulis*, 747 F.2d at 868–70); *In re Asbestos*, 718 F.3d at 246 (same). Those factors are "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim." *In re Avandia*, 687 F. App'x at 213 (internal citation omitted). "Not all factors need to be satisfied for the District Court to dismiss a complaint," and "a District Court need not explicitly weigh all of the factors before dismissing a complaint." *Id*. at 213, 214 (internal quotation marks and citations omitted).

Multiple *Poulis* factors—particularly personal responsibility, prejudice to the adversary, the effectiveness of sanctions other than dismissal, and the meritoriousness of the claims—weigh heavily in favor of dismissal of Ms. Sampson's claims, while the others are largely neutral.

[3] *See also Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833–34 (9th Cir. 2011) (affirming dismissals of cases where plaintiffs failed to comply with *Lone Pine* order requiring *prima facie* showing of exposure and causation); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (affirming dismissal with prejudice for failure to provide completed fact sheet detailing personal and medical history pursuant to case management order); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 865–866 (8th Cir. 2007) (same); *In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 398 (5th Cir. 2010) (affirming dismissal of cases for failure to comply with *Lone Pine* order requiring Rule 26(a)(2) expert report attesting that plaintiffs had injuries caused by Vioxx); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (affirming dismissal of over 1,000 cases for failure to provide expert affidavits that complied with case management orders); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021), reconsideration denied, 2021 WL 1212538 (E.D. La. Mar. 31, 2021) and appeal dismissed sub nom. *Brown v. Janssen Rsch. & Dev., L.L.C.*, 2021 WL 8322124 (5th Cir. July 30, 2021) (dismissing case with prejudice for failure to comply with *Lone Pine* order requiring expert affidavits establishing a *prima facie* case of causation).

*Washington v. Erwin*, No. CV 14-1527, 2016 WL 4440327, at *4 (E.D. Pa. Aug. 22, 2016) (dismissing with prejudice where "three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions, and meritoriousness of claims—weigh strongly in favor of dismissal [] a fourth factor—willfulness—weighs somewhat in favor of dismissal [] and the remaining two factors—prejudice and a history of dilatoriness—are largely neutral").

**Personal Responsibility.** As a *pro se* litigant, Ms. Sampson is solely responsible for prosecuting her claim. *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir.2011) ("As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders."); *see also Gieniec v. Smith*, No. 3:09–cv–02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec.8, 2011) ("Plaintiff is proceeding *pro se,* and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying with Court orders."); *In re Avandia*, 687 F. App'x at 214 ("Because the Mayfields are proceeding *pro se*, they are personally responsible for their non-compliance."). Ms. Sampson was aware of the requirements of the Order yet failed to comply with them. As a *pro se* plaintiff, she bears the responsibility for that. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (in granting dismissal pursuant to *Lone Pine* order, noting that plaintiffs "were aware of the requirements of PTO 236, and received the Court's orders. Thus, the first factor weighs in favor of dismissal.").

**Prejudice to the Adversary.** Defendants have sought threshold causation evidence from each individual Plaintiff in this litigation for more than fifteen years. Requiring Defendants to continue litigating claims unsupported by any conforming expert affirmation of specific causation is precisely the type of burden that *Lone Pine* orders are intended to eliminate. In *In re Asbestos*, for example, the Third Circuit found that the district court properly considered the *Poulis* factors and dismissed cases with prejudice after determining that the plaintiffs' failure to present an

"exposure history necessary to withstand a motion to dismiss . . . delayed the progress of their cases and unduly burdened the defendants." *In re Asbestos Prods. Liab. Litig.*, 543 F. App'x 202, 206 (3d Cir. 2013).

**Effectiveness of Remedies Other than Dismissal.** No sanction other than dismissal would cure the defect in this case. Ms. Sampson's inability to produce admissible expert evidence of thalidomide exposure or causation signifies that she lacks the *prima facie* evidence necessary to pursue her claims, even when on notice that the failure to comply with the requirements of the Order will result in dismissal with prejudice. ECF No. 911 ¶ A.3; *see, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 486 (E.D. Pa. 2017) (granting dismissal with prejudice where "[t]he Court has repeatedly warned that failure to comply with its orders may result in dismissal . . . and at this juncture the Court cannot contemplate an effective alternative sanction").

**Meritoriousness of Plaintiff's Claims.** Ms. Sampson has been proceeding *pro se* for more than 2½ years, *see supra* p.3, and had every opportunity to provide admissible evidence if she could do so. "[T]he logical conclusion" from her submission of the Stephens declaration and the Vargesson letter, each deficient on its face, is that she was unable to find the requisite expert support "because her claims lacked merit." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 486 (E.D. Pa. 2017); *see also, e.g.*, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (dismissing with prejudice after concluding that "no lesser sanction is warranted in light of Plaintiffs' inability to produce expert evidence central to [] their case" when they admitted that no licensed physician was willing to prepare the Rule 26(a) report required by *Lone Pine* order); *Acuna v. Brown & Root Inc.*, 1998 WL 35283824, *8 (W.D. Tex. 1998) (dismissing claims with prejudice after finding expert affidavits did not sufficiently comply

with *Lone Pine* order and stating that "the court has no choice but to conclude that Plaintiffs are either unwilling or unable to provide the foregoing information and that a sanction less than dismissal would be fruitless").

**History of Dilatoriness and Willfulness of Conduct.** Defendants do not ascribe any ill motives to Ms. Sampson and recognize that Hagens Berman represented her for much of the duration of this litigation. From that standpoint, Defendants concede that these factors are largely neutral. However, as this Court explained, the Order "require[d] only that Plaintiffs provide information that should have been obtained ***before*** suit was filed, and to verify allegations in their Complaints." ECF No. 911 at 3 (emphasis added). That is because a "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries" before filing suit. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of *pro se* Plaintiff Carolyn Sampson with prejudice for failure to comply with Paragraph A.2 of the Court's May 27, 2026 Order (ECF No. 911) and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the *Poulis* factors.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Daniel S. Pariser*

Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001

Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Sonja S. Weissman*

Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova PA 19085
Telephone: (215) 518-8695

Sonja S. Weissman (*admitted pro hac vice*)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone: (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas) Inc.*

*/s/ Daniel A. Spira*

Michelle A. Ramirez (*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. A true and correct copy of the foregoing document is also being served this day on the following by electronic mail:

Terrie Bolton
tmixon922@gmail.com

John Marshall
jmarshall.marshall9@gmail.com

Jose Navamuel
josenavamue@gmail.com

Carolyn Sampson
cafsampson@gmail.com

*/s/ Daniel S. Pariser*