**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al.<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br>And All Related Cases |

**DEFENDANTS' MOTION TO DISMISS**
**THE CLAIMS OF FIFTEEN PLAINTIFFS FOR**
**NON-COMPLIANCE WITH THE COURT'S LONE PINE ORDER**

Defendants respectfully move to dismiss with prejudice the claims of all Plaintiffs who failed to submit a response to this Court's Lone Pine Order (the "Order"), entered May 27, 2026. (Doc. No. 911.) The Order required each Plaintiff to submit a declaration attesting, in part, to their purported injuries and a declaration from an expert witness. (*Id.* at 3-5.) The Order further instructed that the claims of any Plaintiff who did not serve the required declarations "shall be dismissed with prejudice." (*Id.* at 5.) The ninety-day deadline expired on August 25, 2026. Many Plaintiffs did not submit any documents in response to the Order, so their claims should be dismissed for failure to comply with the Court's Order. Two additional

plaintiffs failed to notify the Court whether they intend to proceed with their claims under a 60-day deadline set by the Court. Their claims should likewise be dismissed. *See* Fed. R. Civ. Pro. 41(b); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). Because entry of final judgment will not prejudice the other Plaintiffs whose claims remain pending, Defendants move for final judgment in favor of Defendants as to claims of the fifteen Plaintiffs subject to this Motion. *See* Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.").[1]

## I. THE COURT'S ORDER AND THE NON-COMPLIANT PLAINTIFFS

The Order required twenty-five Plaintiffs identified in Appendix A to serve on Defendants, within ninety days, two declarations:

1) A declaration by each Plaintiff identifying the injuries allegedly caused by thalidomide exposure, a verified statement that the declarant has a good faith basis under Rule 11 to assert in utero thalidomide exposure with supporting facts, and a verified statement that—after reviewing this

[1] Several Plaintiffs submitted some documentation in response to the Court's Order but should be dismissed because they failed to comply with all the requirements in the Order. For those Plaintiffs, Defendants will file motions for summary judgment and motions to dismiss for non-compliance within ninety days of receipt of each Plaintiff's materials. *See* Doc. No. 911 at 5 ("With regard to any Plaintiffs who comply with the requirements set forth in Paragraphs 1 and 2 of this Order, Defendants shall file motions for summary judgment within ninety (90) days from the date of service of the declarations specified in the Paragraphs above.").

Court's summary judgment decisions—the declarant has a good faith basis to assert the claims are not time barred; and

2) An expert declaration providing the declarant's curriculum vitae or statement of qualifications, affirming that the expert reviewed Plaintiff's medical records and testimony, and opining to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide in utero and that such exposure caused Plaintiff's injuries.

(Doc. No. 911 at 3-5.) The Court's directive was unequivocal: "The claims of any Plaintiff listed in Appendix A who fails to comply with the requirements set forth in Paragraphs 1 and 2 of this Order within ninety (90) days from the date of this Order ***shall be dismissed with prejudice***." (*Id.* at 5 (emphasis added).) The ninety-day deadline expired on August 25, 2026.

The following thirteen Plaintiffs did not serve any response to the Order:

- Craig Charleston
- Kathleen Gunn
- Alan Horridge
- Tammy Jackson
- Mary McPartlan-Hurson
- Robert Murray
- Jose Navamuel

- Carmella Norcross
- Yolanda Perez
- Mary Sells
- Christopher Simeone
- Colleen Van Vleet
- Edward Worthan

The Order separately required Plaintiffs Richard Anderson and Mark Endres to "inform this Court in writing no later than sixty (60) days from the date of this Order whether they intend to proceed with their claims." (Doc. No. 911 at 5.) If either failed to respond within sixty days, the Order provides, "their claims shall be dismissed with prejudice for lack of prosecution." (*Id.*) The sixty-day deadline expired on July 26, 2026. Neither Mr. Anderson nor Mr. Endres filed anything in response to the Court's Order.

