**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.,<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES<br><br>*This Document Relates to:*<br><br>*Gunn, et al. v. SmithKline Beecham Corp., et al.*, No. 2:12-cv-06431 |

**MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS**
**OF PLAINTIFF YVONNE ENGLISH-MONROE**

## TABLE OF CONTENTS

**Page**

I. THE *LONE PINE* ORDER'S REQUIREMENTS ........................................ 1

II. PLAINTIFF'S SUBMISSION DOES NOT COMPLY WITH THE ORDER ........................................ 3

A. The Personal Declaration Is Deficient ........................................ 3

B. The Expert Declarations Are Deficient ........................................ 5

1. The Stephens Declaration ........................................ 5

2. The Snell Declaration ........................................ 8

III. THE *POULIS* FACTORS SUPPORT DISMISSAL ........................................ 10

CONCLUSION ........................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acuna v. Brown & Root Inc.*,
1998 WL 35283824 (W.D. Tex. 1998) .......... 15

*Acuna v. Brown & Root Inc.*,
200 F.3d 335 (5th Cir. 2000) .......... 11, 15

*In re Asbestos Prods. Liab. Litig.*,
543 F. App'x 202 (3d Cir. 2013) .......... 13

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
718 F.3d 236 (3d Cir. 2013) .......... *passim*

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
319 F.R.D. 480 (E.D. Pa. 2017) .......... 13, 14

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
687 F. App'x 210 (3d Cir. 2017) .......... 10, 11, 12

*Avila v. Willits Env't Remediation Tr.*,
633 F.3d 828 (9th Cir. 2011) .......... 11

*Brown v. Janssen Rsch. & Dev., L.L.C.*,
2021 WL 8322124 (5th Cir. July 30, 2021) .......... 11

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*,
30 F. App'x 27 (3d Cir. 2002) .......... 10

*Elcock v. Kmart Corp.*,
233 F.3d 734 (3d Cir. 2000) .......... 9

*Gieniec v. Smith*,
No. 3:09-cv-02330, 2011 WL 6130723 (M.D. Pa. Dec. 8, 2011) .......... 12

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
496 F.3d 863 (8th Cir. 2007) .......... 11

*Johnson v. SmithKline Beecham Corp.*,
55 F. Supp. 3d 603 (E.D. Pa. 2014) .......... 6

*Lopez v. Cousins*,
435 F. App'x 113 (3d Cir. 2011) .......... 12

*Poulis v. State Farm Fire & Cas. Co.*,
747 F.2d 863 (3d Cir. 1984) .......... 11, 12, 13, 16

*Stecyk v. Bell Helicopter Textron, Inc.*,
295 F.3d 408 (3d Cir. 2002) .......... 6, 9

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*,
966 F.3d 351 (5th Cir. 2020) .......... 11

*In re Vioxx Prods. Liab. Litig.*,
388 F. App'x 391 (5th Cir. 2010) .......... 11

*Washington v. Erwin*,
No. CV 14-1527, 2016 WL 4440327 (E.D. Pa. Aug. 22, 2016) .......... 12

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*,
2021 WL 493069 (E.D. La. Feb. 10, 2021), reconsideration denied,
2021 WL 1212538 (E.D. La. Mar. 31, 2021) .......... 11, 14

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
No. 23-1032, 2024 WL 3423709 (3d Cir. July 16, 2024) .......... 7

**Rules**

Fed. R. Civ. P. 11 .......... 2, 3

Fed. R. Civ. P. 26(a) .......... 15

Fed. R. Civ. P. 26(a)(2) .......... 11

Fed. R. Civ. P. 41(b) .......... 10, 16

Defendants respectfully move to dismiss with prejudice the claims of *pro se* Plaintiff Yvonne English-Monroe against all defendants because she failed to comply with the requirements of this Court's May 27, 2026, *Lone Pine* Order (ECF No. 911) (the "Order"). The Order required each Plaintiff to submit a personal declaration and a declaration from an expert witness. *Id.* at 3-5. The Court was unequivocal that each declaration needed to opine on or make an attestation about only a handful of specific topics. *Id*. The Order further instructed that the claims of any Plaintiff who did not serve the required declarations within ninety days of the Order "shall be dismissed with prejudice." *Id.* at 5. While Plaintiff submitted materials in response to the Order, the declarations she submitted do not satisfy the requirements of the Order so her claims should therefore be dismissed.

