**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.,<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES<br><br>*This Document Relates to:*<br><br>*Griggs, et al. v. GlaxoSmithKline, et al.*, No. 14-cv-02186 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PLAINTIFF WILLIAM TYLER III

Defendants respectfully move to dismiss with prejudice the claims of Plaintiff William Tyler III for failure to comply with the requirements of this Court's May 27, 2026, *Lone Pine* Order (ECF No. 911) (the "Order"). The Order required each Plaintiff to serve a declaration, signed by the Plaintiff or his counsel, that includes a verified statement regarding the statute of limitations, as well as an expert declaration. *Id.* at 3–5. The Order further instructed that the claims of any Plaintiff who did not comply within ninety days of the Order "shall be dismissed with prejudice." *Id.* at 5. The ninety-day deadline expired on August 25, 2026. On that date, Plaintiff, through his counsel, served declarations in response to the Order. Plaintiff's counsel has since withdrawn his declaration regarding the statute of

limitations—the only vehicle for the verified statement that the Order required—and has advised Defendants that Plaintiff does not oppose dismissal of his claims under the Order. Because the deadline has passed and Plaintiff has no declaration that satisfies the Order, his claims should be dismissed with prejudice, and final judgment should be entered. *See* Fed. R. Civ. P. 41(b), 54(b); *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868–70 (3d Cir. 1984).

## I. THE *LONE PINE* ORDER'S REQUIREMENTS

On May 27, 2026, fifteen years after the first of these cases was filed, this Court entered the *Lone Pine* Order now at issue, requiring all remaining Plaintiffs to come forward with threshold evidentiary support for their claims. ECF No. 911 at 1–2.

The Order required each Plaintiff to serve on Defendants the following two declarations:

1) A declaration, signed by the Plaintiff or Plaintiff's counsel, that:
    a. Identifies the Plaintiff's injuries allegedly caused by thalidomide exposure;
    b. Contains a verified statement that the declarant has a good faith basis under Rule 11 to assert in utero thalidomide exposure with supporting facts; and

c. Contains a verified statement that—after reviewing this Court's summary judgment decisions and the Third Circuit's decision on appeal affirming them—the declarant has a good faith basis under Rule 11 to assert that the Plaintiff's claims are not barred by the statute(s) of limitations.

2) An expert declaration that:

a. Contains the expert's curriculum vitae or statement of qualifications;

b. Affirms that the expert reviewed Plaintiff's medical records and testimony; and

c. Opines to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide in utero and that such exposure caused his injuries.

*Id.* at 3–5. The Court's directive was unequivocal: "The claims of any Plaintiff listed in Appendix A who fails to comply with the requirements set forth in Paragraphs 1 and 2 of this Order within ninety (90) days from the date of this Order ***shall be dismissed with prejudice***." *Id.* at 5 (emphasis added). The ninety-day deadline expired on August 25, 2026.

## II. PLAINTIFF'S NON-COMPLIANCE WITH PARAGRAPH A.1 OF THE ORDER

On August 25, 2026—the last day of the ninety-day period—Plaintiff, through his counsel, Hagens Berman Sobol Shapiro LLP, served on Defendants two declarations: a declaration of counsel Craig R. Spiegel under Paragraph A.1 (the "Spiegel Declaration"), and a declaration of Neil Vargesson, Ph.D., under Paragraph A.2. *See* ECF No. 936 (notice of service); Ex. A (Spiegel Decl.).[1] The Spiegel Declaration was Plaintiff's only vehicle for the verified statement that Paragraph A.1.v requires. *See* Ex. A ¶ 4. On September 23, 2026, Plaintiff's counsel informed Defendants that he was withdrawing his declaration regarding the statute of limitations as to Plaintiff's claim, that Defendants could therefore move to dismiss his claim under the Order, and that Plaintiff would not oppose dismissal. Ex. B.

The Order's requirement of a declaration by Plaintiff or Plaintiff's counsel is not a formality. The Court entered the Order because Defendants have sought since 2011 to learn, among other things, whether Plaintiffs' suits—which are based on events occurring in the early 1960s—are time-barred. ECF No. 911 at 1. With the Spiegel Declaration withdrawn as to the statute of limitations, Plaintiff has no declaration containing a statement that the declarant (1) reviewed this Court's

[1] Because Plaintiff's non-compliance with Paragraph A.1 independently requires dismissal, Defendants do not address here whether the Vargesson declaration satisfies Paragraph A.2, and Defendants reserve all rights and objections as to that declaration and any other aspect of Plaintiff's claims.

summary judgment decisions and the Third Circuit's decision on appeal, or (2) has a good faith basis to assert that Plaintiff's claims are not time-barred. Plaintiff has therefore not satisfied any part of Paragraph A.1.v.

