**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GLENDA JOHNSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION, et al.,<br><br>Defendants. | Case No. 2:11-cv-05782-PD<br><br>AND ALL RELATED CASES<br><br>*This Document Relates to:*<br><br>*Brust, et al. v. Avantor Performance Materials, et al.*, No. 13-cv-00758 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO DISMISS THE CLAIMS OF DORIS BRUST**

Defendants respectfully move to dismiss with prejudice the claims of Plaintiff Doris Brust, who failed to submit a response to this Court's *Lone Pine* Order (the "Order"), entered May 27, 2026. Doc. No. 911. The Order required each Plaintiff to submit a declaration attesting, in part, to their purported injuries and a declaration from an expert witness. *Id.* at 3–5. The Order further instructed that the claims of any Plaintiffs who did not serve the required declarations "shall be dismissed with prejudice." *Id.* at 5. The ninety-day deadline expired on August 25, 2026. Plaintiff did not submit any response to the Order, so her claims should be dismissed for failure to comply. *See* Fed. R. Civ. Pro. 41(b); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984).

## I. THE COURT'S ORDER

The Order required the remaining Plaintiffs, as identified in Appendix A, to serve on Defendants, within ninety days, two declarations:

1) A declaration by each Plaintiff identifying the injuries allegedly caused by thalidomide exposure, a verified statement that the declarant has a good faith basis under Rule 11 to assert in utero thalidomide exposure with supporting facts, and a verified statement that—after reviewing this Court's summary judgment decisions—the declarant has a good faith basis to assert the claims are not time barred; and
2) An expert declaration providing the declarant's curriculum vitae or statement of qualifications, affirming that the expert reviewed Plaintiff's medical records and testimony, and opining to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide in utero and that such exposure caused Plaintiff's injuries.

Doc. No. 911 at 3-5. Plaintiff was not listed on Appendix A; however, that omission was a simple administrative oversight due to Hagens Berman's representation, before the Order was entered, that it intended to dismiss Plaintiff's claims. Ex. A. Hagens Berman, who has remained counsel for Plaintiff, did not timely move to dismiss but confirmed after the Order was entered that the firm "should have listed

Ms. Brust" among its clients who were not providing *Lone Pine* declarations and that the firm would not oppose Defendants' motion to dismiss. Ex. B.

## II. DISMISSAL IS WARRANTED UNDER RULE 41(B) AND THE *POULIS* FACTORS

Before imposing a sanction for failure to comply with a court order and failure to prosecute, courts in the Third Circuit "must consider" the six factors that the Third Circuit set out in *Poulis*: (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. 747 F.2d at 868; *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) ("Courts in the Third Circuit must consider the [*Poulis*] [] factors before dismissing a case based on failure to comply[]"). "Not all factors need to be satisfied" for dismissal, and a court need not "explicitly weigh all of the factors" before dismissing. *In re Avandia*, 687 F. App'x 210, 213–14 (3d Cir. 2017) (citation omitted); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246, 248 (3d Cir. 2013) (same).

Each factor confirms that dismissal is warranted here, where Plaintiff served nothing in response to the Order.

**Personal responsibility and history of dilatoriness.** Plaintiff and her counsel were served with the Order and had ninety days to respond. She did not submit any declaration, expert report, or other filing. This is not an isolated lapse

but the culmination of a "history of dilatoriness" this Court has already documented over the life of this litigation. (Doc. No. 911 at 1–2); *see In re Asbestos Prods. Liab. Litig.*, 543 Fed. App'x 202, 206 (3d Cir. 2013) (affirming dismissal where plaintiffs' failure to produce required exposure evidence "delayed the progress of their cases and unduly burdened the defendants").

**Prejudice to Defendants.** Defendants have sought this threshold causation evidence for fifteen years. Continued litigation of claims for which not even minimal proof has been offered would impose exactly the burden the Order was designed to eliminate. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (inaction "frustrates and delays the resolution of this action" and constitutes prejudice).

**Effectiveness of sanctions other than dismissal.** Lesser sanctions would serve no purpose. Plaintiff had ninety days to comply and did not do so. There is no reason to believe a further deadline would produce a different result. *See In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021) ("no lesser sanction is warranted in light of Plaintiffs' inability to produce expert evidence central to both their case and Defendants' ability to prepare a defense in a timely manner").

**Meritoriousness of the claims.** The total absence of any responsive submission permits the inference that Plaintiff lacks the threshold evidence

necessary to support her claims. *See In re Avandia*, 319 F.R.D. at 486 (failure to produce required expert support supports the inference that the claim lacks merit).

**Willfulness.** Defendants do not ascribe bad motive to Plaintiff, but the complete failure to respond to a direct court order reflects, at minimum, a disregard of the Court's directive. Even if this factor is neutral, dismissal remains warranted on balance under the remaining *Poulis* factors. *See In re Avandia*, 319 F.R.D. at 486 (dismissing with prejudice where every factor except bad faith weighed heavily in favor of dismissal). Because the *Poulis* factors, on balance, confirm that dismissal is warranted, the Court should enforce the Order and dismiss Plaintiff's claims with prejudice.

## CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court dismiss with prejudice the claims of Plaintiff Doris Brust. Defendants further request that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b) as to Plaintiff's claims.

Dated: November 11, 2026

Respectfully submitted,

*/s/ Daniel S. Pariser*

Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001

Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Daniel A. Spira*

Michelle A. Ramirez (*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE & BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*