# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENDA JOHNSON and STEVEN LUCIER,<br>Plaintiffs,<br>v.<br>SMITHKLINE BEECHAM CORPORATION, *et al.*,<br>Defendants. | Case No. 2:11-cv-05782-PD<br>AND ALL RELATED CASES |

**PLAINTIFF TERRIE BOLTON'S RESPONSES TO DEFENDANT GLAXO-SMITHKLINE LLC'S FIRST SET OF INTERROGATORIES TO ALL PLAINTIFFS**

Under Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Terrie Bolton provides the following responses to defendant GlaxoSmithKline LLC's first set of interrogatories to all Plaintiffs.

**GENERAL OBJECTIONS**

1. Plaintiff objects to the Definitions and Instructions in Defendants' Requests insofar as they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure.

2. The information contained in these Objections and Responses is being provided in accordance with Fed. R. Civ. P. 26(b)(1), which permits parties to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that is reasonably calculated to lead to the discovery of admissible evidence that is relevant to any party's claim or defense.

3. The information supplied in these Responses is made solely with reference to the personal knowledge of Plaintiff as to Plaintiff's actions and upon information and belief with

respect to the facts alleged in the Complaint. Plaintiff objects to the Instructions to the extent those Instructions request responses beyond the scope of this objection.

4. Plaintiff objects to any and all Interrogatories propounded to the extent those Interrogatories seek identification of documents or information protected from discovery by any privilege, including but not limited to the attorney-client privilege and work product doctrine. No such privileged or protected information will be disclosed, and any inadvertent disclosure shall not be deemed a waiver of any privilege with respect to any such information.

5. Plaintiff objects to all Interrogatories to the extent they are vague, ambiguous, overly broad, overly burdensome, seek information irrelevant and/or immaterial to the issues to be tried, or are not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to Defendants' definition of "related to" as "directly or indirectly mentioning or describing, pertaining to, being connected with, or reflected upon a stated subject matter." That definition is overbroad, vague, and ambiguous.

7. Plaintiff objects to Defendants' definition of "Identification" or "identify" as requiring Plaintiff to provide the form or manner of an organization and the state of its incorporation (if incorporated) and the address of its principal place of business, because Defendants are equally capable of researching that information for any such entity.

8. Plaintiff objects to Defendants' definition of "Identification" or "identify" as requiring Plaintiff to identify every "person having knowledge of its contents or whereabouts," as overbroad. Plaintiff also objects to subpart "e" at the top of page 3, because it is truncated and unintelligible. In addition, to the extent Plaintiff produces a document that is in response to the Interrogatories, Defendants can discern from the document itself the information it seeks.

9. These Responses are based upon information currently known to Plaintiff and/or in Plaintiff's possession, custody or control. Plaintiff reserves the right to timely supplement these Responses upon the discovery of additional responsive information and, as permitted, to make further objections.

10. Plaintiff objects to paragraph B of the "Definitions and Instructions" as overly broad and burdensome, in that it requires Plaintiff to obtain information from "employees, agents, representatives, investigators, or attorneys." Plaintiff will provide information required by the Rules of Civil Procedure. Plaintiff further objects to paragraph B in that it seeks information in Defendants' own possession or more easily obtainable from Defendants.

11. Plaintiff objects to paragraph C to the extent it requires Plaintiff to "explain why the plaintiff is unable to respond further." The Rules do not require Plaintiff to provide such an explanation.

12. Plaintiff objects to paragraphs I-L to the extent Defendants seek detailed information about persons with whom Plaintiff has had little or no personal contact or events that occurred over decades or even before Plaintiff was born. Notwithstanding this objection, Plaintiff will provide as much information as is reasonably within [his or her] grasp.

13. Plaintiff objects to Paragraph O to the extent it seeks privileged communications and imposes obligations greater than those imposed by the Federal Rules of Civil Procedure, the Civil Local Rules or the applicable Standing Orders and Orders of this Court concerning any claim of privilege.

14. These General Objections are incorporated in each of Plaintiff's responses to all of the following Interrogatories as if specifically set forth in each Response. The stating of

specific objections to a particular Interrogatory shall not be construed as a waiver of Plaintiff's General Objections.

**INTERROGATORIES AND RESPONSES**

**INTERROGATORY NO. 1:**

Identify all persons who have any knowledge concerning whether your mother took thalidomide.

**ANSWER:**

No living person.

**INTERROGATORY NO. 2:**

Identify, including by case number, venue, and Judge, all lawsuits filed in state or federal court in which you have been involved, or are currently involved in any capacity (including but not limited to as a party, class member, or witness).

**ANSWER:**

Personal injuries claim against La Quinta Hotel in about 2007 in Chicago, Illinois.

Personal injuries claim in around 2003 in Chicago, Illinois State Court.

Discrimination claim early 1990s against employer, Quaker Oats in Chicago.

Worker's compensation about 1989 against American Express Travel, Chicago.

Plaintiff does not recollect any other lawsuit.

**INTERROGATORY NO. 3:**

Please identify the following individuals:

(a) Your mother;

(b) Your father; and

(c) The healthcare provider(s) who treated your mother during the course of her pregnancy that resulted in your birth, and her labor and delivery of you.

**ANSWER:**

(a) Hortensia Bolton – deceased

(b) Frenchie Bolton – deceased

(c) Plaintiff does not know.

**INTERROGATORY NO. 4:**

Have you, a family member, or someone else you know communicated with any person or entity about whether your injuries were caused by exposure to thalidomide, and/or whether your mother took thalidomide while pregnant with you? If so, identify each such communication.

