**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GLENDA JOHNSON, et al.,

Plaintiffs,

v.

SMITHKLINE BEECHAM CORPORATION, et al.,

Defendants.

Case No. 2:11-cv-05782-PD

AND ALL RELATED CASES

*This Document Relates to:*

*Spence, et al. v. Avantor Performance Materials, et al.*, No. 5:12-cv-04542

---

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CLAIMS OF PLAINTIFF MARK HARRELSON

# TABLE OF CONTENTS

INTRODUCTION ....................1

I. THE *LONE PINE* ORDER CONTAINS SPECIFIC REQUIREMENTS ......2

II. PLAINTIFF'S SUBMISSION DOES NOT COMPLY WITH THE ORDER ....................3

A. Dr. Stephens's Reports and Supplemental Letter Are Deficient ..........4

1. Dr. Stephens Did Not Review Fact Witness Testimony, or All of Plaintiff's Available Medical Records....................4

2. Dr. Stephens Did Not Declare Under Penalty of Perjury That Plaintiff Was Exposed to Thalidomide ....................7

III. THE *POULIS* FACTORS SUPPORT DISMISSAL....................9

CONCLUSION....................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acuna v. Brown & Root Inc.*,
1998 WL 35283824 (W.D. Tex. 1998)....15

*Acuna v. Brown & Root Inc.*,
200 F.3d 335 (5th Cir. 2000)....9, 15

*In re Asbestos Prods. Liab. Litig.*,
543 F. App'x 202 (3d Cir. 2013)....13

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
718 F.3d 236 (3d Cir. 2013)....*passim*

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
319 F.R.D. 480 (E.D. Pa. 2017)....12, 13, 14

*In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*,
687 F. App'x 210 (3d Cir. 2017)....9, 10, 11

*Avila v. Willits Env't Remediation Tr.*,
633 F.3d 828 (9th Cir. 2011)....9

*Dier v. Merck & Co. (In re Vioxx Prods. Liab. Litig.)*,
388 F. App'x 391 (5th Cir. 2010)....9

*In re Diet Drugs Prods. Liab. Litig.*,
30 F. App'x 27 (3d Cir. 2002)....9

*Elcock v. Kmart Corp.*,
233 F.3d 734 (3d Cir. 2000)....7

*Gieniec v. Smith*,
No. 3:09-cv-02330, 2011 WL 6130723 (M.D. Pa. Dec. 8, 2011)....11

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
496 F.3d 863 (8th Cir. 2007)....9

*Johnson v. SmithKline Beecham Corp.*,
55 F. Supp. 3d 603 (E.D. Pa. 2014)....8, 14

*Kuykendall v. Accord Healthcare, Inc., (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F.3d 351 (5th Cir. 2020) ....................9

*Lopez v. Cousins*, 435 F. App'x 113 (3d Cir. 2011) ....................11

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) ....................*passim*

*Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408 (3d Cir. 2002) ....................8

*Washington v. Erwin*, No. CV 14-1527, 2016 WL 4440327 (E.D. Pa. Aug. 22, 2016) ....................11

*In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069 (E.D. La. Feb. 10, 2021), *reconsideration denied*, 2021 WL 1212538 (E.D. La. Mar. 31, 2021) and *appeal dismissed sub nom. Brown v. Janssen Rsch. & Dev., L.L.C.*, 2021 WL 8322124 (5th Cir. July 30, 2021)....................9, 14

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 23-1032, 2024 WL 3423709 (3d Cir. July 16, 2024) ....................6

**Statutes**

28 U.S.C. § 1746....................3, 7, 8

## INTRODUCTION

Defendants move to dismiss with prejudice the claims of Plaintiff Mark Harrelson because he failed to comply with the requirements of this Court's May 27, 2026, *Lone Pine* Order (ECF No. 911) (the "Order"). The Order required each Plaintiff to submit a declaration from an expert witness. *Id.* at 3-5. The Court was unequivocal that the declaration needed to opine on or make an attestation about a few specific topics. *Id.* The Order further instructed that the claims of any Plaintiff who did not serve the required declaration within ninety days of the Order "shall be dismissed with prejudice." *Id.* at 5. The materials Plaintiff submitted in response to the Order do not satisfy the Order's requirements.