## II. DISMISSAL IS WARRANTED UNDER RULE 41(B) AND THE *POULIS* FACTORS

Before imposing a sanction for failure to comply with a court order and failure to prosecute, courts in the Third Circuit "must consider" the six factors that the Third Circuit set out in *Poulis*: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6)

the meritoriousness of the claim. 747 F.2d. at 868; *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) ("Courts in the Third Circuit must consider the [*Poulis*] [] factors before dismissing a case based on failure to comply[]"). "Not all factors need to be satisfied" for dismissal, and a court need not "explicitly weigh all of the factors" before dismissing. *In re Avandia*, 687 F. App'x 210, 213-14 (3d Cir. 2017) (citation omitted); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246, 248 (3d Cir. 2013) (same).

Each factor confirms that dismissal is warranted here, where Plaintiffs served nothing in response to the Order.

**Personal responsibility and history of dilatoriness.** Each of these Plaintiffs, or their counsel of record, was served with the Order and had ninety days to respond. None submitted any declaration, expert report, or other filing. This is not an isolated lapse but the culmination of a "history of dilatoriness" this Court has already documented over the life of this litigation. (Doc. No. 911 at 1-2.); *see In re Asbestos Prods. Liab. Litig.*, 543 Fed. App'x 202, 206 (3d Cir. 2013) (affirming dismissal where plaintiffs' failure to produce required exposure evidence "delayed the progress of their cases and unduly burdened the defendants").

**Prejudice to Defendants.** Defendants have sought this threshold causation evidence for fifteen years. Continued litigation of claims for which not even minimal proof has been offered would impose exactly the burden the Order was

designed to eliminate. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (inaction "frustrates and delays the resolution of this action" and constitutes prejudice).

**Effectiveness of sanctions other than dismissal.** Lesser sanctions would serve no purpose. These Plaintiffs already had ninety days—and, as to Anderson and Endres, sixty days—to comply and did not do so. There is no reason to believe a further deadline would produce a different result. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021) ("no lesser sanction is warranted in light of Plaintiffs' inability to produce expert evidence central to both their case and Defendants' ability to prepare a defense in a timely manner").

**Meritoriousness of the claims.** The total absence of any responsive submission permits the inference that these Plaintiffs lack the threshold evidence necessary to support their claims. *See In re Avandia*, 319 F.R.D. at 486 (failure to produce required expert support supports the inference that the claim lacks merit).

**Willfulness.** Defendants do not ascribe bad motive to any individual Plaintiff, but the complete failure to respond to a direct court order reflects, at minimum, a disregard of the Court's directive sufficient to satisfy this factor. *See Lopez v. Cousins*, 435 Fed. App'x 113, 116 (3d Cir. 2011) ("As a general rule, a *pro se* litigant is responsible for his failure to comply with court orders.").

Because each *Poulis* factor confirms that dismissal is warranted, the Court should enforce the Order and dismiss the claims of the non-complying Plaintiffs with prejudice.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that the Court dismiss with prejudice the claims of the following Plaintiffs for failure to comply with the Court's Order:

- Craig Charleston;
- Kathleen Gunn;
- Alan Horridge;
- Tammy Jackson;
- Mary McPartlan-Hurson;
- Robert Murray;
- Jose Navamuel;
- Carmella Norcross;
- Yolanda Perez;
- Mary Sells;
- Christopher Simeone;
- Colleen Van Vleet;
- Edward Worthan;

- Richard Anderson; and
- Mark Endres.

Defendants further request that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b) as to these Plaintiffs.

Dated: September 8, 2026

Respectfully submitted,

*/s/ Sonja S. Weissman*
Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova PA 19085
Telephone: (215) 518-8695

Sonja S. Weissman (admitted pro hac vice)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone: (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas) Inc.*

*/s/ Daniel S. Pariser*
Daniel S. Pariser (admitted pro hac vice)
Paige H. Sharpe (admitted pro hac vice)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (admitted pro hac vice)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

/s/ Daniel A. Spira

Michelle A. Ramirez (*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. A true and correct copy of the foregoing document is also being served this day on the following by electronic mail:

Terrie Bolton
tmixon922@gmail.com

John Marshall
jmarshall.marshall9@gmail.com

Jose Navamuel
josenavamue@gmail.com

Carolyn Sampson
cafsampson@gmail.com

*/s/ Sonja S. Weissman*