## I. THE *LONE PINE* ORDER'S REQUIREMENTS

On May 27, 2026, fifteen years after the first of these cases was filed, this Court entered the *Lone Pine* Order now at issue, requiring all remaining Plaintiffs to come forward with threshold evidentiary support for their claims. ECF No. 911 at 1-2.

The Order required Plaintiff to serve on Defendants the following two declarations:

1) A personal declaration that:

    a. Identifies her injuries allegedly caused by thalidomide exposure;

b. Contains a verified statement that she has a good faith basis under Rule 11 to assert *in utero* thalidomide exposure, together with a summary of the facts supporting that assertion; and

c. Contains a verified statement that she reviewed this Court's summary judgment decisions (Doc. Nos. 256, 265, 371) and the Third Circuit's decision on appeal (Case No. 15-2086, Doc. 003112170691), and that she has a good faith basis to assert her claims are not time barred.

2) An expert declaration that:

a. Contains the expert's curriculum vitae or statement of qualifications;

b. Affirms that the expert reviewed Plaintiff's medical records and testimony; and

c. Opines to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide *in utero* and that such exposure caused her injuries.

ECF No. 911 at 3-5. The Court's directive was unequivocal: "The claims of any Plaintiff listed in Appendix A who fails to comply with the requirements set forth in Paragraphs 1 and 2 of this Order within ninety (90) days from the date of this Order

***shall be dismissed with prejudice***." *Id.* at 5 (emphasis added). The ninety-day deadline expired on August 25, 2026.

## II. PLAINTIFF'S SUBMISSION DOES NOT COMPLY WITH THE ORDER

Plaintiff's non-compliance with both the personal declaration and expert declaration requirements of the *Lone Pine* Order warrants dismissal with prejudice.

### A. The Personal Declaration Is Deficient

Plaintiff's personal declaration (ECF No. 929) does not satisfy the Order's requirements in two independent respects.

***First***, the declaration does not include a summary of the facts supporting her assertion of *in utero* thalidomide exposure. The Order requires "[a] verified statement that the declarant has a good faith basis, in accordance with Federal Rule of Civil Procedure 11, to assert that Plaintiff was exposed in utero to thalidomide, ***and a summary of the facts supporting that assertion***." (ECF No. 911 ¶ A.1.iv (emphasis added).) Plaintiff states only that she has "a good-faith basis under Federal Rule of Civil Procedure 11 to assert that I was exposed to thalidomide in utero during the critical period of my gestation" (ECF No. 929 at 2), but she does not provide the requisite summary of facts supporting her assertion. Her declaration is silent as to when her mother ingested thalidomide, how she obtained it, how much of it was ingested, and under what circumstances. The Court made clear that a mere conclusory assertion that a plaintiff believes she has a good faith basis to claim

thalidomide exposure, by itself, is not enough. ECF No. 911 at A.1a.iv. Indeed, the entire purpose of the *Lone Pine* Order was to require plaintiffs to substantiate "whether Plaintiffs have evidence that Defendants' products caused their injuries." *Id.* at 1.

***Second***, the declaration does not state that Plaintiff reviewed the specific court decisions the Order required her to confirm she reviewed. The Order required that she submit a "verified statement that the declarant has (1) reviewed this Court's decisions granting summary judgment in this litigation (Doc. Nos. 256, 265, 371) and the Third Circuit's decision on appeal affirming summary judgment (Case No. 15-2086, Doc. 003112170691)." ECF No. 911 ¶ A.1.v. Plaintiff states only that she has "reviewed this Court's prior decisions regarding the statute of limitations in this litigation." ECF No. 929 at 2. But it is unclear whether her generic reference to "prior decisions regarding the statute of limitations" encompasses Doc. Nos. 256, 265, and 371. In any event, she attested to reviewing only "this Court's prior decisions"; she did not attest that she reviewed the Third Circuit's decision, as the Order required.