This Court was clear about the consequences of non-compliance with its *Lone Pine* Order: the claims of a Plaintiff who does not satisfy Paragraphs A.1 and A.2 within ninety days "shall be dismissed with prejudice." ECF No. 911 ¶ A.3. That deadline has passed. Dismissal is accordingly the appropriate remedy. *See, e.g.*, *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 23-1032, 2024 WL 3423709, at *3 (3d Cir. July 16, 2024) (recognizing a court's authority to dismiss cases for non-compliance with a *Lone Pine* order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246–48 (3d Cir. 2013) (affirming dismissal where plaintiffs' *Lone Pine* submissions omitted a required element, notwithstanding that plaintiffs had submitted something).

## III. THE *POULIS* FACTORS SUPPORT DISMISSAL

Federal Rule of Civil Procedure 41(b), which permits dismissal when a plaintiff "fails . . . to comply with . . . a court order," provides the framework here. Applying Rule 41(b), courts routinely dismiss cases when plaintiffs do not or cannot comply with *Lone Pine* orders requiring them to produce sufficient proof to substantiate their claims. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 212 (3d Cir. 2017) (affirming dismissal of case where

plaintiff did not produce expert report opining "that a particular plaintiff's injury was caused by ingestion of Avandia" in compliance with case management order); *In re Asbestos*, 718 F.3d at 248 (affirming dismissal of cases for non-compliance with *Lone Pine* order requiring proof of medical diagnoses and detailed exposure history); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig.*, 30 F. App'x 27, 30 (3d Cir. 2002) (affirming dismissal with prejudice for non-compliance with discovery order to designate case-specific experts).[2]

In this Circuit, when a plaintiff does not comply with a *Lone Pine* order and dismissal is sought as a sanction, district courts apply the six-factor balancing test set forth in *Poulis*. *See, e.g.*, *In re Avandia*, 687 F. App'x at 213 (citing *Poulis*, 747

[2] *See also Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833–34 (9th Cir. 2011) (affirming dismissals of cases where plaintiffs failed to comply with *Lone Pine* order requiring *prima facie* showing of exposure and causation); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 358 (5th Cir. 2020) (affirming dismissal with prejudice for failure to provide completed fact sheet detailing personal and medical history pursuant to case management order); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007) (same); *In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 398 (5th Cir. 2010) (affirming dismissal of cases for failure to comply with *Lone Pine* order requiring Rule 26(a)(2) expert report attesting that plaintiffs had injuries caused by Vioxx); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000) (affirming dismissal of over 1,000 cases for failure to provide expert affidavits that complied with case management orders); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021), reconsideration denied, 2021 WL 1212538 (E.D. La. Mar. 31, 2021) and appeal dismissed sub nom. *Brown v. Janssen Rsch. & Dev., L.L.C.*, 2021 WL 8322124 (5th Cir. July 30, 2021) (dismissing case with prejudice for failure to comply with *Lone Pine* order requiring expert affidavits establishing a *prima facie* case of causation).

F.2d at 868–70); *In re Asbestos*, 718 F.3d at 246 (same). Those factors are "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim." *In re Avandia*, 687 F. App'x at 213 (internal citation omitted). "Not all factors need to be satisfied for the District Court to dismiss a complaint," and "a District Court need not explicitly weigh all of the factors before dismissing a complaint." *Id.* at 213, 214 (internal quotation marks and citations omitted).

Multiple *Poulis* factors—particularly personal responsibility, prejudice to the adversary, the effectiveness of sanctions other than dismissal, and the meritoriousness of the claims—weigh heavily in favor of dismissal of Plaintiff's claims, while the others are largely neutral. *Washington v. Erwin*, No. CV 14-1527, 2016 WL 4440327, at *4 (E.D. Pa. Aug. 22, 2016) (dismissing with prejudice where "three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions, and meritoriousness of claims—weigh strongly in favor of dismissal[,] a fourth factor—willfulness—weighs somewhat in favor of dismissal[,] and the remaining two factors—prejudice and a history of dilatoriness—are largely neutral").