**ANSWER:**

When Plaintiff was in her early 20s, mother told Plaintiff she had taken a pill for morning sickness.

**INTERROGATORY NO. 5:**

Has any healthcare provider or any other individual ever evaluated you to determine whether your injuries were caused by or otherwise related to exposure to thalidomide? If so, identify the healthcare provider or any other individual and describe in detail the screening and its results.

**ANSWER:**

No.

**<u>INTERROGATORY NO. 6</u>:**

Please identify all injur(ies) you claim to have developed or believe you may develop as a result of exposure to thalidomide – including but not limited to physical, mental, emotional, or psychological injuries – and, state how and when you first became aware of it.

**<u>ANSWER</u>:**

Objection, calls for expert medical opinion. Plaintiff is not a physician. Without waiving the objection, Plaintiff responds:

Right hand had three fingers only.

Had left club foot with three toes.

Right foot had four toes.

Left arm malformed.

**<u>INTERROGATORY NO. 7</u>:**

Please identify each and every healthcare provider who has provided treatment for or relating to the injuries that you allege are a result of exposure to thalidomide, including but not limited to any psychological, mental, or emotional injury.

**<u>ANSWER</u>:**

Wesley Medical Center (fka Methodist Hospital)
5001 Hardy Street
Hattiesburg, MS 39402
(601) 268-8000

Ann & Robert H. Lurie Children's Hospital of Chicago (formerly The Children's Memorial Hospital)
225 East Chicago Avenue
Chicago, IL 60611

Lalit Puri, MD
Northwestern Memorial Hospital
251 E. Huron

Chicago, IL 60611
(312) 926-3375

Douglas Hartzler, MD
Arizona Orthopaedic Associates
690 N Cofco Center Ct, Ste. 290
Phoenix, AZ 85008
(602) 631-3161

**<u>INTERROGATORY NO. 8</u>:**

Please identify any and all federal or state disability claim(s) that you have made in connection with the injuries that you identified in response to Interrogatory Nos. 6 and 7, and any other illness or injury, including but not limited to psychological, mental, or emotional illnesses.

**<u>ANSWER</u>:**

Federal disability since plaintiff was 18 from time to time.

**<u>INTERROGATORY NO. 9</u>:**

Identify any websites you have visited or any other source you have used to learn about, discuss, or comment on thalidomide, thalidomide-related injuries, or any other health- or disability-related support groups.

**<u>ANSWER</u>:**

Plaintiff has looked at websites concerning thalidomide, but she does not recollect specific sites or times.

DATED: November 5, 2013

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *\/s/ Steve W. Berman*
Steve W. Berman (*Admitted Pro Hac Vice*)
Craig R. Spiegel (Admitted Pro Hac Vice)
Nick Styant-Browne (Admitted Pro Hac Vice)
1918 Eighth Avenue, Suite 3300
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
craig@hbsslaw.com
nick@hbsslaw.com

*Attorneys for Plaintiffs*

SPECTOR, ROSEMAN, KODROFF & WILLIS, P.C.
Jeffrey L. Kodroff (PA Bar No. 55780)
John Macoretta (PA Bar No. 60094)
Mary Ann Geppert (PA Bar No. 92644)
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611
Email: jkodroff@srkw-law.com
jmacoretta@srkw-law.com
mgeppert@srkw-law.com

*Attorneys for Plaintiffs/Local Counsel*

Of Counsel:

GORDON LEGAL
Peter Gordon (Pro Hac Vice application to be filed)
360 Collins Street
Melbourne, Victoria, Australia 3000

*Attorneys for Plaintiffs*

**VERIFICATION**

I, Terrie Bolton, declare under penalty of perjury that all of the information provided in my Responses To Defendants GlaxoSmithKline LLC's First Set of Interrogatories To All Plaintiffs are true and correct to the best of my knowledge.

Executed this __ day of ____________, 2013.

________________________________
Terrie Bolton

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2013, I caused a copy of the foregoing document to be served on counsel for the Defendants listed below by email and regular mail.

/s/ Steve W. Berman
Steve W. Berman

Michael T. Scott
Sandra M. Di Iorio
Bailey E. Axe
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
mscott@reedsmith.com
sdiiorio@reedsmith.com
baxe@reedsmith.com

*Counsel for Defendants GlaxoSmithKline LLC and GlaxoSmithKline Holdings (Americas) Inc.*

Kenneth A. Murphy
**DRINKER BIDDLE & REATH LLP**
One Logan Square
Suite 2000
Philadelphia, PA 19103
Telephone: (215) 988-2837
Facsimile: (215) 988-2757
kenneth.murphy@dbr.com

Anand Agneshwar
Bruce Kelly
**ARNOLD & PORTER LLP**
399 Park Avenue
New York, NY 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
anand.agneshwar@aporter.com
bruce_kelly@aporter.com

Albert G. Bixler
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone: (215) 851-8100
Facsimile: (215) 851-1420
abixler@eckertseamans.com

Sara J. Gourley
Eugene A. Schoon
Craig A. Knot
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
sgourley@sidley.com
eschoon@sidley.com
cknot@sidley.com

*Counsel for Defendant Grünenthal GmbH*

Daniel S. Pariser
**ARNOLD & PORTER LLP**
555 12th Street NW
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
daniel_pariser@aporter.com

*Counsel for Defendant*
*Sanofi-Aventis U.S. LLC*