Most significantly, Plaintiff's expert, Dr. Trent Stephens, expressly states that he did not review the testimony of fact witnesses in Plaintiff's case, a clear departure from the requirements in the Order. Additionally, the only opinion Dr. Stephens offered under penalty of perjury is that Plaintiff's abnormalities are "consistent with" thalidomide embryopathy and, "given an assumption of thalidomide exposure," were "far more likely than not" caused by thalidomide. ECF No. 934 at 48, 51. Dr. Stephens did not opine under penalty of perjury that he believes to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide *in utero* and that such exposure caused his injuries, as the Order required.

These deficiencies are particularly telling because Plaintiff is not relying solely on an expert opinion prepared years before the Order existed. After the Court entered the Order, Dr. Stephens prepared new materials specifically for this Submission—an August 17, 2026 Updated Report and an August 23, 2026 Supplemental Letter—with the Order setting out the expert requirements in hand. ECF No. 934 at 47, 71-72. Dr. Stephens thus had every opportunity to address each element the Order requires. He still did not do so. The most reasonable inference is that he could not, because the evidence needed to satisfy the Order does not exist.

Plaintiff's claims should therefore be dismissed with prejudice.

## I. THE *LONE PINE* ORDER CONTAINS SPECIFIC REQUIREMENTS

On May 27, 2026, fifteen years after the first of these cases was filed, this Court entered the *Lone Pine* Order now at issue, requiring all remaining Plaintiffs to come forward with threshold evidentiary support for their claims. ECF No. 911 at 1-2.

The Order required Plaintiff to serve on Defendants, among other things, the following declaration:

1) An expert declaration that:

    a. Contains the expert's curriculum vitae or statement of qualifications;

b. Affirms that the expert reviewed Plaintiff's medical records and testimony; and

c. Opines to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide *in utero* and that such exposure caused his injuries.

ECF No. 911 at 3-5. The declaration was required to meet "the requirements of 28 U.S.C. § 1746"—that is, to be made under penalty of perjury. *Id.* ¶ A.2. The Court's directive was unequivocal: "The claims of any Plaintiff listed in Appendix A who fails to comply with the requirements set forth in Paragraphs 1 and 2 of this Order within ninety (90) days from the date of this Order ***shall be dismissed with prejudice***." *Id.* ¶ A.3 (emphasis added). The ninety-day deadline expired on August 25, 2026.

## II. PLAINTIFF'S SUBMISSION DOES NOT COMPLY WITH THE ORDER

On August 24, 2026, Plaintiff submitted a response to the Order, which included several documents from Dr. Stephens: (1) a July 18, 2014 report prepared at the request of Plaintiff's prior counsel (the "2014 Report"); (2) an August 17, 2026 "Updated Report" adopting the 2014 Report (together with the 2014 Report, the "Stephens Reports"); (3) Dr. Stephens's curriculum vitae; and (4) an August 23, 2026 Supplemental Letter from Dr. Stephens ("Supplemental Letter"). ECF No. 934

at 1, 12, 14 ("Submission"). Plaintiff's failure to comply with the expert declaration requirements of the Order warrants dismissal with prejudice.

### A. Dr. Stephens's Reports and Supplemental Letter Are Deficient

Dr. Stephens's submissions do not satisfy the requirements of Paragraph A.2 of the Order for two reasons. Each failure is particularly significant because Dr. Stephens did not merely resubmit a decade-old report drafted before the Order was entered. In August 2026, after the Order issued, he prepared both the Updated Report and the Supplemental Letter that Plaintiff submitted, and he did so after Plaintiff sent him the Order setting out the expert requirements. Submission at 47, 71–72. Indeed, the Supplemental Letter purports to respond to the Order's requirements one by one. *Id.* at 71–73. Dr. Stephens therefore knew exactly what the Order required and had a fresh opportunity to provide it. His submissions nonetheless fall short on each of the following elements.

#### 1. Dr. Stephens Did Not Review Fact Witness Testimony, or All of Plaintiff's Available Medical Records

The Order requires an expert to affirm that he "has reviewed and considered the available evidence, including Plaintiff's medical records produced ***and any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case***." ECF No. 911 ¶ A.2.v (emphasis added). Dr. Stephens did not make that affirmation.

As an initial matter, Dr. Stephens did not affirm that he reviewed Plaintiff's deposition testimony. He states only that he relied on "the medical records provided

[to] me" and his July 15, 2014 examination of Plaintiff. Submission at 48–49. His opinion thus is given with no knowledge whatsoever of what Plaintiff testified to at his deposition. Accordingly, he did not comply with the Order's requirements.