Therefore, her claims should be dismissed because her personal declaration did not comply with the requirements of the Order.[2]

[2] Ms. English-Monroe also submitted a letter to the Court with her submission of Dr. Stephens's declaration. ECF No. 921. However, the letter was not signed under the penalty of perjury so it is not a valid declaration. In addition, it does not contain either a summary of facts supporting her

### B. The Expert Declarations Are Deficient

Plaintiff submitted two expert declarations: one from Dr. Trent Stephens, dated January 2015, which was filed on July 7, 2026 (the "Stephens Declaration"), ECF No. 921 at 5–10; and the second from Dr. Robert Jeffrey Snell, dated August 2026, which was filed on August 20, 2026 (the "Snell Declaration"), ECF No. 929 at 4–5. Neither complies with the requirements of the Order. Therefore, Plaintiff's claims should be dismissed for this independent reason.

#### 1. The Stephens Declaration

The Stephens Declaration was executed on December 18, 2014,[3] more than eleven years before the *Lone Pine* Order was entered. ECF No. 921 at 10. It was prepared at the request of Plaintiff's prior counsel, Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), and not in response to the Order's requirements. Although Dr. Stephens sets out his qualifications, his declaration does not comply with the requirements of the Order in two important respects.

***First***, Dr. Stephens does not opine that Plaintiff was exposed to thalidomide *in utero* to a reasonable degree of medical certainty. *See* ECF No. 911 ¶ A.2.v. Instead, Dr. Stephens was "asked by Hagens Berman Sobol Shapiro LLP to ***assume*** that Ms. English was exposed to thalidomide during the critical period in utero."

---

assertion of thalidomide exposure or an attestation that she reviewed the Third Circuit's decision on appeal (Case No. 15-2086, Doc. 003112170691).

[3] On the first page, the Stephens Declaration is dated "1 January 2015," but at the end, the Declaration states that it was executed on "December 18, 2014."

ECF No. 921 at 6 (emphasis added). He then concluded only that her defects are "***consistent with*** those seen in thalidomide embryopathy." *Id.* (emphasis added). This is materially different from the required attestation that an expert opines to a reasonable degree of medical certainty that a plaintiff was exposed to thalidomide, and such exposure caused her injuries. An opinion that defects are "consistent with thalidomide" if exposure is "assumed" is not an opinion to a reasonable degree of medical certainty that exposure occurred and caused the injuries. *See Johnson v. SmithKline Beecham Corp.*, 55 F. Supp. 3d 603, 612 (E.D. Pa. 2014) ("Dr. Stephens's assumption is not evidence that Plaintiff's mother took thalidomide early in her pregnancy."); *see also Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 413 (3d Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."). Therefore, Dr. Stephens' declaration does not comply with the requirements of the Order.

***Second***, Dr. Stephens does not affirm that he reviewed the required information. The Order provides that an expert must attest that he or she "reviewed and considered . . . any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case." ECF No. 911 ¶ A.2.v. In this case, the following individuals were deposed: Plaintiff; Bobbie English, Plaintiff's mother; Jesse Monroe, Plaintiff's husband; and Raymon Rayford, Plaintiff's ex-fiancé. Dr. Stephens did not affirm that he reviewed any of those four deposition transcripts. He states only that he