**Personal Responsibility.** Plaintiff is represented by counsel, and the non-compliance here is not the product of oversight or a missed deadline. Plaintiff,

through counsel, served declarations on the last day of the ninety-day period, and counsel then made a deliberate decision to withdraw the declaration regarding the statute of limitations and to advise Defendants that Plaintiff would not oppose dismissal. Plaintiff, through counsel, was thus fully aware of the Order's requirements and their consequences. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (in granting dismissal pursuant to *Lone Pine* order, noting that plaintiffs "were aware of the requirements of PTO 236, and received the Court's orders. Thus, the first factor weighs in favor of dismissal.").

**Prejudice to the Adversary.** Defendants have sought threshold information from each individual Plaintiff in this litigation for more than fifteen years, including whether Plaintiffs' claims are time-barred. ECF No. 911 at 1. Requiring Defendants to continue litigating a claim for which Plaintiff has not provided—and has withdrawn—a statement that there is a good faith basis to assert that the claim is not barred by the statute of limitations is precisely the type of burden that *Lone Pine* orders are intended to eliminate. *See In re Asbestos Prods. Liab. Litig.*, 543 F. App'x 202, 206 (3d Cir. 2013) (affirming dismissal where plaintiffs' failure to produce required exposure evidence "delayed the progress of their cases and unduly burdened the defendants").

**Effectiveness of Remedies Other than Dismissal.** No sanction other than dismissal is warranted. The Order itself prescribes dismissal with prejudice for non-compliance, ECF No. 911 ¶ A.3, and Plaintiff was on notice of that consequence when his counsel withdrew the declaration. Plaintiff's counsel has advised that Plaintiff does not oppose dismissal, and nothing in the record suggests that a lesser sanction or additional time would yield the required statement. *See, e.g.*, *In re Avandia*, 319 F.R.D. at 486 (granting dismissal with prejudice where "[t]he Court has repeatedly warned that failure to comply with its orders may result in dismissal . . . and at this juncture the Court cannot contemplate an effective alternative sanction").

**Meritoriousness of Plaintiff's Claims.** Plaintiff's claims, which are based on events occurring in the early 1960s, have been pending for more than a decade. ECF No. 911 at 1. Paragraph A.1.v required a verified statement, made after reviewing this Court's summary judgment decisions (ECF Nos. 256, 265, 371) and the Third Circuit's decision affirming summary judgment, that there is a good faith basis to assert that Plaintiff's claims are not time-barred. That statement is not before the Court, and the record therefore provides no basis to conclude that Plaintiff's claims can overcome the limitations defense. Defendants do not speculate as to the reasons for the withdrawal. But the Order made the statement a condition of proceeding, and its absence—together with Plaintiff's non-opposition—weighs in

favor of dismissal. *Cf. In re Avandia*, 319 F.R.D. at 486 (finding meritoriousness factor favored dismissal where repeated failure to produce a required report supported the inference that the claims lacked merit).

**History of Dilatoriness and Willfulness of Conduct.** Defendants do not ascribe any ill motives to Plaintiff or his counsel and acknowledge that these factors are largely neutral. However, as this Court explained, the Order "require[d] only that Plaintiffs provide information that should have been obtained ***before*** suit was filed, and to verify allegations in their Complaints." ECF No. 911 at 2 (emphasis added). That is because a "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries" before filing suit. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of Plaintiff William Tyler III with prejudice for non-compliance with the Court's May 27, 2026 Order (ECF No. 911) and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the *Poulis* factors, and enter final judgment in favor of Defendants as to Plaintiff pursuant to Rule 54(b).

Dated: October 15, 2026

Respectfully submitted,

*/s/ Daniel S. Pariser*
Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Daniel A. Spira*
Michelle A. Ramirez (*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400

Chicago, Illinois 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, the foregoing document was filed electronically and is available for viewing and downloading from the CM/ECF system. I also certify that a true and correct copy of the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF. A true and correct copy of the foregoing document is also being served this day on the following by electronic mail:

Terrie Bolton
tmixon922@gmail.com

John Marshall
jmarshall.marshall9@gmail.com

Carolyn Sampson
cafsampson@gmail.com

*/s/ Daniel S. Pariser*