Additionally, he did not affirm that he reviewed the testimony of another fact witness in this case, Plaintiff's brother Rodney Harrelson. In fact, Dr. Stephens affirmatively disclaimed reviewing any fact witness testimony. In his August 2026 Supplemental Letter, responding to the Order's requirement that he review "any testimony given by Plaintiff and other fact witnesses in the Plaintiff's case," Dr. Stephens states, "[i]t is my opinion that it is not ethical for me, as an expert witness, to examine 'other fact witnesses in the Plaintiff's case,'" and that he has "not done so in this case." ECF No. 911 ¶ A.2.v; Submission at 72.

This is not a minor technicality. The testimony of Plaintiff and his brother directly addresses the question of whether Plaintiff's mother ever ingested thalidomide. Rodney Harrelson testified that their mother told him that "she just got some sleeping pills from the hospital." Ex. 1 (May 30, 2014 Dep. of Rodney H. Harrelson III) ("R. Harrelson Dep.") at 45:16-22. She did not tell him how much she took or when during the pregnancy she took it. *Id.* at 46:16-25. He never saw her take it. *Id.* at 47:1-3. She did not tell him how she knew the pills were purportedly thalidomide, what they looked like, how they were packaged, or whether they were prescribed. *Id.* at 109:21–111:4. Plaintiff, for his part, testified that, apart

from brief second-hand statements from his aunt and brother, he knows nothing about the circumstances under which his mother allegedly took thalidomide or where she might have gotten it. Submission at 37–43 (May 28, 2014 Dep. of Mark A. Harrelson ("M. Harrelson Dep.") at 187:7–193:8). Without reviewing this testimony—given under penalty of perjury—Dr. Stephens lacks the requisite knowledge to offer an expert opinion as to Plaintiff's alleged thalidomide exposure. *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, No. 23-1032, 2024 WL 3423709, at *3 (3d Cir. July 16, 2024) (recognizing a court's authority to dismiss cases for non-compliance with a *Lone Pine* order); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246-48 (3d Cir. 2013) (affirming dismissal and making clear that a submission's mere existence does not satisfy a *Lone Pine* order when its substance does not supply the required showing). Dr. Stephens's professed (and unexplained) view that the review this Court ordered would be unethical does not excuse compliance.

The Order also requires an expert to have "reviewed and considered the available evidence." ECF No. 911 ¶ A.2.v. Dr. Stephens did not do so. He states that he relied on "the medical records provided me," but does not identify which records he was provided, Submission at 48-49, 73, leaving it unknown whether he reviewed all of Plaintiff's medical records obtained in this case. An expert whose review is limited to a potentially selective sample of medical records—and who

refuses to consider the sworn testimony in the case—has not "reviewed and considered the available evidence" as the Order requires. *See In re Asbestos*, 718 F.3d at 244-46 (affirming dismissals where plaintiffs' expert submissions on exposure were not "based upon objective and subjective data" as required by the court's *Lone Pine* order); *Elcock v. Kmart Corp.*, 233 F.3d 734, 755 (3d Cir. 2000) (expert opinion without adequate factual foundation is inadmissible).

**2. Dr. Stephens Did Not Declare Under Penalty of Perjury That Plaintiff Was Exposed to Thalidomide**

The Order requires an expert declaration, "meeting the requirements of 28 U.S.C. § 1746," in which the expert states "to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide *in utero*, which caused Plaintiff's injuries." ECF No. 911 ¶¶ A.2, A.2.v. The only document Dr. Stephens signed under penalty of perjury is his August 17, 2026 Updated Report, in which he declares that "the information I gave in 2014 and the information I give in the current report is correct," and states that he "agree[s] completely with the conclusions I presented 18 July 2014." Submission at 47, 51. But the 2014 Report contains no opinion that Plaintiff was exposed to thalidomide. Rather, Dr. Stephens states that he was asked "to review the congenital malformations exhibited by Mr[.] Mark Harrelson to determine if his defects are ***consistent with*** those seen in thalidomide embryopathy," and he was "asked to ***assume*** that Mr[.] Harrelson was exposed to thalidomide during the critical period *in utero*." *Id.* at 48 (emphasis added). His conclusion is

expressly conditioned on that assumption: "it is my opinion that, ***given an assumption of thalidomide exposure in this case***, it is far more likely than not that Mr[.] Harrelson's congenital defects were the result of thalidomide exposure than some other random event." *Id.* at 51 (emphasis added).[1]