reviewed her "medical records, photographs, and x-rays." ECF No. 921 at 7. In fact, this record confirms that Plaintiff lacks proof that her mother ingested thalidomide. For example, Plaintiff's mother recalls only that she was given a 30-day supply of white pills in an unmarked white paper bag to treat morning sickness, cannot remember the name of the doctor who gave her the pills or provided prenatal care during her pregnancy, cannot remember the name or other identifying information of the clinic she visited during her pregnancy, and does not know whether the pills contained thalidomide. Ex. 1 (July 31, 2014 Dep. of Bobbie English) ("English Dep.") at 15–16, 45–46, 49–54, 58–60. Without reviewing both her testimony and the testimony of three fact witnesses—in particular, the testimony of her mother—provided under the penalty of perjury and subjected to the rigors of cross-examination, Dr. Stephens lacks the requisite knowledge to offer expert opinion as to Plaintiff's alleged thalidomide exposure and causation. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 23-1032, 2024 WL 3423709, at *3 (3d Cir. July 16, 2024) (recognizing a court's authority to dismiss cases for non-compliance with a *Lone Pine* order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246-48 (3d Cir. 2013) (affirming dismissal and making clear that a submission's mere existence does not satisfy a *Lone Pine* order when its substance does not supply the required showing).

Accordingly, Dr. Stephens' declaration does not comply with two requirements of the Order.

### 2. The Snell Declaration

The Snell Declaration fares no better. It also does not comply with two requirements of the Order, which further warrants dismissal of Plaintiff's claims.

***First***, Dr. Snell does not include a curriculum vitae or statement of qualifications to offer expert opinions on thalidomide embryopathy, as the Order requires. ECF No. 911 ¶ A.2.iv. Instead, he identified himself as Plaintiff's "treating physician / primary care provider." ECF No. 929 at 4. Being a treating primary care physician is not, without more, a qualification to render expert opinions on whether birth defects were caused by *in utero* thalidomide exposure—a highly specialized area of medical inquiry. *See* ECF No. 921 at ¶ 15(a) (noting "a very limited number of experts capable of addressing issues of thalidomide embryopathy"). Therefore, his declaration does not comply with the requirements of the Order.

***Second***, like Dr. Stephens, Dr. Snell did not affirm that he "reviewed and considered . . . any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case." ECF No. 911 ¶ A.2.v. He states only that he reviewed her medical records. ECF No. 929 at 4. As with Dr. Stephens, Dr. Snell lacks the requisite knowledge to offer an expert opinion about Plaintiff's alleged thalidomide exposure

and causation without reviewing both her testimony and the testimony of the three other fact witnesses in her case.

***Third***, Dr. Snell's exposure opinion is entirely conclusory and unsupported by any underlying evidence. He asserts that his opinion rests on his review of her "verified historical medical records," which purportedly "document an established medical history of intrauterine thalidomide exposure." ECF No. 929 at 4, ¶ 3. The sole record he identifies, however, is a December 15, 2017 office note from Rush University Medical Center, created more than ***five decades*** after Plaintiff's birth and approximately ***five years*** after this litigation began. ECF No. 921 at 18–21 (December 15, 2017 Office Visit at Rush University Medical Center). That record contains only a brief notation that Plaintiff has a "past history significant for intrauterine thalidomide exposure," with no attribution or explanation. *Id.* at 18, 21. Most likely, the notation simply reflects the patient's own self-report, but, in any case, does not contain any factual foundation for the statement. Dr. Snell's cursory opinion, based on this passing and unsupported reference dated more than fifty years after her birth, is not grounded in the record evidence, as the Order and case law require. *See* ECF No. 911 ¶ A.2.v (requiring an affirmation that the expert "has reviewed ***and considered*** the available evidence") (emphasis added); *Stecyk*, 295 F.3d at 414 (3d Cir. 2002) (expert evidence without factual foundation is inadmissible); *Elcock v. Kmart Corp.*, 233 F.3d 734, 755 (3d Cir. 2000) (same); *In*

*re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 244–46 (3d Cir. 2013) (affirming dismissals where plaintiffs' expert submissions on exposure were not "based upon objective and subjective data" as required by the court's *Lone Pine* order). Accordingly, Dr. Snell's declaration does not comply with the requirements of the Order; thus, Plaintiff's claims should be dismissed.