This is materially different from the required attestation that an expert opines to a reasonable degree of medical certainty that a plaintiff ***was exposed*** to thalidomide and that such exposure caused his injuries. An opinion that defects are "consistent with" thalidomide embryopathy if exposure is "assume[d]" is not an opinion that exposure occurred. Indeed, this Court has already rejected precisely this reasoning from this very expert. *See Johnson v. SmithKline Beecham Corp.*, 55 F. Supp. 3d 603, 612 (E.D. Pa. 2014) ("Dr. Stephens's assumption is not evidence that Plaintiff's mother took thalidomide early in her pregnancy."); *see also Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 414 (3d Cir. 2002) ("It is an abuse of discretion to admit expert testimony which is based on assumptions lacking any factual foundation in the record."). Because Dr. Stephens did not declare under

[1] Dr. Stephens's August 23, 2026 Supplemental Letter states that he "can state to a reasonable degree of medical certainty that Mr. Harrelson was exposed in or about May 1962 to thalidomide *in utero*, which caused his injuries as identified in the Declaration." Submission at 73; *see also id.* at 76. However, the Supplemental Letter is not a declaration. It is an unsworn letter that is not made under the penalty of perjury as 28 U.S.C. § 1746 and the Order require. *See id.* at 71-76; ECF No. 911 ¶ A.2. Therefore, the Court should not consider it in assessing Plaintiff's compliance with the Order.

penalty of perjury that, to a reasonable degree of medical certainty, Plaintiff was exposed to thalidomide *in utero* and that such exposure caused his injuries, the Stephens Reports do not meet the requirements of the Order.

## III. THE *POULIS* FACTORS SUPPORT DISMISSAL

Federal Rule of Civil Procedure 41(b), which permits dismissal when a plaintiff "fails . . . to comply with . . . a court order," provides the framework here. Applying Rule 41(b), courts routinely dismiss cases when plaintiffs do not or cannot comply with *Lone Pine* orders requiring them to produce sufficient proof to substantiate their claims. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 687 F. App'x 210, 212 n.3 (3d Cir. 2017) (affirming dismissal of case where plaintiff did not produce expert report opining "that a particular plaintiff's injury was caused by ingestion of Avandia" in compliance with case management order); *In re Asbestos*, 718 F.3d at 248 (affirming dismissal of cases for non-compliance with *Lone Pine* order requiring proof of medical diagnoses and detailed exposure history); *In re Diet Drugs Prods. Liab. Litig.*, 30 F. App'x 27, 30 (3d Cir. 2002) (affirming dismissal with prejudice for non-compliance with discovery order to designate case-specific experts).[2]

---

[2] *See also Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833-34 (9th Cir. 2011) (affirming dismissals of cases where plaintiffs failed to comply with *Lone Pine* order requiring prima facie showing of exposure and causation); *Kuykendall v. Accord Healthcare, Inc., (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 966 F.3d 351, 358-59 (5th Cir. 2020) (affirming dismissal with prejudice for failure to provide

In this Circuit, when a plaintiff does not comply with a *Lone Pine* order and dismissal is sought as a sanction, district courts apply the six-factor balancing test set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868-70 (3d Cir. 1984). *See, e.g.*, *In re Avandia*, 687 F. App'x at 213 (citing *Poulis*, 747 F.2d at 868-70); *In re Asbestos*, 718 F.3d at 246 (same). Those factors are "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) a history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim." *In re Avandia*, 687 F. App'x at 213 (internal citation omitted). "Not all factors need to be satisfied for the District Court to dismiss a complaint," and "a District Court need not explicitly weigh all of the factors before dismissing a complaint." *Id.* at 213-14 (internal quotation marks and citations omitted).