## III. THE *POULIS* FACTORS SUPPORT DISMISSAL

Federal Rule of Civil Procedure 41(b), which permits dismissal when a plaintiff "fails . . . to comply with . . . a court order," provides the framework here. Applying Rule 41(b), courts routinely dismiss cases when plaintiffs do not or cannot comply with *Lone Pine* orders requiring them to produce sufficient proof to substantiate their claims. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 212 (3d Cir. 2017) (affirming dismissal of case where plaintiff did not produce expert report opining "that a particular plaintiff's injury was caused by ingestion of Avandia" in compliance with case management order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 248 (3d Cir. 2013) (affirming dismissal of cases for non-compliance with *Lone Pine* order requiring proof of medical diagnoses and detailed exposure history); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 30 F. App'x 27,

30 (3d Cir. 2002) (affirming dismissal with prejudice for non-compliance with discovery order to designate case-specific experts).[4]

In this Circuit, when a plaintiff does not comply with a *Lone Pine* order and dismissal is sought as a sanction, district courts apply the six-factor balancing test set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). *See, e.g.*, *In re Avandia*, 687 F. App'x at 213 (citing *Poulis*, 747 F.2d at 868-70); *In re Asbestos*, 718 F.3d at 246 (same). Those factors are "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim." *In re Avandia*, 687 F. App'x at 213 (internal citation omitted). "Not all factors need to be satisfied for the District Court to dismiss a complaint," and "a District Court need

[4] *See also Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833-34 (9th Cir. 2011) (affirming dismissals of cases where plaintiffs failed to comply with *Lone Pine* order requiring *prima facie* showing of exposure and causation); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (affirming dismissal with prejudice for failure to provide completed fact sheet detailing personal and medical history pursuant to case management order); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007) (same); *In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 398 (5th Cir. 2010) (affirming dismissal of cases for failure to comply with *Lone Pine* order requiring Rule 26(a)(2) expert report attesting that plaintiffs had injuries caused by Vioxx); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (affirming dismissal of over 1,000 cases for failure to provide expert affidavits that complied with case management orders); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021), reconsideration denied, 2021 WL 1212538 (E.D. La. Mar. 31, 2021) and appeal dismissed sub nom. *Brown v. Janssen Rsch. & Dev., L.L.C.*, 2021 WL 8322124 (5th Cir. July 30, 2021) (dismissing case with prejudice for failure to comply with *Lone Pine* order requiring expert affidavits establishing a *prima facie* case of causation).

not explicitly weigh all of the factors before dismissing a complaint." *Id.* at 213, 214 (internal quotation marks and citations omitted).

Multiple *Poulis* factors—particularly personal responsibility, prejudice to the adversary, the effectiveness of sanctions other than dismissal, and the meritoriousness of the claims—weigh heavily in favor of dismissal of Plaintiff's claims, while the others are largely neutral. *See Washington v. Erwin*, No. CV 14-1527, 2016 WL 4440327, at *4 (E.D. Pa. Aug. 22, 2016) (dismissing with prejudice where "three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions, and meritoriousness of claims—weigh strongly in favor of dismissal[,] a fourth factor—willfulness—weighs somewhat in favor of dismissal[,] and the remaining two factors—prejudice and a history of dilatoriness—are largely neutral").

**Personal Responsibility.** As a *pro se* litigant, Plaintiff is solely responsible for prosecuting her claims. *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) ("As a general rule, a pro se litigant is responsible for his failure to comply with court orders."); *see also Gieniec v. Smith*, No. 3:09-cv-02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding pro se, and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying with Court orders."); *In re Avandia*, 687 F. App'x at 214 ("Because the Mayfields are proceeding pro se, they are personally responsible for

their non-compliance.”). Plaintiff has been proceeding *pro se* for years. She was aware of the requirements of the Order and indeed made several filings in response yet did not comply with the requirements. As a *pro se* plaintiff, she bears responsibility for this non-compliance. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (in granting dismissal pursuant to *Lone Pine* order, noting that plaintiffs “were aware of the requirements of PTO 236, and received the Court’s orders. Thus, the first factor weighs in favor of dismissal.”).