---

completed fact sheet detailing personal and medical history pursuant to case management order); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007) (same); *Dier v. Merck & Co. (In re Vioxx Prods. Liab. Litig.)*, 388 F. App'x 391, 398 (5th Cir. 2010) (affirming dismissal of cases for failure to comply with *Lone Pine* order requiring Rule 26(a)(2) expert report attesting that plaintiffs had injuries caused by Vioxx); *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340-41 (5th Cir. 2000) (affirming dismissal of over 1,000 cases for failure to provide expert affidavits that complied with case management orders); *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021), *reconsideration denied*, 2021 WL 1212538 (E.D. La. Mar. 31, 2021) and *appeal dismissed sub nom. Brown v. Janssen Rsch. & Dev., L.L.C.*, 2021 WL 8322124 (5th Cir. July 30, 2021) (dismissing case with prejudice for failure to comply with *Lone Pine* order requiring expert affidavits establishing a prima facie case of causation).

Multiple *Poulis* factors—particularly personal responsibility, prejudice to the adversary, the effectiveness of sanctions other than dismissal, and the meritoriousness of the claims—weigh heavily in favor of dismissal of Plaintiff's claims, while the others are largely neutral. *See Washington v. Erwin*, No. CV 14-1527, 2016 WL 4440327, at *4 (E.D. Pa. Aug. 22, 2016) (dismissing with prejudice where "three of the *Poulis* factors—personal responsibility, unavailability of alternative sanctions, and meritoriousness of claims—weigh strongly in favor of dismissal[,] a fourth factor—willfulness—weighs somewhat in favor of dismissal[,] and the remaining two factors—prejudice and a history of dilatoriness—are largely neutral").

**Personal Responsibility.** As a *pro se* litigant, Plaintiff is solely responsible for prosecuting his claims. *See Lopez v. Cousins*, 435 F. App'x 113, 116 (3d Cir. 2011) ("As a general rule, a pro se litigant is responsible for his failure to comply with court orders."); *see also Gieniec v. Smith*, No. 3:09-cv-02330, 2011 WL 6130723, at *1 (M.D. Pa. Dec. 8, 2011) ("Plaintiff is proceeding pro se, and thus is responsible for . . . informing the Court of his address, responding to discovery requests, and complying with Court orders."); *In re Avandia*, 687 F. App'x at 214 ("Because the Mayfields are proceeding pro se, they are personally responsible for their non-compliance."). Plaintiff was plainly aware of the Order's requirements: his Submission tracks each subparagraph of the Order, and he provided Dr. Stephens

with the Order setting out the expert requirements. Submission at 2–12, 71–72. Plaintiff, nonetheless, submitted an expert opinion from an expert who refused to review the testimony the Order required him to consider and who never declared under penalty of perjury that Plaintiff was exposed to thalidomide. As a *pro se* plaintiff, Plaintiff bears responsibility for this non-compliance. *See, e.g.*, *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 319 F.R.D. 480, 485 (E.D. Pa. 2017) (in granting dismissal pursuant to *Lone Pine* order, noting that plaintiffs "were aware of the requirements of PTO 236, and received the Court's orders. Thus, the first factor weighs in favor of dismissal.").

**Prejudice to the Adversary.** Defendants have sought threshold causation evidence from each individual Plaintiff in this litigation for more than fifteen years. Requiring Defendants to continue litigating claims supported only by an expert who ***assumes*** exposure, who has refused to consider the sworn testimony bearing on exposure, and who reviewed only the unidentified records provided to him is precisely the type of burden that *Lone Pine* orders are designed to eliminate. In *In re Asbestos*, for example, the Third Circuit found that the district court properly considered the *Poulis* factors and dismissed cases with prejudice after determining that the plaintiffs' inability to present an "exposure history necessary to withstand a motion to dismiss . . . delayed the progress of their cases and unduly burdened the

defendants." *In re Asbestos Prods. Liab. Litig.*, 543 F. App'x 202, 206 (3d Cir. 2013).

**Effectiveness of Remedies Other than Dismissal.** No sanction other than dismissal would address the deficiencies here. Additional time would not cure them. Plaintiff has already had the benefit of a new expert submission prepared with the Order's requirements in front of the expert, Submission at 47, 71–73, and that submission still does not satisfy those requirements. Dr. Stephens has made clear that he will not review the testimony of fact witnesses because he considers doing so unethical, *id.* at 73, and he has never declared under penalty of perjury that he believes to a reasonable degree of medical certainty that Plaintiff was exposed to thalidomide, *id.* at 47-51. Plaintiff's inability to produce a compliant expert declaration—even when on notice that non-compliance with the Order would result in dismissal with prejudice, ECF No. 911 ¶ A.3—demonstrates that he lacks the *prima facie* evidence necessary to pursue his claims. *See, e.g.*, *In re Avandia*, 319 F.R.D. at 486 (granting dismissal with prejudice where "[t]he Court has repeatedly warned that failure to comply with its orders may result in dismissal . . . and at this juncture the Court cannot contemplate an effective alternative sanction").