**Prejudice to the Adversary.** Defendants have sought threshold causation evidence from each individual Plaintiff in this litigation for more than fifteen years. Requiring Defendants to continue litigating claims unsupported by any conforming expert affirmation of specific causation, and unaccompanied by any factual summary supporting Plaintiff’s assertion of *in utero* exposure, is precisely the type of burden that *Lone Pine* orders are designed to eliminate. In *In re Asbestos*, for example, the Third Circuit found that the district court properly considered the *Poulis* factors and dismissed cases with prejudice after determining that the plaintiffs’ inability to present an “exposure history necessary to withstand a motion to dismiss . . . delayed the progress of their cases and unduly burdened the defendants.” *In re Asbestos Prods. Liab. Litig.*, 543 F. App’x 202, 206 (3d Cir. 2013).

**Effectiveness of Remedies Other than Dismissal.** No sanction other than dismissal would address the deficiencies here. Plaintiff's inability to produce admissible expert support for thalidomide exposure or causation demonstrates that she lacks the *prima facie* evidence necessary to pursue her claims, even when on notice that non-compliance with the requirements of the Order will result in dismissal with prejudice. (ECF No. 911 ¶ A.3.) *See, e.g.*, *In re Avandia*, 319 F.R.D. at 486 (granting dismissal with prejudice where "[t]he Court has repeatedly warned that failure to comply with its orders may result in dismissal . . . and at this juncture the Court cannot contemplate an effective alternative sanction"). Similarly, her inability to provide a factual basis for her exposure claim, even when on notice that non-compliance will result in dismissal with prejudice, further demonstrates a lack of the *prima facie* evidence necessary to pursue her claims.

**Meritoriousness of Plaintiff's Claims.** Plaintiff has been proceeding *pro se* and had every opportunity to provide admissible evidence supporting her claims. The fact that she has not done so strongly suggests that she has no such evidence. "[T]he logical conclusion" from her submission of deficient expert declarations is that she was unable to find the requisite expert support "because [her] claims lacked merit." *In re Avandia*, 319 F.R.D. at 486; *see also, e.g.*, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021) (dismissing with prejudice after concluding that "no lesser sanction is warranted in light of

Plaintiffs' inability to produce expert evidence central to [] their case" when they admitted that no licensed physician was willing to prepare the Rule 26(a) report required by *Lone Pine* order); *Acuna v. Brown & Root Inc.*, 1998 WL 35283824, at *8 (W.D. Tex. 1998) (dismissing claims with prejudice after finding expert affidavits did not comply with *Lone Pine* order and stating that "the court has no choice but to conclude that Plaintiffs are either unwilling or unable to provide the foregoing information and that a sanction less than dismissal would be fruitless"). Likewise, the only logical conclusion from her inability to provide a factual summary supporting her exposure claim is that she lacks the facts necessary to substantiate it.

**History of Dilatoriness and Willfulness of Conduct.** Defendants do not ascribe any ill motives to Plaintiff and recognize that Hagens Berman represented her for much of the duration of this litigation. From that standpoint, Defendants acknowledge that these factors are largely neutral. However, as this Court explained, the Order "require[d] ***only*** that Plaintiffs provide information that should have been obtained before suit was filed, and to verify allegations in their Complaints." ECF No. 911 at 3 (emphasis added). That is because a "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries" before filing suit. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of *pro se* Plaintiff Yvonne English-Monroe against all defendants with prejudice for non-compliance with Paragraphs A.1 and A.2 of the Court's May 27, 2026, Order (ECF No. 911) and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the *Poulis* factors.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Sonja S. Weissman*

Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova, PA 19085
Telephone: (215) 518-8695

Sonja S. Weissman (*admitted pro hac vice*)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone: (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas) Inc.*

*/s/ Daniel S. Pariser*

Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Daniel A. Spira*
Michelle A. Ramirez
(*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago, Illinois 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*