**Meritoriousness of Plaintiff's Claims.** Plaintiff has been pursuing this litigation for more than a decade, first represented by counsel and more recently *pro se*, and has had every opportunity to assemble admissible evidence of exposure and

causation. *See* ECF Nos. 834 at 1 and 835. The record he has assembled confirms that no such evidence exists. No witness has personal knowledge that Plaintiff's mother ingested thalidomide; the only account in the record is a second-hand recollection of a conversation some twenty years before the depositions in which she said she got "some sleeping pills from the hospital," with no information about when, how many, what they looked like, or how she knew they were thalidomide. R. Harrelson Dep. at 37:9-38:14, 45:16-22, 46:16-25, 47:1-3, 109:21-111:4; M. Harrelson Dep. at 188:8-189:19, 191:17-25. Plaintiff's expert, in turn, simply assumes the fact that matters most—exposure—without examining that testimony, and this Court has already held that "Dr. Stephens's assumption is not evidence that Plaintiff's mother took thalidomide." *Johnson*, 55 F. Supp. 3d at 612. Even when given the chance in August 2026 to revisit his opinion with the Order's requirements in hand, Dr. Stephens reaffirmed the 2014 Report's assumption-based conclusion and declined to review the fact testimony bearing on exposure. Submission at 48, 73. "[T]he logical conclusion" from Plaintiff's submission of a deficient expert declaration is that he was unable to find the requisite expert support "because [his] claims lacked merit." *In re Avandia*, 319 F.R.D. at 486; *see also, e.g.*, *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 2021 WL 493069, at *3 (E.D. La. Feb. 10, 2021) (dismissing with prejudice after concluding that "no lesser sanction is warranted in light of Plaintiffs' inability to produce expert evidence central to [] their case");

*Acuna v. Brown & Root Inc.*, 1998 WL 35283824, at *8 (W.D. Tex. 1998) (dismissing claims with prejudice after finding expert affidavits did not comply with *Lone Pine* order and stating that "the court has no choice but to conclude that Plaintiffs are either unwilling or unable to provide the foregoing information and that a sanction less than dismissal would be fruitless").

**History of Dilatoriness and Willfulness of Conduct.** Defendants do not ascribe any ill motives to Plaintiff and recognize that Hagens Berman represented him for much of the duration of this litigation. From that standpoint, Defendants acknowledge that these factors are largely neutral. However, as this Court explained, the Order "require[d] only that Plaintiffs provide information that should have been obtained before suit was filed, and to verify allegations in their Complaints." ECF No. 911 at 2. That is because a "plaintiff should have had at least some information regarding the nature of his injuries, the circumstances under which he could have been exposed to harmful substances, and the basis for believing that the named defendants were responsible for his injuries" before filing suit. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the claims of Plaintiff Mark Harrelson with prejudice for non-compliance

with Paragraph A.2 of the Court's May 27, 2026, Order (ECF No. 911) and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the *Poulis* factors.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Sonja S. Weissman*
Michael T. Scott
Mike Scott Law LLC
1116 Red Rose Lane
Villanova, PA 19085
Telephone: (215) 518-8695

Sonja S. Weissman (*admitted pro hac vice*)
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone: (415) 543-8700

*Counsel for GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas) Inc.*

*/s/ Daniel S. Pariser*
Daniel S. Pariser (*admitted pro hac vice*)
Paige H. Sharpe (*admitted pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

Anand Agneshwar (*admitted pro hac vice*)
Carmela T. Romeo
Pennsylvania Bar No. 313042
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 836-8000
Facsimile: (212) 836-8689

*Counsel for Sanofi-Aventis U.S. LLC*

*/s/ Daniel A. Spira*
Michelle A. Ramirez
(*admitted pro hac vice*)
Daniel A. Spira (*admitted pro hac vice*)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Eugene A. Schoon (*admitted pro hac vice*)
CROKE, FAIRCHILD, DUARTE &
BERES, LLC
180 N. LaSalle St., Suite 3400
Chicago, IL 60601
Telephone: (773) 517-2740

*Counsel for Grünenthal GmbH*